# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### FORT LAUDERDALE DIVISION

**NSA TWO FINANCIAL, LLC**,                              **CASE NO.: 0:17-cv-60155-XXXX**
a Florida limited liability company,

                *Plaintiff, Counter-Defendant*

   v.

**THOMPSON-SMITH & ASSOCIATES, LLC,**
a Florida limited liability company; and
**GEORGIA THOMPSON-SMITH,** individually,

                *Defendants, Counter-Plaintiffs.*

_____/

### <u>PLAINTIFF'S NOTICE OF REMOVAL</u>

Plaintiff, NSA TWO FINANCIAL, LLC ("NTF"), hereby removes the action pending in the Circuit Court in and for Broward County, Florida, Case No. CACE-14-023998 ("State Court Action"), pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027(a). Plaintiff's grounds for removal are as follows:

### <u>INTRODUCTION</u>

Plaintiff removes the State Court Action against accounting firm Thompson-Smith & Associates, LLC ("TSA"), and its principal, Georgia Thompson-Smith. The removed action was brought by NTF, a minority shareholder of TSA, against TSA and Thompson-Smith for, *inter alia*, violations of the TSA's operating agreement. Almost two years after the suit was filed, Thompson-Smith and her husband declared bankruptcy, in large part due to their inability to pay off loans taken out to fund TSA. NTF has complied with all conditions precedent to removing this action which, as discussed below, is a core proceeding that should be adjudicated in federal court.

## BACKGROUND

In January 2014, Defendant Thompson-Smith and NTF executed an operating agreement to form accounting firm Excelsior Tax & Accounting Advisors, LLC ("Excelsior") n/k/a Thompson-Smith & Associates, LLC.[1] Thompson-Smith owned eighty-five percent (85%) of TSA and NTF owned the remaining fifteen percent (15%).

On January 12, 2014, TSA acquired the accounting firm Savetax Financial, Inc. ("Savetax") via a Practice Purchase Agreement ("Agreement") for $450,000.00. At the time, Savetax's president was Mariela Arroyo, Feldman's significant other. Pursuant to the Agreement, Savetax's clients became TSA's. Within months of the acquisition, clients started to complain about TSA's apparent lack of experience and attention to detail. Thompson-Smith also started to avoid Feldman's calls.[2] When finally reached, Thompson-Smith indicated that she felt overwhelmed by the management of TSA. Feldman made multiple attempts to salvage the business relationship. It became clear those attempts were in vain when Thompson-Smith, in violation of TSA's operating agreement, cut-off NTF's access to TSA's books and offices in October 2014.

Since that time, three related lawsuits, discussed *infra*, were filed in Broward County Circuit Court and are being removed to this Court. Subsequently, on October 24, 2016, Thompson-Smith and her husband filed for reorganization under Chapter 13. *See In re Glenville Bevin Smith and Georgia Charmaine Smith*, Case No. 16-24241-LMI. The bankruptcy, in large part, revolves around a Small Business Association loan in the amount of $859,700.00. The loan, personally

---

[1] NTF is managed by Alexander Feldman.
[2] It has since come to NTF's attention that Thompson-Smith may have also routinely and improperly diverted TSA's funds to Thompson-Smith, CPA, LLC, a corporation wholly-owned by Thompson-Smith.

guaranteed by *both* debtors, provided TSA with a majority of its initial funding to purchase Savetax and another accounting practice.

### The State Court Action Removed By This Notice

Based on Thompson-Smith and TSA's actions and violations of the operating agreement, NTF filed this suit on December 19, 2014, for breach of contract, injunctive relief, and violation of Florida Statutes § 605.0410 (regarding records a Florida limited liability company must maintain and a member's right to inspect same). The State Court Action seeks significant money damages. Despite debtors' failure to list them in the bankruptcy petition, NTF and Feldman are potential creditors in the bankruptcy. Defendants have also jointly asserted six (6) counterclaims against NTF. Each counterclaim seeks money damages.

Defendants' unwillingness to provide complete responses to discovery and to comply with court orders has stymied timely adjudication of this action. For example, NTF has filed three motions to compel and the state court entered two orders regarding Defendants' failure to produce documents requested in September 2015. Approximately five (5) hours after the third motion was filed on October 24, 2016, Thompson-Smith filed her Suggestion of Bankruptcy. In the discovery responses that were provided, Thompson-Smith and TSA stated that they each suffered the exact same damages. Defendants claim at least $655,000 in damages including: $405,000 – the amount TSA paid for Savetax;[3] and $250,000 – the alleged value of 250 clients lost by TSA "at $1,000 per client per year." *See* Composite Exhibit "A" at 216-228.

Removal of this matter is proper because it will affect administration of the debtors' estate. Thompson-Smith has significant personal exposure in the instant matter and she has made no effort

---

[3] Pursuant to the Agreement, the total purchase price was $450,000; $405,000 was the initial lump sum payment and the remaining $45,000 was to be paid starting in early 2016. TSA has not paid Savetax since the initial $405,000 payment and is currently in default of the Agreement.

to conceal her intent to directly reap the benefit of any monies recovered by TSA. To administer the debtors' estate while this matter lies unresolved in state court will make it impossible to devise a proper Chapter 13.

### The Other Removed Cases

As noted above, related litigation has also been removed to this Court pursuant to Federal Rule of Bankruptcy 9027 and 11 U.S.C. 1452(a). *See Thompson-Smith & Associate, LLC v. Alexander Feldman*, Case No. 16-13974 CACE 03 ("Feldman Case"); *Thompson-Smith & Associates, LLC v. Mariela Arroyo, Savetax Financial, Inc., Tax Advising Partners, LLC, and Carolyn T. Nicotra*, Case No. CACE-16-002811 ("Arroyo Case"). These cases, filed July 29, 2016, allege, among other things, that Feldman and Mariela Arroyo defrauded Thompson-Smith and TSA by orchestrating the sale of Savetax to TSA with the intent to steal the clients back after the sale. Those allegations are false. Regardless, those cases and the State Court Action are undeniably related to debtors' bankruptcy.

The connection between TSA and Thompson-Smith's interest in the removed cases is further evidenced by TSA's verified motion for leave to file punitive damage claims in the Feldman Case.[4] Specifically, TSA alleged that Thompson-Smith suffered "significant damages" after being "induced . . . into paying $450,000.00" and "put[ting] her life savings on the line to acquire clients". *See* Motion for Leave to Amend [the Complaint] to Assert a Claim for Punitive Damages, attached hereto as Exhibit "B" at 4 ¶¶ 7-8.

---

[4] Debtor Thompson-Smith's estate encompasses her ownership interest in TSA. *See Olmstead v. FTC*, 44 So. 3d 76, 80 (Fla. 2010) ("[A]n ownership interest in an LLC is personal property that is reasonably understood to fall within the scope of 'corporate stock[.]'").

Removal of all three cases is proper and the efficient and timely administration of debtors' bankruptcy will be impossible unless they are adjudicated together in federal court.[5]

## BASIS FOR FEDERAL JURISDICTION

The United States District Court for the Southern District of Florida has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1334(b). Debtors filed for reorganization under Chapter 13 of the United States Bankruptcy Code. This Court has jurisdiction over this matter because the removed pre-petition State Court Action 'arises under' title 11 or 'arises in' the bankruptcy case filed under title 11.[6] The fact that the State Court Action existed prior to the debtors' bankruptcy petition does not divest this Court of 'arising under' jurisdiction pursuant section 1334(b).

"Core proceedings are those that 'arise under' title 11 or 'arise in' cases under title 11 and jurisdiction is conferred by § 1334(b)." *In re Toledo*, 170 F. 3d 1340, n.6 (11th Cir. 1999). An action commenced solely in state court may "transform into a core proceeding [subject to federal jurisdiction] . . . through the claim filing process[.]" *In re Syed*, Case No. 10-82047-WRS, 2011 WL 1843399, at *2 (Bankr. M.D. Ala. May 13, 2011) (holding a removed, pre-petition state court claim for repayment of a loan that was the subject of a contested proof of claim was a core proceeding in the Chapter 13 bankruptcy) (citing *Matter of Wood*, 825 F. 2d 90, 97-98 (5th Cir.

---

[5] NTF anticipates that the three cases removed to this Court will be consolidated.

[6] At a minimum, the State Court Action is "related to" debtors' bankruptcy under 28 U.S.C. § 1334(b) because its outcome "could conceivably" alter the rights, liabilities, options, or freedom of debtors' action, and directly impact the administration of the debtors' estate. *Matter of Lemco Gypsum, Inc.*, 910 F. 2d 784, 788 (11th Cir. 1990); *Matters of Roper*, 203 B.R. 236, 332 (Bankr. N.D. Ala. 1996) *quoting Pacor, Inc. v. Higgins*, 743 F. 2d 984, 994 (3rd Cir. 1984); *see also Matter of Wood*, 825 F.2d 90, 93 (5th Cir. 1987) ("For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between proceedings 'arising under', 'arising in a case under', or 'related to a case under', title 11. These references operate conjunctively to define the scope of jurisdiction. Therefore, it is necessary only to determine whether a matter is at least 'related to' the bankruptcy.")

1987)). Upon filing of a proof of claim, the "special powers of the bankruptcy court are invoked to bring a pre-petition state law claim under the core proceeding definition." *In re Toledo*, 170 F. 3d 1340, 1349-50 (11th Cir. 1999) (citing *Wood*, 825 F. 2d at 98). "Those special powers are particularly invoked when the filing of the proof of claim and the state law litigation involve the validity of the claim." *In re Syed*, 2011 WL 1843399, at *2 (citing *In re Dixon*, 428 B.R. 911, 915–16 (Bankr. N.D. Ga. 2010) (discussing core versus non-core proceedings and the effect of filing a proof of claim)).

Here, NTF filed a proof of claim with the United States Bankruptcy Court for the Southern District of Florida regarding the damages sought from debtor in the State Court Action. *See* Proof of Claim attached hereto as Exhibit "C." Thompson-Smith contested the validity of NTF's claim in her answer, affirmative defenses, and counter-claims. NTF anticipates that she will also challenge the validity of the claim in the bankruptcy proceedings. As such, this Court has "'arising in' and/or 'arising under' jurisdiction because this is a core proceeding and removal is proper." *In re Syed*, 2011 WL 1843399, at *2.

## CONSENT TO BANKRUPTCY JUDGE'S AUTHORITY

In accordance with Federal Rule of Bankruptcy Procedure 9027(a)(1), NTF hereby consents to final orders and judgment by the bankruptcy judge. As discussed, the claims or causes of action that comprise the State Court Action constitute core proceedings. *See* 28 U.S.C. § 157(b)(2).

## PAPERS FROM REMOVED ACTION

Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), a copy of all process and pleadings served to date are attached to this Notice of Removal. *See* Composite Exhibit "A".

**REMOVAL IS TIMELY**

This Notice of Removal, coming less than ninety (90) days after Georgia Thompson-Smith's declaration of bankruptcy, is timely filed in accordance with Federal Rule of Bankruptcy Procedure 9027(a)(2).

**FILING OF REMOVAL PAPERS**

Pursuant to Federal Rule of Bankruptcy 9027(b)-(c), promptly after filing this Notice of Removal, Plaintiff NTF will serve a copy of this Notice of Removal on all parties to the State Court Action and with the Clerk of Court for Broward County, Florida. *See* Plaintiff's Notice of Filing Notice of Removal, attached as Exhibit "D".

**THE STATE COURT ACTION SHOULD BE ADJUDICATED IN FEDERAL COURT AS A CORE PROCEEDING**

This Court should retain jurisdiction over the State Court Action in light of the interwoven nature of this case and the debtors' bankruptcy.[7] *See* 28 U.S.C. § 1334(c)(1). Failure of this Court or the bankruptcy court to hear this matter will prevent the efficient administration of the debtors' estate. The interests of justice or comity and respect for state law do not weigh in favor of discretionary abstention as bankruptcy matters predominate over the state law issues due to the

---

[7] *In re United Container, LLC*, 284 B.R. 162, 175–78 (Bankr. S.D. Fla. 2002) (noting that courts consider the following factors to guide their permissive abstention in core proceedings under section 1334(c): "(1) the effect, or lack of effect, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, (12) the presence in the proceeding of non-debtor parties, (13) comity, and (14) the possibility of prejudice to other parties in the action.").

proof of claim and interrelatedness of the State Court Action and debtors' bankruptcy. Further, the state law issues that remain do not involve difficult or unsettled issues of law and no jury trial was demanded. *Matters of Roper*, 203 B.R. at 338 (Bankr. N.D. Ala. 1996) (citing *In re Butcher,* 46 B.R. 109, 114 (Bankr. N.D. Ga. 1985) (holding that a remand argument based on a state court's ability or expertise holds no weight unless the dispute involves an unsettled question of state law)). Regardless of the outcome of the State Court Action, administration of the debtors' estate while this matter lies unresolved may prejudice Thompson-Smith's creditors, including NTF and Feldman, as it will be impossible to devise and confirm a proper Chapter 13 plan.[8]

**WHEREFORE**, Plaintiff NTF hereby removes *NSA Two Financial, LLC v. Thompson-Smith & Associates, LLC and Georgia Thompson-Smith*, Case No: CACE-14-023998, to this Court.

Dated: January 20, 2017

Respectfully submitted,

By: s/ *Jonathan Pollard*

Jonathan Pollard, Esq.
Florida Bar No.: 83613
jpollard@pollardllc.com

Pollard PLLC
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731
*Attorney for Plaintiff*

---

[8] Should this Court determine that the State Court Action is non-core, mandatory abstention is also improper. To invoke mandatory abstention, a court must show that the State Court Action will be 'timely adjudicated' in state court. *See, e.g., In re Container, LLC*, 284 B.R. 162, 174 (Bankr. S.D. Fla. 2002) ("Courts interpreting [the] phrase ['timely adjudication'] have not focused primarily on when the case would be tried, but rather on whether allowing an action to proceed in a state court will have any unfavorable effect on the administration of a bankruptcy case."). Allowing the State Court Action to proceed in state court hinders timely adjudication of that matter and will impede the administration of the debtors' estate.

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document has been electronically filed and served to Mark

Goldstein, Esq., 1380 NE Miami Gardens Drive, Suite 205, Miami, FL 33179 by email at

markgoldsteinattorney@gmail.com; markgoldstein98@yahoo.com on January 20, 2017.

<div align="right"><em>s/ Jonathan Pollard</em></div>

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS

### DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
*(U.S. Government Not a Party)*

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Med. Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729 (a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
**Other:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee – Conditions of Confinement

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

### V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

### VI. RELATED/ RE-FILED CASE(S)

*(See instructions):* a) Re-filed Case ☐ YES ☐ NO     b) Related Cases ☐ YES ☐ NO

JUDGE:     DOCKET NUMBER:

### VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:

LENGTH OF TRIAL via     days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23     DEMAND $     CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
DATE     SIGNATURE OF ATTORNEY OF RECORD

s/ Jonathan Pollard

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     IFP     JUDGE     MAG JUDGE

JS 44   (Rev. 07/16)   FLSD Revised 07/01/2016

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.       **(a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

 II.      **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

III.     **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.      **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

V.       **Origin.**  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

VI.      **Related/Refiled Cases**.  This section of the JS 44 is used to reference related pending cases or re-filed cases.  Insert the docket numbers and the corresponding judges name for such cases.

VII.     **Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**.           Example: U.S. Civil Statute: 47 USC 553
                                                            Brief Description: Unauthorized reception of cable service

VIII.    **Requested in Complaint**.  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.:

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

## **COMPLAINT**

Plaintiff, NSA TWO FINANCIAL, LLC, a Florida limited liability company ("NTF"),

sues Defendants, THOMPSON-SMITH & ASSOCIATES, LLC ("TSA") and GEORGIA

THOMPSON-SMITH ("Smith"), aver as follows:

### **PARTIES, JURISDICTION AND VENUE**

1.      This is an action by Plaintiff against Defendant for damages of $15,000.00 or

greater, exclusive of attorneys' fees, costs and interest, and for equitable relief.

2.      NTF is a Florida limited liability company doing business in Broward County,

Florida.

3.      TSA is a Florida limited liability company doing business in Broward County,

Florida.

4.      Smith is a resident of Broward County, Florida, over the age of eighteen (18) and

*sui juris*.

*NSA Two Financial v. Thompson-Smith & Assoc.*
*Complaint*

5.    Venue is proper in this Court pursuant to §47.011, Fla. Stat., because: (a) the causes of action accrued in Broward County, Florida; and/or (b) one or more of the Defendants do business in Broward County, Florida.

## GENERAL BACKGROUND

6.    TSA is a Florida limited liability company, duly formed on or about December 19, 2014.

7.    Two members own the entire membership interest in TSA, including NTF and Smith, pursuant to TSA's operating agreement.    A copy of said operating agreement (the "Operating Agreement") is attached hereto as Exhibit "A."

8.    Smith acts as managing member of TSA.

9.    Upon information and belief, TSA maintains all of its books and records, including those records it is required to maintain under Florida Statutes Chapter 605, at its principal office, located at 3601 W. Commercial Boulevard, Suite 14, Ft. Lauderdale, Florida, 33309 (the "Office").

10.    Up until July 2014, NTF and its agents had access to TSA's books and records, and up until October 10, 2014, NTF and its agents had access to TSA's Office.

11.    Then, on or about October 10, 2014, Smith advised NTF that the locks to the Office were changed, NTF would no longer have access to the Office, and if NTF's agents desired to retrieve any personal items, they could "visit" the office during regular business hours.

12.    That same day, NTF's member, Alex Feldman ("Feldman"), sent Smith a formal request to inspect TSA's records and requested a time to do so.

13.    On October 13, 2014, Smith responded to Feldman's request by scheduling an appointment for Friday, October 24, 2014 at 9:00 a.m. for NTF to inspect TSA's books and records.  A copy of Feldman's e-mail and Smith's reply is attached hereto as Exhibit "B."

*NSA Two Financial v. Thompson-Smith & Assoc.*
*Complaint*

14.     On October 17, 2014, Feldman sent Smith a follow up detailing a list of specific records (the "Records List") that NTF wanted to inspect at the October 24, 2014 meeting.  A copy of Feldman's October 17, 2014 e-mail is attached hereto as Exhibit "C."

15.     On October 23, 2014, Smith responded to Feldman's October 17, 2014 e-mail and cancelled the October 24th record inspection meeting.  A copy of Smith's October 23, 2014 e-mail is attached hereto as Exhibit "D."

16.     Thereafter, neither Smith nor any other agent on behalf of TSA, with access to TSA's records, provided NTF an alternative date and time to inspect TSA's records.

17.     On November 13, 2014, NTF demanded, *inter alia*, that TSA provide new potential dates for NTF to inspect TSA's records.  A copy of the undersigned's November 13, 2014 demand letter sent on behalf of NTF to TSA's counsel is attached hereto as Exhibit "E."

18.     To date, TSA has not provided NTF a new date or time for NTF to inspect TSA's records.

19.     Further, NTF still has no access to the Office.

20.     All conditions precedent to bringing this action have been satisfied, excused or waived.

21.     NTF has engaged the undersigned law firm to represent it in this action and agreed to pay a reasonable fee for services.

22.     Each cause of action herein is pled in the alternative.

## Count I
## Breach of Contract - Damages

23.     NTF realleges, restates and incorporates herein by reference paragraphs 1 through 22 of this Complaint as if fully set forth herein.

*NSA Two Financial v. Thompson-Smith & Assoc.*
*Complaint*

24.    NTF and Smith entered into the Operating Agreement relating to the formation and operation of TSA. *See* Exhibit "A."

25.    The Operating Agreement is a valid and enforceable contract.

26.    Smith breached the Operating Agreement by, *inter alia*, violating Article VIII, Section 2, and denying NTF access to TSA's books and records.

27.    As a result, NTF has suffered damages.

**WHEREFORE**, NTF respectfully request that this Court enter judgment in its favor and against all Smith for damages, interest, attorneys' fees and costs, and such other and further relief as this Court deems appropriate.

### Count II
### Breach of Contract – Injunctive Relief

28.    NTF realleges, restates and incorporates herein by reference paragraphs 1 through 22 of this Complaint as if fully set forth herein.

29.    NTF and Smith entered into the Operating Agreement relating to the formation and operation of TSA. *See* Exhibit "A."

30.    The Operating Agreement is a valid and enforceable contract.

31.    Smith breached the Operating Agreement by, *inter alia*, violating Article VIII, Section 2, and denying NTF access to TSA's books and records.

32.    As a result, NTF is suffering immeasurable damages.

33.    There is no adequate remedy at law, and NTF requires injunctive relief to prevent any injury to itself or others.

34.    There is a substantial likelihood that irreparable harm will result if injunctive relief is not granted.

35.    NTF has a substantial likelihood of success on the merits.

NSA Two Financial v. Thompson-Smith & Assoc.
Complaint

36.     Injunctive relieve will serve the public interest.

**WHEREFORE,** NTF respectfully request that this Court enter judgment in its favor and against Smith for preliminary and permanent mandatory injunctive relief as follows: (1) commanding Smith to provide NTF access to TSA's books and records, including, without limitation, those set forth in the Records List, and access to the Office; (2) awarding attorney's fees and costs pursuant the Association Documents and Florida law; and (3) such other and further relief as this Court deems appropriate.

<div align="center">

**Count III**
**Violation of §605.0410, Florida Statute**

</div>

37.     NTF realleges, restates and incorporates herein by reference paragraphs 1 through 22 of this Complaint as if fully set forth herein.

38.     Pursuant to section 605.0410, Florida Statutes, a Florida limited liability company is required to keep copies of certain business records, and each member of the company is entitled to inspect and copy said records upon reasonable notice.

39.     NTF is a member of TSA.

40.     NTF requested the right to inspect TSA's books and records, including the Records List.

41.     Although TSA initially scheduled an inspection of said books and records for NTF, but later cancelled the same.

42.     NTF made a subsequent request to reschedule the inspection, to no avail.

43.     TSA has since denied NTF access to its books and records entirely.

44.     Section 605.0411, Florida Statutes, provides that the Court may order a limited liability company to provide its books and records to a member for inspection and copying upon application of a member, at the company's expense.

*NSA Two Financial v. Thompson-Smith & Assoc.*
*Complaint*

    **WHEREFORE**, NTF respectfully request that this Court enter judgment in its favor and against TSA for equitable relief, requiring TSA to provide NTF the right to inspect and copy TSA's books and records, pursuant to, among other applicable law, §605.0411, Florida Statutes, at TSA's expense, and award NTF its reasonable attorneys' fees and costs and grant such other and further relief as this Court deems appropriate.

                Respectfully submitted,

                **HABER BLANK**
                Attorneys for Plaintiffs
                888 South Andrews Avenue, Suite 201
                Fort Lauderdale, Florida  33316
                Tel.: (954) 767-0300
                Fax: (954) 949-0510
                eservice@haberblank.com

Dated December 18, 2014

                By:_____

                    JASON H. HABER
                    Florida Bar No.: 41119

# Operating Agreement
## of
## Excelsior Tax & Accounting Advisors , LLC

### I. ORGANIZATIONAL MATTERS

1. <u>Formation</u>. The Company's records book contains a copy of its formation document filed with Florida.

2. <u>Name and Purpose</u>. The Company's formal name is stated above. The Company may do business under a different name by complying with applicable fictitious name or assumed name laws. The Company has been formed to conduct all lawful business activities chosen by its management.

3. <u>Registered Office and Agent</u>. The Company's registered office and/or agent may be changed whenever approved by its management.

4. <u>Duration of Company</u>. The Company's duration shall be perpetual, unless otherwise provided by law, by the dissolution provisions of this document, or by the Company's formation document filed with Florida.

### II. MANAGEMENT

The Company will be member-managed, unless otherwise provided in its formation document filed with Florida. If the Company is manager-managed, the Company's management will be elected each year at the annual membership meeting. Management decisions will require the approval of members holding a majority of membership interests (if member-managed) or the approval of a majority of managers (if manager-managed), unless otherwise provided by applicable law, by other provisions of this document, or by the Company's formation document filed with Florida. Action required or permitted to be taken at a management meeting may be taken pursuant to written consent. Action by written consent may be taken without a meeting, without prior notice, and without a vote.

### III. MEMBERSHIP

1. <u>Nonliability of Members</u>. No member of the Company shall be personally liable for the expenses, debts. obligations or liabilities of the Company, or for claims made against the Company.

Page 1 of 6

2. <u>Reimbursement for Organizational Costs</u>. Members shall be reimbursed by the Company for organizational expenses paid by the members. The Company shall be authorized to elect to deduct organizational expenses and start-up expenditures as permitted by applicable law.

3. <u>Membership Interests</u>. A member's membership interest in this Company shall be expressed as 85% for Georgia Smith and 15% for NSA Two Financial, LLC.

4. <u>Membership Voting</u>. Members shall vote in proportion to their membership interests in this Company, unless otherwise required by applicable law or by the Company's formation document filed with Florida. A matter shall be approved if a majority of the membership interests vote in favor of the matter.

5. <u>Compensation</u>. Members shall not be paid as members of the Company for performing any duties associated with such membership. Members may be paid, however, for any services provided in any other capacity for the Company, whether as managers, officers, employees, independent contractors or otherwise.

6. <u>Membership Meetings</u>. The Company shall hold an annual membership meeting at the time and place decided by management and communicated to all members between 30 and 60 days before the regular meeting. In addition, any member may call a special membership meeting at any time by communicating to all other members the plan to schedule a special meeting.

Notification of membership meetings may be in person, in writing, by telephone, by facsimile, or by any other form of electronic notice reasonably expected to be received by all of the members. Special membership meetings shall take place at the time and place stated in the meeting notification. Any business may be discussed and conducted at membership meetings.

Membership meetings may be held without the attendance of all members as long as members holding a majority of membership interests attend the meeting. Written notice of the decisions or approvals made at all membership meetings shall be mailed or delivered to each non-attending member promptly after the meeting. Written minutes of the discussions and proposals at a membership meeting, and the votes taken and matters approved at such meeting, shall be taken by one of the members or a person designated at the meeting.

Page 2 of 6

A copy of the minutes of the meeting shall be placed in the Company's records book after the meeting. Action required or permitted to be taken at an annual or special membership meeting may be taken pursuant to written consent. Action by written consent may be taken without a meeting, without prior notice, and without a vote.

7.     Membership Certificates. The Company may issue certificates representing membership interests (also called units) in the Company. Each certificate shall show the name of the Company, the name of the member, and any additional information considered appropriate by management. Each membership certificate shall be consecutively numbered and signed by two members, managers or officers of this Company. In addition to the above information, all membership certificates shall bear a prominent legend referring to any applicable transfer restrictions.

## IV. TAX AND FINANCIAL MATTERS

1.     Tax Treatment. It is anticipated that this Company will not be treated as a corporation under federal income tax law. Instead, this Company will be treated for federal income tax purposes in the same manner as a partnership, unless there is only one member, in which case the Company may choose to be disregarded as an entity for federal income tax purposes. It is further understood that the members do not consider each other partners or joint venturers, except for federal and state income tax purposes.

2.     Annual Income Tax Returns and Reports. Within 75 days after the end of each tax year of the Company, a copy of the Company's state and federal income tax returns for the preceding tax year shall be mailed or otherwise provided to each member of the Company, together with any additional information and forms necessary for each member to complete their individual state and federal income tax returns.

3.     Bank Accounts. The Company's management shall designate one or more banks or other institutions for the deposit of the funds of the Company, and shall establish such accounts as are reasonable and necessary for its business and investments.

4.     Distributions. The Company will distribute to the members every year sufficient cash from the Company's profits to cover their projected income tax liability for their distributive share of items reported by the Company in Schedule K-1, unless all of the membership interests vote against such distribution. All other distributions of the Company's profits will be made from time to time when and if approved by a majority of the membership interests.

Page 3 of 6

## V. CAPITAL

1.  <u>Capital Contributions by Members</u>. Members shall make the initial capital contributions of cash, property or services approved by a unanimous vote of members.

2.  <u>Additional Contributions by Members</u>. The members may agree from time to time by unanimous vote to require the payment of additional capital contributions by the members by a mutually agreeable date.

3.  <u>No Interest on Capital Contributions</u>. No interest shall be paid on funds or property contributed as capital to this Company, or on funds reflected in the capital accounts of the members.

4.  <u>Capital Account Bookkeeping</u>. A capital account shall be set up and maintained in the records book of the Company for each member. The records book shall reflect each member's capital contribution to the Company, increased by each member's share of profits in the Company, decreased by each member's share of losses and expenses of the Company, and adjusted as required in accordance with applicable provisions of the Internal Revenue Code and corresponding income tax regulations.

5.  <u>Allocations of</u> <u>Profits and Losses</u>. No member shall be given priority or preference with respect to other members in obtaining a return of capital contributions, distributions or allocations of the income, gains, losses, deductions, credits or other items of the Company. The profits and losses of the Company, and all items of its income, gain, loss, deduction and credit, shall be allocated to members according to their membership interests.

6.  <u>Allocation and Distribution of Cash to Members</u>. Cash from the Company's business operations, as well as cash from a sale or other disposition of the Company's capital assets, may be distributed from time to time to the members in accordance with their membership interests, as may be decided by a majority of the membership interests.

7.  <u>Advances by Members</u>. If the Company does not have sufficient cash to pay its obligations, any member may agree to advance all or part of the needed funds as a loan to the Company on terms acceptable to the Company's management. Any such advance shall be treated as a loan to the Company and shall not constitute an additional capital contribution.

## VI. MEMBERSHIP ADMISSION AND TRANSFER

1.     <u>Admission of Additional Members</u>. No person may be admitted as an additional member unless the admission is approved by a majority of the membership interests and the additional membership interest is purchased by such person for fair consideration.

2.     <u>Restrictions on the Transfer of Membership</u>. Members may not transfer their membership interests in the Company unless all of the membership interests approve the admission of the transferee into this Company. Further, members may not encumber a part or all of their membership interests in the Company by mortgage, pledge, security interest, lien or otherwise, unless the encumbrance has first been approved in writing by the Company's management, which approval may not be unreasonably withheld.

Notwithstanding the above provisions, members may assign an economic interest in their membership interests to any another person without the approval of the other members or managers. Such an assignment shall not include a transfer of voting or management rights in this Company, and the assignee shall not become a member of the Company.

## VII. DISSOLUTION

1.     <u>Dissolution of the Company</u>. Unless otherwise provided by applicable law or by the Company's formation document filed with Florida, this Company shall be dissolved upon the first to occur of any of the following events: (a) written agreement of a majority of membership interests to dissolve the Company or (b) entry of an order of dissolution by a court with jurisdiction over the Company.

2.     <u>Liquidation</u>. After dissolution of the Company, its management shall diligently wind up and liquidate the business and affairs of the Company. The Company shall pay for all expenses of liquidation.

## VIII. GENERAL PROVISIONS

1.     <u>Officers</u>. The Company's management may appoint officers, such as a President, Vice President, Secretary and Treasurer, who shall have the responsibilities generally accorded to their positions, subject to the right of management to modify the responsibilities of such positions. Persons who fill these positions need not be members or managers of the Company. The officers may be compensated or noncompensated according to the nature and extent of the services provided by such officers.

**Page 5 of 6**

2.   <u>Records</u>. The Company shall keep at its principal business address a copy of all proceedings of membership meetings, as well as books of account of the Company's financial transactions. A list of the names and addresses of the current membership of the Company also shall be maintained at this address, with notations on all transfers of economic interests to nonmembers and transfers of membership interests to persons admitted into membership in the Company. A list of the name and address of the Company's management staff shall also be kept at this address.

Copies of the Company's formation document filed with Florida, a signed copy of this document, and the Company's tax returns for the preceding three tax years shall be kept at the principal business address of the Company. Any member or manager may inspect any and all records maintained by the Company upon reasonable notice to the Company. Copying of the Company's records by members and managers is allowed, but reasonable copying costs shall be paid for by the requesting member or manager.

3.   <u>All Necessary Acts</u>. The members, managers and officers of this Company are authorized to perform all acts necessary to perfect the organization of this Company and to carry out its business operations expeditiously and efficiently. The Company's management may certify to other businesses, financial institutions and individuals as to the authority of one or more members, managers or officers of this Company to transact specific items of business on behalf of the Company.

4.   <u>Amendment</u>. This document shall not be amended, modified or replaced except by a written instrument approved by a majority of the membership interests.

I certify that the Company's members have adopted the terms of this document.


Signature: _____
Georgia Smith

Date: _Jan. 12, 2014_____


Signature: _____
Alex Feldman, Managing Member
NSA Two Financial, LLC

Date: _1/13/14_____


Page 6 of 6

Exhibit $\mathcal{B}$ _____

**From:** Georgia Smith <georgias@thompsonsmithassociates.com>
**Date:** October 13, 2014 at 8:23:40 AM EDT
**To:** Alex Feldman <alexf@gotitgroup.com>
**Cc:** Christopher Matysek <christopherm@gotitgroup.com>
**Subject: Re: TSA - Re: Office Locks**

We can schedule an appointment for Friday, October 24 at 9:00am.

On Fri, Oct 10, 2014 at 9:43 PM, Alex Feldman <alexf@gotitgroup.com> wrote:
I am making a formal request to inspect the records of TSA.  Let me know when I can do so.


Thanks,

Alex Feldman
GOTIT Group, LLC
3601 W. Commercial Blvd #14
Ft Lauderdale, FL 33309
954-732-4495

On Oct 10, 2014, at 9:18 PM, Georgia Smith <georgias@thompsonsmithassociates.com> wrote:

> Alex,

> Please be informed that the locks to the office have been changed.

> As a minority member of Thompson-Smith & Associates you have the right to
> inspect the records of the company upon reasonable notice.  At such time, an

appointment may be scheduled at a time that is convenient to the company and to you.

Also, you may visit the office to retrieve any items that belong to you during normal business hours, when the office is open.

--
*Georgia Smith, CPA, MST*
Managing Partner
**Thompson-Smith & Associates, LLC.**
3601 W. Commercial Blvd., Suite 14
Fort Lauderdale, FL 33309
Phone: 954-368-6670
Fax:   954-748-4477
Email: georgias@thompsonsmithassociates.com

Electronic Privacy Notice: This e-mail, and any attachments, contains information that is, or may be, covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is also confidential and proprietary in nature. If you are not the intended recipient, please be advised that you are legally prohibited from retaining, using, copying, distributing, or otherwise disclosing this information in any manner. Instead, please reply to the sender that you have received this communication in error, and then immediately delete it. Thank you in advance for your cooperation.

IRS Circular 230 Notice: In compliance with requirements imposed by the U.S. Internal Revenue Service Circular 230, any tax advice contained in this communication was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding tax-related penalties under the U.S. Internal Revenue Code and/or promoting, marketing, or recommending to another party any tax-related matters addressed herein.

Electronic Privacy Notice. This e-mail, and any attachments, contains information that is, or may be, covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is also confidential and proprietary in nature. If you are not the intended recipient, please be advised that you are legally prohibited from retaining, using, copying, distributing, or otherwise disclosing this information in any manner. Instead, please reply to the sender that you have received this communication in error, and then immediately delete it. Thank you in advance for your cooperation.

In compliance with requirements imposed by the U.S. Internal Revenue Service Circular 230, any tax advice contained in this communication was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding tax-related penalties under the U.S. Internal Revenue Code and/or promoting, marketing, or recommending to another party any tax-related matters addressed herein.

Electronic Privacy Notice. This e-mail, and any attachments, contains information that is, or may be, covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is also confidential and proprietary in nature. If you are not the intended recipient, please be advised that you are legally prohibited from retaining, using, copying, distributing, or otherwise disclosing this information in any manner. Instead, please reply to the sender that you have received this communication in error, and then immediately delete it. Thank you in advance for your cooperation.

In compliance with requirements imposed by the U.S. Internal Revenue Service Circular 230, any tax advice contained in this communication was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding tax-related penalties under the U.S. Internal Revenue Code and/or promoting, marketing, or recommending to another party any tax-related matters addressed herein.

--
*Georgia Smith, CPA, MST*
Managing Partner
**Thompson-Smith & Associates, LLC**.
3601 W. Commercial Blvd., Suite 14
Fort Lauderdale, FL 33309
Phone: 954-368-6670
Fax:    954-748-4477
Email:  georgias@thompsonsmithassociates.com

Electronic Privacy Notice: This e-mail, and any attachments, contains information that is, or may be, covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is also confidential and proprietary in nature. If you are not the intended recipient, please be advised that you are legally prohibited from retaining, using, copying, distributing, or otherwise disclosing this information in any manner. Instead, please reply to the sender that you have received this communication in error, and then immediately delete it. Thank you in advance for your cooperation.

IRS Circular 230 Notice: In compliance with requirements imposed by the U.S. Internal Revenue Service Circular 230, any tax advice contained in this communication was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding tax-related penalties under the U.S. Internal Revenue Code and/or promoting, marketing, or recommending to another party any tax-related matters addressed herein.

Electronic Privacy Notice. This e-mail, and any attachments, contains information that is, or may be, covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is also confidential and proprietary in nature. If you are not the intended recipient, please be advised that you are legally prohibited from retaining, using, copying,

distributing, or otherwise disclosing this information in any manner. Instead, please reply to the sender that you have received this communication in error, and then immediately delete it. Thank you in advance for your cooperation.

In compliance with requirements imposed by the U.S. Internal Revenue Service Circular 230, any tax advice contained in this communication was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding tax-related penalties under the U.S. Internal Revenue Code and/or promoting, marketing, or recommending to another party any tax-related matters addressed herein.

---

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2015.0.5577 / Virus Database: 4235/8716 - Release Date: 12/11/14

Electronic Privacy Notice. This e-mail, and any attachments, contains information that is, or may be, covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is also confidential and proprietary in nature. If you are not the intended recipient, please be advised that you are legally prohibited from retaining, using, copying, distributing, or otherwise disclosing this information in any manner. Instead, please reply to the sender that you have received this communication in error, and then immediately delete it. Thank you in advance for your cooperation.

In compliance with requirements imposed by the U.S. Internal Revenue Service Circular 230, any tax advice contained in this communication was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding tax-related penalties under the U.S. Internal Revenue Code and/or promoting, marketing, or recommending to another party any tax-related matters addressed herein.

**Jason H Haber**

| | |
|---|---|
| **From:** | Alex Feldman <alexf@gotitgroup.com> |
| **Sent:** | Friday, October 17, 2014 12:03 PM |
| **To:** | 'Georgia Smith' |
| **Cc:** | jhaber@hsbattorneys.com; 'Christopher Matysek (Google Contacts)' |
| **Subject:** | TSA - Books & Records |

Georgia,

Please let me know no later than 10/20 that all this will be ready for the meeting on 10/24 so no time will be wasted.

1. Financials as of 9/30/14 – Complete electronic backup of the QB file, P&L, Balance sheet, general ledger, etc.

2. Most current A/R list

3. Original A/R list received with the purchase of the firm

4. Most current WIP (work in progress) list

5. Original WIP list received with the purchase of the firm

6. Please provide a breakdown of how much money each individual generated at TSA (all employees, contractors & you)

7. What is the status of the $15,000+ owed by Wittlin that you were dealing with them on?

   - Are we getting the money?

   - If so, when?

   - When was the last contact?

   - Describe all prior efforts made to collect

8. What is the status of the $8,000 owed by Bob Henry's attorney for Nothing but Cigarettes ($5,000 purchase and $3,000 outstanding balance) that you were dealing with them on?

   - Are we getting the money?

   - If so, when?

   - When was the last contact?

- Describe all prior efforts made to collect

9. Have you been calling the people on the A/R & WIP list totaling over $200k that we originally acquired from Witllin?

- If so, how many people have you called?

- Are payments expected to come in?

10. How much of the originally acquired A/R and WIP has been collected and how much is still outstanding?

- What is being done to collect it?

- Describe all prior efforts made to collect

11. How many customer complaints have come in since inception of the business?

- please provide names and detailed reason of the complaints

12. Provide copies of all written complaints

13. Are there any legal disputes currently outstanding with:

a. TSA
b. Employees
c. Clients

14. Complete client list (taxes, accounting, payroll, incorporations, live payroll, etc.), as of 04/15/14 and as of 10/15/14

15. List of all the tax returns done by the firm through 04/15/14 and for the period between 04/15/14 and 10/15/14

16. List of all the tax returns done last year by WDD or Savetax that were not done this year yet

17. List of write up clients purchased by TSA from WDD and Savetax

18. List of write up clients currently serviced at the firm

19. List of 940-941 payroll clients purchased by TSA from WDD and Savetax

20. List of 940/941 payroll clients currently at the firm

21. List of live payroll clients purchase by TSA from WDD and Savetax

22. List of live payroll clients currently at the firm

Thanks.

Have a great day!


Alex Feldman
GOTIT Group
3601 W. Commercial Blvd
Suite # 14
Fort Lauderdale, FL 33309
954-732-4495 Cell
954-656-1106 Fax

---

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2015.0.5577 / Virus Database: 4235/8716 - Release Date: 12/11/14


Electronic Privacy Notice. This e-mail, and any attachments, contains information that is, or may be, covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is also confidential and proprietary in nature. If you are not the intended recipient, please be advised that you are legally prohibited from retaining, using, copying, distributing, or otherwise disclosing this information in any manner. Instead, please reply to the sender that you have received this communication in error, and then immediately delete it. Thank you in advance for your cooperation.

In compliance with requirements imposed by the U.S. Internal Revenue Service Circular 230, any tax advice contained in this communication was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding tax-related penalties under the U.S. Internal Revenue Code and/or promoting, marketing, or recommending to another party any tax-related matters addressed herein.

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.:

     Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

     Defendants.

_____/

## CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

     **YOU ARE HEREBY COMMANDED** to serve this summons and Complaint in this action on Defendant,

By serving:    Georgia Thompson-Smith
                3601 W. Commercial Blvd., Suite 14
                Ft. Lauderdale, FL 33309

     Each Defendant is required to serve written defenses to the Complaint on JASON H. HABER, ESQ., Plaintiff's attorney, whose address is:

HABER, STIEF & BLANK, LLP
888 S. ANDREWS AVENUE, SUITE 201
FORT LAUDERDALE, FLORIDA 33316
ESERVICE@HABERBLANK.COM

within 20 days after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the claim for rent count in the complaint.

     **WITNESS** my hand and the Seal of said Court this ____ day of _____, 2014.

                          As Clerk of Said Court

                          By:_____
                               As Deputy Clerk

[COURT SEAL]

In accordance with the Americans with Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact the Court ADA Coordinator no later than seven (7) days prior to the proceedings. Telephone 1-800-955-8771, for assistance.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes, interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos,sin previo aviso del tribunal. existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la quia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifis a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autes obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.:

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

## CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve this summons and Complaint in this action on Defendant,

By serving:    Thompson-Smith & Associates, LLC
                c/o Georgia Thompson-Smith, Managing Member
                3601 W. Commercial Blvd., Suite 14
                Ft. Lauderdale, FL 33309

      Each Defendant is required to serve written defenses to the Complaint on JASON H. HABER, ESQ., Plaintiff's attorney, whose address is:

HABER, STIEF & BLANK, LLP
888 S. ANDREWS AVENUE, SUITE 201
FORT LAUDERDALE, FLORIDA 33316
ESERVICE@HABERBLANK.COM

within 20 days after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the claim for rent count in the complaint.

      **WITNESS** my hand and the Seal of said Court this ____ day of _____, 2014.

As Clerk of Said Court

By:_____
                As Deputy Clerk

[COURT SEAL]

In accordance with the Americans with Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact the Court ADA Coordinator no later than seven (7) days prior to the proceedings. Telephone 1-800-955-8771, for assistance.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes, interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos,sin previo aviso del tribunal. existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la quia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifis a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autes obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

# RETURN OF SERVICE

**State of FLORIDA**          **County of BROWARD**          **Circuit Court**

Case Number: CACE-14-023998(18)

Plaintiff:
**NSA TWO FINANCIAL, LLC**

vs.

Defendant:
**THOMPSON-SMITH & ASSOCIATES, LLC. ET AL.,**

For:
Jason Haber
Haber Blank LLP
888 South Andrews Avenue
Suite 201
Fort Lauderdale, FL 33316

Received by OJF SERVICES, INC. on the 9th day of January, 2015 at 8:43 am to be served on **THOMPSON-SMITH & ASSOCIATES, LLC, 3601 W. COMMERICAL BLVD, SUITE 14, FT.LAUDERDALE, FL 33309.**

I, FELIX ONATE, do hereby affirm that on the **14th day of January, 2015** at **10:00 am, I:**

**CORPORATE:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **MARY ANN COLENDRA** as **AGENT** for **THOMPSON-SMITH & ASSOCIATES, LLC,** at the address of: **3601 W. COMMERICAL BLVD, SUITE 14, FT.LAUDERDALE, FL 33309,** and informed said person of the contents therein, in compliance with state statutes.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE. 92.525.

**FELIX ONATE**
SPS #473

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**
Our Job Serial Number: OJF-2015000320

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company                                    CASE NO.:

        Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

        Defendants.

_____/

## CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

        **YOU ARE HEREBY COMMANDED** to serve this summons and Complaint in this
action on Defendant,

By serving:     Thompson-Smith & Associates, LLC
                c/o Georgia Thompson-Smith, Managing Member
                3601 W. Commercial Blvd., Suite 14
                Ft. Lauderdale, FL 33309

        Each Defendant is required to serve written defenses to the Complaint on JASON H.
HABER, ESQ., Plaintiff's attorney, whose address is:

                HABER, STIEF & BLANK, LLP
                888 S. ANDREWS AVENUE, SUITE 201
                FORT LAUDERDALE, FLORIDA  33316
                ESERVICE@HABERBLANK.COM

within 20 days after service of this summons on that Defendant, exclusive of the date of service,
and to file the original of the defenses with the clerk of this court either before service on
Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be
entered against that defendant for the relief demanded in the claim for rent count in the
complaint.

                                                    DEC 22 2014

        **WITNESS** my hand and the Seal of said Court this ___ day _____,
2014.

                                        As Clerk of Said Court

                                        By: _____
                                            As Deputy Clerk

[COURT SEAL]

*** FILED: BROWARD COUNTY, FL  HOWARD FORMAN, CLERK 12/19/2014 12:41:42 PM. ****

HOWARD C. FORMAN

320

# RETURN OF SERVICE

**State of FLORIDA**    **County of BROWARD**    **Circuit Court**

Case Number: CACE-14-023998(18)

Plaintiff:
**NSA TWO FINANCIAL, LLC**

vs.

Defendant:
**THOMPSON-SMITH & ASSOCIATES, LLC. ET AL.,**

For:
Jason Haber
Haber Blank LLP
888 South Andrews Avenue
Suite 201
Fort Lauderdale, FL 33316

Received by OJF SERVICES, INC. on the 9th day of January, 2015 at 8:43 am to be served on **GEORGIA THOMPSON-SMITH, 3601 W. COMMERICAL BLVD, SUITE 14, FT.LAUDERDALE, FL 33309.**

I, FELIX ONATE, do hereby affirm that on the **21st day of January, 2015** at **1:44 pm, I:**

**INDIVIDUAL/PERSONAL:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** to: GEORGIA THOMPSON-SMITH at the address of: **3601 W. COMMERICAL BLVD, SUITE 14, FT.LAUDERDALE, FL 33309** with the date and hour of service endorsed thereon by me, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**FELIX ONATE**
SPS #473

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
P.M.B. 354
**Miami, FL 33177**
**(786) 293-5750**
Our Job Serial Number: OJF-2015000317

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

                                CASE NO.:

       Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

       Defendants.

_____/

## CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve this summons and Complaint in this
action on Defendant,

By serving:    Georgia Thompson-Smith
                 3601 W. Commercial Blvd., Suite 14
                 Ft. Lauderdale, FL 33309

      Each Defendant is required to serve written defenses to the Complaint on JASON H.
HABER, ESQ., Plaintiff's attorney, whose address is:

              HABER, STIEF & BLANK, LLP
           888 S. ANDREWS AVENUE, SUITE 201
           FORT LAUDERDALE, FLORIDA 33316
            ESERVICE@HABERBLANK.COM

within 20 days after service of this summons on that Defendant, exclusive of the date of service,
and to file the original of the defenses with the clerk of this court either before service on
Plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be
entered against that defendant for the relief demanded in the claim for rent count in the
complaint.

                                                   DEC 22 2014

      **WITNESS** my hand and the Seal of said Court this _____ day of _____,
2014.

MILITARY
YES NO

As Clerk

By:

As Deputy Clerk

[COURT SEAL]

*** FILED: BROWARD COUNTY, FL  HOWARD FORMAN, CLERK 12/19/2014 12:41:42 PM.****

HOWARD C. FORMAN

317

OJF SERVICES, INC
954 929 4215
WWW.OJFSERVICES.COM

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA**

**Case No.: CACE-14-023998
Division: 18**

**NSA TWO FINANCIAL, LLC,** a Florida
limited liability company,

**Plaintiff,**

**V.**

**THOMPSON-SMITH & ASSOCIATES,
LLC,** a Florida limited liability
company; and **GEORGIA THOMPSON-SMITH,**
Individual

**Defendants,**

_____/

## DEFENDANTS' MOTION FOR EXTENSION OF TIME TO ANSWER COMPLAINT.

**DEFENDANTS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH** (collectively, hereinafter, "Defendants"), moves this Honorable Court for entry of an order granting an extension in which to file a response, without waiving any objections, to **PLAINTIFF'S, NSA TWO FINANCIAL, LLC** ("Plaintiff"), COMPLAINT, and as grounds therefore states:

1. On January 14, 2015, Plaintiff served Defendant, **THOMPSON-SMITH & ASSOCIATES, LLC**, with its Complaint. As a result, the due date for a response is February 3, 2015.

2. On January 21, 2015, Plaintiff served Defendant, **GEORGIA THOMPSON-SMITH**, with its Complaint. As a result, the due date for a response is February 10, 2015.

3. On or about January 28, 2015, the undersigned was retained by Defendants for representation in this matter.

4. As a result of the undersigned counsel medical procedure beginning Monday, February 3, 2015, and the undersigned counsel's conflict in scheduling due to a heavy caseload, the undersigned will not have adequate or sufficient time to confer with the Defendants in order to appropriately respond to the Complaint and prepare for the defense of this action.

5. _**THEREFORE, DEFENDANTS' REQUEST AN ORDER GRANTING AN EXTENSION, UP TO AND INCLUDING FEBRUARY 20, 2015, IN WHICH TO FILE A RESPONSE, WITHOUT WAIVING ANY OBJECTIONS.**_

6. Undersigned counsel submits that the Plaintiff shall not be prejudiced by granting this extension of time and further submits that this motion is not being submitted for dilatory purposes.

1|Page

7.   Undersigned counsel hereby certifies that she has made two attempts to contact the opposing counsel via telephone regarding this matter, however, have not yet been able to communicate him.

**WHEREFORE, DEFENDANTS, THOMPSON-SMITH & ASSOCIATES, LLC and GEORGIA THOMPSON-SMITH**, moves for entry of an order granting an extension in which to file a response to **PLAINTIFF'S, NSA TWO FINANCIAL, LLC, COMPLAINT**, without waiving any objections or defenses, up to and including February 20, 2015, and such further relief as this Court deems just and proper.

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by Electronic Mail, upon Jason H. Haber, Esq., HABER BLANK, Attorneys for Plaintiffs, eservice@haberblank.com, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, FL 33316, this 29th day of January, 2015.

Respectfully Submitted,

THE MAYNE LAW FIRM, P.A.
Attorneys for **DEFENDANTS,
THOMPSON-SMITH & ASSOCIATES,
LLC, and GEORGIA THOMPSON-
SMITH,**
The Crexent Building
12401 Orange Drive, Suite 132
Davie, FL 33330
Telephone:786.663.2911
Facsimile: 877.350.7501

By:

Natasha D. Mayne, Esq.
Florida Bar No. 571466
nmayne@maynelawfirm.com

# IN THE CIRCUIT COURT OF THE  SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

**Case No.: CACE-14-023998**
**Division:  18**

**NSA TWO FINANCIAL, LLC,** a Florida
limited liability company,

**Plaintiff,**

        **V.**

**THOMPSON-SMITH & ASSOCIATES,
LLC,** a Florida limited liability
company; and **GEORGIA THOMPSON-SMITH,**
Individual

**Defendants,**
_____/

## NOTICE OF APPEARANCE AND DESIGNATION OF MAILINGS AND E-MAIL ADDRESS PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.516 AND CERTIFICATE OF COMPLIANCE

### I. NOTICE OF APPEARANCE & DESIGNATION OF MAILING ADDRESS

The law firm of THE MAYNE LAW FIRM, P.A. enters its appearance as counsel for **DEFENDANTS, THOMPSON-SMITH & ASSOCIATES, LLC AND GEORGIA THOMPSON-SMITH** , in the above-styled case.

All parties shall take note that all pleadings, notices, correspondence and any other pertinent data pertaining to the above-styled cause filed to date and in the future should be copied to the undersigned attorney for **DEFENDANTS, THOMPSON-SMITH & ASSOCIATES, LLC AND GEORGIA THOMPSON-SMITH** .

NATASHA D. MAYNE OF THE MAYNE LAW FIRM, P.A., being sworn, certify that her current mailing address is Natasha D. Mayne, Esq., THE MAYNE LAW FIRM, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, FL 33330.

### III. DESIGNATION OF ELECTRONIC MAILING ADDRESS & CERTIFICATE OF COMPLIANCE

Additionally, she designate the following email address for pleadings and court papers: NMayne@MayneLawFirm.com

ALL PLEADINGS AND DOCUMENTS MUST BE SENT VIA ELECTRONIC MAIL AND MAIL AT THE ABOVE-REFERENCED ADDRESSES.

I, NATASHA D. MAYNE, ESQ. certify that I have complied with Florida Rule Of Judicial Administration 2.516 Regarding Designation Of Mailings And E-Mail Address.

1 | P a g e

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by Electronic Mail, upon Jason H. Haber, Esq., HABER BLANK, Attorneys for Plaintiffs, eservice@haberblank.com, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, FL 33316, this 29th day of January, 2015.

Respectfully Submitted,

THE MAYNE LAW FIRM, P.A.
Attorneys for **DEFENDANTS**, **THOMPSON-SMITH & ASSOCIATES, LLC, and GEORGIA THOMPSON-SMITH,**
The Crexent Building
12401 Orange Drive, Suite 132
Davie, FL 33330
Telephone:786.663.2911
Facsimile: 877.350.7501

By:

Natasha D. Mayne, Esq.
Florida Bar No. 571466
nmayne@maynelawfirm.com

2|Page

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA**

Case No.: CACE-14-023998
Division: 18

**NSA TWO FINANCIAL, LLC,** a Florida
limited liability company,

**Plaintiff,**
      **v.**
**THOMPSON-SMITH & ASSOCIATES,
LLC,** a Florida limited liability
company; and **GEORGIA THOMPSON-SMITH,**
Individual

**Defendants,**
_____/

## NOTICE OF HEARING[1]

    YOU ARE HEREBY NOTIFIED that the undersigned has set a hearing before the Honorable Garcia-Wood Marina, Broward County Circuit Court Judge, at the Broward County Courthouse, 201 SE 6th Street, Fort Lauderdale, FL 33301, in Room 780, on Thursday February 26, 2015, at 9:15 a.m., on the following matter: **DEFENDANT'S MOTION FOR EXTENTION OF TIME TO ANSWER COMPLAINT.**

## CERTIFICATE OF SERVICE

    **WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by Electronic Mail, upon Jason H. Haber, Esq., HABER BLANK, Attorneys for Plaintiffs, eservice@haberblank.com, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, FL 333164, and by U.S. Mail to Melinda Fleming, Judicial Assistant  to the Honorable Garcia-Wood, Marina., Broward County Courthouse, 201 SE 6th Street, Room 780, Fort Lauderdale, FL 33301, this 3rd day of February, 2015.

Respectfully Submitted,

THE MAYNE LAW FIRM, P.A.
Attorneys for **DEFENDANTS, THOMPSON-SMITH & ASSOCIATES, LLC, and GEORGIA THOMPSON-SMITH,**
The Crexent Building
12401 Orange Drive, Suite 132
Davie, FL 33330
Telephone:786.663.2911
Facsimile: 877.350.7501

Natasha D. Mayne, Esq.
Florida Bar No. 571466
nmayne@maynelawfirm.com

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 470, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711**

---

[1] Coordinated with opposing counsel's office on February 3, 2015.

Case 0:17-cv-60426-JAL Document 1 Entered on FLSD Docket 01/20/2017 Page 22 of 293
Case 16-24241-LMI Doc 75 Filed 02/24/17 Page 44 of 318
17th flcourts Page 1 of 1

## 17th Judicial Circuit

**Case Schedule Receipt:**

| | |
|---|---|
| Sequence Number: | **11** |
| Judge Name: | Garcia-Wood, Marina |
| Case Number: | CACE14023998 |
| Schedule Date: | 02/26/2015 |
| Scheduling Attorney Name: | Natasha, Denise-Louise, Mayne |
| Motion Title: | DEFEDANT'S MOTION FOR EXTENTION OF TIME TO ANSWER COMPLAINT. |
| Case Entry Date: | Tue Feb 03 11:52:54 EST 2015 |

| Back | Print |
|---|---|



THE CRESENT
BUILDING
12401 ORANGE DRIVE
SUITE 132
DAVIE, FL 33330

TELEPHONE: (786) 663-2911
FACSIMILE: (877) 350-7501
www.MayneFirmGroup.com

NATASHA D. MAYNE, ESQ.
EMAIL:nmayne@maynelawfirm.com

February 5, 2015

**The Honorable Marina Garcia-Wood**
Broward County Circuit Court Judge
201 SE 6th Street, **Room 780**
Fort Lauderdale, FL 33301

Re:    Case No.: CACE-2014- 023998- NSA TWO FINANCIAL, LLC, a Florida limited liability
company V. **THOMPSON-SMITH & ASSOCIATES, LLC,** a Florida limited liability company; and
**GEORGIA THOMPSON-SMITH,** Individual.

Dear Judge Garcia-Wood:

Enclosed please find the parties AGREED ORDER REGARDING DEFENDANT'S MOTION FOR
EXTENTION OF TIME, along with sufficient copies and return envelopes.

If the proposed orders meet with Your Honor's approval, we would appreciate your entering the orders and
causing conformed copies of same to be mailed to us.  If a hearing is necessary or should you require anything
further from us, please have your Judicial Assistant contact us at your earliest convenience.

Respectfully Submitted,

THE MAYNE LAW FIRM



Natasha D. Mayne, Esq.

cc : Haber, Stief & Blank, LLP. (Email Only)

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA**

Case No.: CACE-14-023998
Division: 18

**NSA TWO FINANCIAL, LLC,** a Florida
limited liability company,

**Plaintiff,**
   **v.**

**THOMPSON-SMITH & ASSOCIATES,
LLC,** a Florida limited liability
company; and **GEORGIA THOMPSON-SMITH,**
Individual

**Defendants,**
_____/

## AGREED ORDER REGARDING DEFENDANTS' MOTION FOR EXTENSION OF TIME

   THIS CAUSE, having come before the Court upon the agreement of the parties and the Court being otherwise fully advised in the premises, it is hereby:

ORDERED AND ADJUDGED that:

   1.  DEFENDANTS' Motion for Extension of Time is GRANTED.

   2.  DEFENDANTS shall have an enlargement of time until February 20, 2015, to respond to the Plaintiff's Complaint.

   3.  This Court reserves jurisdiction to enforce this order.

   **DONE AND ORDERED** in Chambers, at Broward County, Florida this _____ day of _____, 2015.


_____
Circuit Court Judge

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA**

Case No.: CACE-14-023998
Division: 18

**NSA TWO FINANCIAL, LLC,** a Florida
limited liability company,

**Plaintiff,**

v.

**THOMPSON-SMITH & ASSOCIATES,
LLC,** a Florida limited liability
company**;** and **GEORGIA THOMPSON-SMITH,**
Individual

**Defendants,**

_____/

### AGREED ORDER REGARDING DEFENDANTS' MOTION FOR EXTENSION OF TIME

THIS CAUSE, having come before the Court upon the agreement of the parties and the Court being otherwise fully advised in the premises, it is hereby:

ORDERED AND ADJUDGED that:

      1.   DEFENDANTS' Motion for Extension of Time is GRANTED.

      2.   DEFENDANTS shall have an enlargement of time until February 20, 2015, to respond to the Plaintiff's Complaint.

      3.   This Court reserves jurisdiction to enforce this order.

**DONE AND ORDERED** in Chambers, at Broward County, Florida this _____ day of _____, 2015.

TRUE COPY

_____
Circuit Court Judge

FEB 1 0 2015

MARINA GARCIA-WOOD

TRUE COPY

Case 0:17-cv-60533-JEM   Case 16-24241-bkc   Doc 75   Filed 02/24/17   on FLSD Docket 01/20/2017   Page 49 of 318   Page 38 of 293

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA**

<div style="text-align:right">

Case No.: CACE-14-023998
Division: 18

</div>

**NSA TWO FINANCIAL, LLC,** a Florida
limited liability company,
**Plaintiff/Counter-Defendant.**

v.

**THOMPSON-SMITH & ASSOCIATES,
LLC,** a Florida limited liability
company; and **GEORGIA THOMPSON-SMITH,**
Individual
**Defendants/Counter-Plaintiffs',**

_____/

<div style="text-align:center">

**DEFENDANT'S, THOMPSON-SMITH & ASSOCIATES, LLC,
MOTION FOR EXTENSION OF TIME TO ANSWER COMPLAINT.**

</div>

    **DEFENDANT'S, THOMPSON-SMITH & ASSOCIATES, LLC** ("TSA") and **GEORGIA THOMPSON-SMITH** ("Smith") (collectively, "Defendants"), by and through his undersigned counsel, hereby responds to the consecutively numbered allegations of **PLAINTIFF'S, NSA TWO FINANCIAL, LLC** ("Plaintiff"), Complaint, and as grounds therefore states:

**I.**      **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT.**

    1.     Defendants deny the allegations contained in Paragraph 1 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

    2.     Defendants deny the allegations contained in Paragraph 2 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

    3.     The allegations contained in Paragraph 3 are admitted upon information and belief.

    4.     Defendants deny the allegations contained in Paragraph 4.

    5.     The allegations contained in Paragraph 5 are admitted upon information and belief.

    6.     Defendants admit that "TSA is a Florida limited liability company." Defendants deny the remaining allegations contained in Paragraph 6.

    7.     The allegations contained in Paragraph 7 are admitted upon information and belief.

    8.     The allegations contained in Paragraph 8 are admitted upon information and belief.

1 | P a g e

9. The allegations contained in Paragraph 9 are admitted upon information and belief.

10. Defendants deny the allegations contained in Paragraph 10.

11. The allegations contained in Paragraph 11 are admitted upon information and belief, by denies that Plaintiff has no access.

12. The allegations contained in Paragraph 12 are admitted upon information and belief.

13. The allegations contained in Paragraph 13 are admitted upon information and belief.

14. The allegations contained in Paragraph 14 are admitted upon information and belief.

15. The allegations contained in Paragraph 15 are admitted upon information and belief.

16. Defendants deny the allegations contained in Paragraph 16.

17. The allegations contained in Paragraph 17 are admitted upon information and belief.

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants deny the allegations contained in Paragraph 19.

20. Defendants deny the allegations contained in Paragraph 20 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

21. Defendants deny the allegations contained in Paragraph 21 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

22. No response necessary as to paragraph 22.

## COUNT I – BREACH OF CONTRACT - DAMAGES

23. Defendants reallege and incorporate by reference the admissions and denials contained in Paragraphs 1 through 22 as though fully set forth herein.

24. The allegations contained in Paragraph 24 are admitted upon information and belief.

25. The allegations contained in Paragraph 25 are admitted upon information and belief.

26. Defendants deny the allegations contained in Paragraph 26 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

2 | P a g e

27.     Defendants deny the allegations contained in Paragraph 27 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

## COUNT II – BREACH OF CONTRACT – INJUNCTIVE RELIEF

28.     Defendants reallege and incorporate by reference the admissions and denials contained in Paragraphs 1 through 22 as though fully set forth herein.

29.     The allegations contained in Paragraph 29 are admitted upon information and belief.

30.     The allegations contained in Paragraph 30 are admitted upon information and belief.

31.     Defendants deny the allegations contained in Paragraph 31 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

32.     Defendants deny the allegations contained in Paragraph 32 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

33.     Defendants deny the allegations contained in Paragraph 33 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

34.     Defendants deny the allegations contained in Paragraph 34 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

35.     Defendants deny the allegations contained in Paragraph 35 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

36.     Defendants deny the allegations contained in Paragraph 36 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

## COUNT III – VIOLATION OF §605.0410, FLORIDA STATUTE

37.     Defendants reallege and incorporate by reference the admissions and denials contained in Paragraphs 1 through 22 as though fully set forth herein.

38.     The allegations contained in Paragraph 38 are admitted upon information and belief.

39.     The allegations contained in Paragraph 39 are admitted upon information and belief.

40.     Defendants deny the allegations contained in Paragraph 40 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

41. Defendants deny the allegations contained in Paragraph 41 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

42. Defendants deny the allegations contained in Paragraph 42 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

43. Defendants deny the allegations contained in Paragraph 43 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

44. Defendants deny the allegations contained in Paragraph 43 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

45. The allegations contained in Paragraph 39 are admitted upon information and belief.

**WHEREFORE, DEFENDANT'S, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH**, having answered **PLAINTIFF'S, NSA TWO FINANCIAL, LLC**, Complaint, through their counsel, requests this Court to grant only the relief specifically admitted by both parties in their respective pleadings, dismiss or deny all other relief requested by the Defendants, and award Defendants what is just and proper.

## II. <u>DEFENDANTS' AFFIRMATIVE DEFENSES TO COMPLAINT.</u>

1. The Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff, by and through its sole owner/ Managing Member, Alex Feldman ("Feldman") or Feldman's agents, breached and violated TSA's Operating Agreement ("Agreement") by:

    (1) attempting to extort monies from TSA with ridiculous monetary demands to put TSA in financial difficulties on or about September 10, 2014 and continuing;

    (2) prematurely demanding profits from TSA;

    (3) threatening that if certain monies where not had by Plaintiff that monies will be unilaterally taken from TSA's business account on or about September 10, 2014;

    (4) intentionally disrupting TSA's telecommunications system by unilaterally contacting TSA's telephone company, C Beyond, to redirect TSA's telephone calls and facsimiles to an unworking number (954.222.333) to interrupt the business as Feldman was the only person to have access to manage TSA's telephone account on or about September 16, 2014 (not even Smith has the access code);

4 | P a g e

> (5) intentionally disrupting TSA's tax software system by unilaterally contacting Intuit, TSA's tax software company, to change ownership of TSA's account from TSA to Tax Advisory Partners which was done by Feldman's girlfriend, Mariela Arroyo[1], who submitted a request on September 29, 2014;and
>
> (6) stealing and/or soliciting current clients of TSA (which were former clients of Feldman's girlfriend, Mariela Arroyo) beginning on or about October 10, 2014 as there is a non-compete in place (see foot note 1), and such behavior continues to date.

The above-referenced events illustrate that Plaintiff has embarked on an unstoppable and relentless pattern of bad-faith conduct since September 10, 2014, against TSA and Smith.  Defendants have given Plaintiff numerous dates to review any and all financial documents of TSA, but have refused to provide him with the client lists and any other related records.  Plaintiff's request for client lists or any other associated documents are not for a proper purpose.  His demand for such records is clearly made in bad faith.  To date, Plaintiff has failed to describe with reasonable particularity his purpose for wanting the client lists of TSA, he is not an account and has no good reason to want such information, but to steal clients and disrupt the business of TSA.  The request for TSA's client list is directly connected to his bad-faith purpose to destroy the establishment and integrity of TSA.  Smith, as 85% owner, the sole accountant owner of TSA, managing member and to preserve TSA, has the right to deny Plaintiff's request for TSA's client list and other associated documents as his conduct for the past year has shown such request is for an improper purpose.

As a result, Plaintiff is in violation Sections 605.04091 and 605.04091(3), Florida Statutes.  Sections 605.04091, Florida Statutes, which provides that Plaintiff, as a member of TSA owes fiduciary duties of loyalty and care to TSA and to its member, Smith. The duty of loyalty is expressly limited to (a) accounting to the LLC and holding as trustee for it any property, profit, or benefit derived by the manager or member in (1) the conduct . . . of the company's activities and affairs; (2) the use by the member or manager of the company's property; or (3) the appropriation of a company opportunity. The duty of loyalty is also described as (b) refraining from dealing with TSA with an interest adverse to the sole benefit of TSA,; and (c) refraining from competing with TSA before a .  Under section 605.04091(3), Florida Statutes, the duty of care is limited to the conduct or winding up of the company's activities and affairs by refraining from engaging in grossly negligent or reckless conduct, willful or intentional misconduct, or a knowing violation of law.

2. The Plaintiff's claims are barred because Plaintiff breached the covenant of good faith and fair dealing implicit in all agreements or contracts under Florida law by committing the above referenced acts.

---

[1] TSA (formerly known as Excelsior Tax and Accounting Advisor, LLC) purchased Savetax Financial, Inc., which was solely owned by Feldman's long-term girlfriend and mother of his children, Mariela Arroyo.  In the Practice Purchase Agreement dated January 12, 2014, between Savetax Financial, Inc. and TSA, there is a five year non-compete clause.

3.  Plaintiff's claims are barred by Plaintiff's as he first breached the Agreement by committing the above referenced acts.

4.  Plaintiff's claims are barred by the doctrine of estoppel. Due to Plaintiff's breach of the Agreement as describe above.

## III.  **DEFENDANTS/COUNTER-PLAINTIFFS' COUNTER-CLAIM.**

**PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** ("TSA") and **GEORGIA THOMPSON-SMITH** ("Smith") (collectively, "Plaintiffs" or "Counter-Plaintiffs"), by and through their undersigned counsel, files this counterclaim against **DEFENDANT, NSA TWO FINANCIAL, LLC** ("NSA"), and alleges:

1.  This is an action for damages in excess of Fifteen Thousand Dollars and 00/100 ($15,000.00), exclusive of interest, costs and attorneys' fees, and is within the jurisdiction of this Court.

2.  TSA is a Florida limited liability company authorized to and doing business in Broward County, Florida.

3.  NSA is a Florida limited liability company authorized to and doing business in Broward County, Florida.

4.  Smith is a resident of Miami-Dade County, Florida, over the age of eighteen (18) and *sui juris.*

5.  Venue is proper in Broward County, Florida, because the cause of action set forth herein accrued there.

6.  Counter-Plaintiffs have performed all conditions precedent to the institution of this action or the conditions have been excused or waived.

### **BACKGROUND FACTS AND INFORMATION**

7.  TSA is a Florida limited liability company authorized to and doing business in Broward County, Florida, duly formed on or about December 19, 2013.

8.  TSA is a new company as it is 1.2 years old.

9.  TSA is an accounting firm providing accounting/payroll services and all other related accounting services.

10.  TSA is owned by two members:

> ***Member #1:***
> NSA, by and through Alex Feldman ("Feldman"), is **15%** owner of TSA.  Mr. Feldman is not an accountant.

> ***Member #2:***

6 | P a g e

>Georgia Smith is **85%** owner of TSA. Mrs. Smith is a certified public accountant and the managing member and an employee of TSA.

11.  NSA and Smith entered into an *Operating Agreement* for TSA, which is attached hereto as ***Exhibit "A."***

12.  To generate business, TSA decided to purchase two established businesses and took out a loan with Small Business Association from CBC National Bank for the total amount of **Eight Hundred Fifty-Nine Thousand Seven Hundred Dollars** ($859,700.00) on or about January 2014, which was guaranteed solely by Smith ("SBA Loan").

13.  The SBA loan remains outstanding to date.

14.  Once the SBA Loan was received by TSA, on or about January 13, 2014, for the total purchase price of **Four Hundred Fifty Thousand Dollars** ($450,000), TSA purchased Savetax Financial, Inc. from Feldman's long-term girlfriend and mother of his three (3) children, Mariela Arroyo ("Arroyo") ("Purchase 1").

15.  At the same time, for the total purchase price of **Five Hundred Seventy Five Thousand Dollars** ($575,000), TSA purchased Wittlin, Dry & Dry CPA's, P.A. ("Purchase 2").

16.  At all material times, TSA maintains all of its books and records, including those records under Florida Statutes Chapter 605, at its principal office, located at 3601 West Commercial Boulevard, Suite 14, Fort Lauderdale, Florida, 33309 ("Office").

17.  NSA has always has access to the financial records of TSA.

18.  At all material times, Smith, as the managing member, maintains its duties of loyalty and care to TSA and Plaintiff pursuant to Sections 605.04091 and 605.04091(3), Florida Statutes.

19.  However, since September 10, 2014, NSA, by and through its sole owner/ Managing Member, Feldman or Feldman's agents has embarked on an unstoppable and relentless pattern of bad-faith and disloyalty against TSA and Smith. At all material times, the development and integrity of TSA is second to the benefit and greed of Feldman and NSA as Feldman continues to engage in grossly negligent or reckless conduct, willful or intentional misconduct to destroy TSA.

20.  For example, beginning on September 10, 2014, Feldman emailed Smith demanding $11,000 of the remaining $81,000 SBA Loan from which was used by TSA for working capital. Feldman expressed to Smith that such monies should have been returned to NSA because it was an "overpayment based on an initially higher than expected closing cost." On or about September 12, 2014, Tom Maiale, Group Vice President of CBC National Bank, emailed to confirm that based on the SBA Loan funding rules, and the loan documentation, no refund was due neither NSA nor Feldman.

21.  TSA's refusal to provide NSA/Feldman with the $11,000 ignited Feldman to begin a war to destroy TSA by taking adverse measures to the best interest of TSA.

7 | P a g e

22.    Thereafter, Feldman consistently and systematically demanded that Smith issue a check to NSA for $11,000 or he would issue the check himself if he did not hear from Smith.  Smith refused.

23.    On or about September 11, 2014, Smith informed Feldman that since he expressed plans to withdraw $11,000 from TSA's account she would transferred the money to a new account to protect the interest of TSA. Smith did so and provided Feldman with the username and password to log in and view the account activity, but he would not have transactional authority.

24.    On or about September 12, 2014, Tanya Vargas, Manager of Wells Fargo Bank called to inform Smith that Feldman called to complain about allowing Smith to transfer the funds to a new account limiting his access.

25.    As a result, the bank froze the account, thereby denying both parties access to TSA's account and interrupted TSA's business as it was unable to pay TSA's bills and maintain the firm.

26.    On or about September 15, 2014, an e-mail was found in TSA's office computer that was used by Arroyo, Feldman's girlfriend, confirming that Feldman directed C Beyond, TSA's the telephone company, to redirect TSA's fax number from TSA's email to Arroyo's email.

27.    On or about September 16, 2014, C Beyond confirmed that the main phone line from Savetax (Purchase #1) which was manually forwarded to TSA's main phone number, had been re-forwarded to a nonworking phone number, (954) 222-3333. Feldman was the only person with the access to manage TSA's telephone account.

28.    On or about October 1, 2014, a TSA client, whom TSA provides payroll services to, emailed TSA stating that Arroyo contacting him advising that she will now be taking care of his payroll from now on.  ***To date, Feldman/NSA has been and continues to actively solicit the current clients of TSA in-person and by phone and emails.***

29.    On or about October 7, 2014, TSA contacted Intuit, its support service for its tax software, and was informed that TSA's account was changed into the name Tax Advisory Partners.  On or about September 29, 2014, Intuit confirmed that Arroyo submitted a request to change the name on the account.    This software was purchased when TSA purchased Savetax, Purchase #1.

30.    On or about October 10, 2014, numerous TSA clients provided Smith with an email from Carolyn Nicotra (a retired Savetax employee), stating that she is back from retirement and soliciting their work.  That same day, Feldman requested a meeting to inspect and copy TSA's records.  Smith advised that that he had the right to inspect and copy the financial records and gave him access numerous times.

31.    However, Feldman wanted to inspect and copy not only TSA's financial records, but his principal aim was to inspect and copy TSA's client list which included the original clients of Smith and the client list from Purchase #2.  Smith solely denied his access to TSA's client list as he wanted same for an improper purpose to steal all TSA's clients by soliciting them to join Arroyo's new accounting company.

8|Page

32.     That same day, Smith informed Feldman that TSA's locks to the Office has been changed and that he could visit anytime during regular business hours to inspect and copy TSA's financial documents at that time.

33.     Plaintiffs have engaged the undersigned law firm to represent them in this action and agreed to pay a reasonable fee for services.

34.     Each cause of action is plead in the alternative.

### COUNT I- BREACH OF THE STATUTORY DUTY OF LOYALTY

35.     Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

36.     Pursuant to Section 605.04091(1), Florida Statutes, NSA, a member of TSA, owed a statutory duty of loyalty to TSA and Smith.

37.     NSA materially breached the statutory duty of loyalty by:

    A. Failing to account to TSA, and to hold as trustee for TSA, property, profit or benefit derived by NSA in the conduct of the business of TSA, or derived from a use by NSA of the property TSA, including the appropriation of a limited liability company opportunity;

    B. Dealing with TSA, in the conduct of its business, as or on behalf of a party having an interest adverse to TSA; and

    C. Directly competing with TSA, before the dissolution of TSA.

38.     As a result of NSA's material breaches of the duty of loyalty under Section 605.04091, Florida Statutes, Smith and TSA have suffered damages.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH**, demand judgment in their favor and against **DEFENDANT, NSA TWO FINANCIAL, LLC**, for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

### COUNT II - BREACH OF THE STATUTORY DUTY OF CARE

39.     Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

40.     Pursuant to Section 605.04091 (3), Florida Statutes, NSA, a member of TSA, owed a statutory duty of care to TSA and Smith to avoid engaging in grossly negligent or reckless conduct, intentional misconduct, and/or knowingly violations of the law.

41.     NSA materially breached the statutory duty of loyalty by engaging in grossly negligent or reckless conduct, intentional misconduct, and/or knowingly violations of the law, as more fully set forth in paragraphs 7-32, above.

42.   As a result of NSA's material breaches of the duty of care under Section 605.04091 (3), Florida Statutes, Smith and TSA have suffered damages.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH**, demand judgment in their favor and against **DEFENDANT, NSA TWO FINANCIAL, LLC**, for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

### COUNT III- BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

43.   Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

44.   Pursuant to Section 605.04091, Florida Statutes, NSA, a member of TSA, owed a statutory duty to discharge his duties to TSA and Smith under TSA's Operating Agreement, consistent with the obligation of good faith and fair dealing.

45.   The Agreement between Smith and NSA also contains an implied covenant of good faith and fair dealings.

46.   NSA materially breached the express terms of the Operating Agreement, and his actions more fully set forth in paragraphs 7-32, above, constitute material breaches of both the statutory and contractual implied covenant of good faith and fair dealing.

47.   As a direct and proximate result of NSA's material breaches of the covenant of good faith and fair dealing, Smith and TSA have suffered damages.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH**, demand judgment in their favor and against **DEFENDANT, NSA TWO FINANCIAL, LLC**, for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

### COUNT IV - BREACH OF COMMON LAW FIDUCIARY DUTIES

48.   Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

49.   NSA, a member of TSA, owed Smith AND TSA common law fiduciary duties, a duty of loyalty, and duties not to engage in disloyal acts in anticipation of future competition.

50.   Further, NSA was bound by a duty to not compete with TSA or Smith concerning the business activities of TSA and Smith.

51.   In anticipation of its future competition with TSA and Smith, NSA engaged in disloyal acts in violation of her fiduciary duties and duties of loyalty to TSA and Smith.

52.   As a direct and proximate result of NSA's material breaches of its fiduciary duties and duties of loyalty to TSA and Smith, Smith and TSA have suffered damages.

10 | P a g e

53.    As a direct and proximate result of NSA's material breaches of its fiduciary duties and duties of loyalty to TSA and Smith, Smith and TSA have been, are, and are likely to continue to be, substantially and irreparably injured in their business.

54.    NSA or through its agents, knowingly, willingly and maliciously breached its fiduciary duties as set forth herein.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH**, demand judgment in their favor and against **DEFENDANT, NSA TWO FINANCIAL, LLC**, for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

### COUNT V – TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

55.    Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

56.    NSA interfered with Plaintiff's prospective business relationships by soliciting current clients of Plaintiffs in-person, phone and emails.

57.    As a direct and proximate result of NSA's conduct, Plaintiffs have incurred damages, including, but not limited to, lost business opportunities, lost revenues, attorneys' fees and other costs and expenses.

58.    Plaintiffs hereby reserves any and all rights to seek leave to amend this Count to add a claim for punitive damages pursuant to Section 786.72, Florida Statutes.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH**, demand judgment in their favor and against **DEFENDANT, NSA TWO FINANCIAL, LLC**, for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

### COUNT VI – INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

59.    Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

60.    TSA maintained certain contractual relationships for accounting or other associated accounting services.

61.    NSA knew that TSA maintained such contractual relationships.

62.    NSA have contacted persons who it knew, or should have known, to be under contract with TSA, and, in doing so, have intentionally and without justification interfered with the contractual relationships of TSA.

63.    NSA directly, intentionally, and without justification committed acts including, but not limited to, the acts more fully described in paragraphs 7-32 herein, soliciting current

clients of Plaintiffs in-person, phone and emails, and such acts were designed to interfere or disrupt the contractual relationships for accounting or other associated accounting services.

64. As a result of the wrongful acts of NSA more fully described herein, the contractual relationships of TSA, for accounting or other associated accounting services have been disrupted.

65. As a direct and proximate result of the intentional wrongful acts of NSA, Plaintiffs have been damages.

66. As a direct and proximate result of the intentional wrongful acts of NSA, Plaintiffs have been, are, and are likely to continue to be, substantially and irreparably injured in their business.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH**, demand judgment in their favor and against **DEFENDANT, NSA TWO FINANCIAL, LLC,** for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

### <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by Electronic Mail, upon Jason H. Haber, Esq., HABER BLANK, Attorneys for Plaintiffs, eservice@haberblank.com, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, FL 33316, this 20th day of February, 2015.

Respectfully Submitted,

THE MAYNE LAW FIRM, P.A.
Attorneys for **DEFENDANTS,**
**THOMPSON-SMITH & ASSOCIATES,**
**LLC, and GEORGIA THOMPSON-**
**SMITH,**
The Crexent Building
12401 Orange Drive, Suite 132
Davie, FL 33330
Telephone:786.663.2911
Facsimile: 877.350.7501

By:_____
Natasha D. Mayne, Esq.
Florida Bar No. 571466
nmayne@maynelawfirm.com

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,**
**IN AND FOR BROWARD COUNTY, FLORIDA**

Case No.: CACE-14-023998
Division: 18

**NSA TWO FINANCIAL, LLC,** a Florida
limited liability company,
**Plaintiff/Counter-Defendant.**

v.

**THOMPSON-SMITH & ASSOCIATES,**
**LLC,** a Florida limited liability
company; and **GEORGIA THOMPSON-SMITH,**
Individual
**Defendants/Counter-Plaintiffs',**

_____/

**DEFENDANT'S, THOMPSON-SMITH**
**& ASSOCIATES, LLC. AND GEORGIA THOMPSON-SMITH,**
**AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTER-COMPLAINT.**

**DEFENDANT'S, THOMPSON-SMITH & ASSOCIATES, LLC** ("TSA") and **GEORGIA THOMPSON-SMITH** ("Smith") (collectively, "Defendants"), by and through his undersigned counsel, hereby responds to the consecutively numbered allegations of **PLAINTIFF'S, NSA TWO FINANCIAL, LLC** ("Plaintiff"), Complaint, and as grounds therefore states:

**I.** <u>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT.**</u>

1. Defendants deny the allegations contained in Paragraph 1 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

2. Defendants deny the allegations contained in Paragraph 2 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

3. The allegations contained in Paragraph 3 are admitted upon information and belief.

4. Defendants deny the allegations contained in Paragraph 4.

5. The allegations contained in Paragraph 5 are admitted upon information and belief.

6. Defendants admit that "TSA is a Florida limited liability company." Defendants deny the remaining allegations contained in Paragraph 6.

7. The allegations contained in Paragraph 7 are admitted upon information and belief.

8.      The allegations contained in Paragraph 8 are admitted upon information and belief.

9.      The allegations contained in Paragraph 9 are admitted upon information and belief.

10.     Defendants deny the allegations contained in Paragraph 10.

11.     The allegations contained in Paragraph 11 are admitted upon information and belief, by denies that Plaintiff has no access.

12.     The allegations contained in Paragraph 12 are admitted upon information and belief.

13.     The allegations contained in Paragraph 13 are admitted upon information and belief.

14.     The allegations contained in Paragraph 14 are admitted upon information and belief.

15.     The allegations contained in Paragraph 15 are admitted upon information and belief.

16.     Defendants deny the allegations contained in Paragraph 16.

17.     The allegations contained in Paragraph 17 are admitted upon information and belief.

18.     Defendants deny the allegations contained in Paragraph 18.

19.     Defendants deny the allegations contained in Paragraph 19.

20.     Defendants deny the allegations contained in Paragraph 20 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

21.     Defendants deny the allegations contained in Paragraph 21 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

22.     No response necessary as to paragraph 22.

## COUNT I – BREACH OF CONTRACT - DAMAGES

23.     Defendants reallege and incorporate by reference the admissions and denials contained in Paragraphs 1 through 22 as though fully set forth herein.

24.     The allegations contained in Paragraph 24 are admitted upon information and belief.

25.     The allegations contained in Paragraph 25 are admitted upon information and belief.

2|Page

26.     Defendants deny the allegations contained in Paragraph 26 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

27.     Defendants deny the allegations contained in Paragraph 27 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

### COUNT II – BREACH OF CONTRACT – INJUNCTIVE RELIEF

28.     Defendants reallege and incorporate by reference the admissions and denials contained in Paragraphs 1 through 22 as though fully set forth herein.

29.     The allegations contained in Paragraph 29 are admitted upon information and belief.

30.     The allegations contained in Paragraph 30 are admitted upon information and belief.

31.     Defendants deny the allegations contained in Paragraph 31 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

32.     Defendants deny the allegations contained in Paragraph 32 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

33.     Defendants deny the allegations contained in Paragraph 33 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

34.     Defendants deny the allegations contained in Paragraph 34 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

35.     Defendants deny the allegations contained in Paragraph 35 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

36.     Defendants deny the allegations contained in Paragraph 36 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

### COUNT III – VIOLATION OF §605.0410, FLORIDA STATUTE

37.     Defendants reallege and incorporate by reference the admissions and denials contained in Paragraphs 1 through 22 as though fully set forth herein.

38.     The allegations contained in Paragraph 38 are admitted upon information and belief.

39.     The allegations contained in Paragraph 39 are admitted upon information and belief.

40.     Defendants deny the allegations contained in Paragraph 40 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

3 | P a g e

41.     Defendants deny the allegations contained in Paragraph 41 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

42.     Defendants deny the allegations contained in Paragraph 42 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

43.     Defendants deny the allegations contained in Paragraph 43 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

44.     Defendants deny the allegations contained in Paragraph 43 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

45.     The allegations contained in Paragraph 39 are admitted upon information and belief.

**WHEREFORE, DEFENDANT'S, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH**, having answered **PLAINTIFF'S, NSA TWO FINANCIAL, LLC**, Complaint, through their counsel, requests this Court to grant only the relief specifically admitted by both parties in their respective pleadings, dismiss or deny all other relief requested by the Defendants, and award Defendants what is just and proper.

## II.   DEFENDANTS' AFFIRMATIVE DEFENSES TO COMPLAINT.

1.   The Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff, by and through its sole owner/ Managing Member, Alex Feldman ("Feldman") or Feldman's agents, breached and violated TSA's Opertaing Agreement ("Agreement") by:

(1) attempting to extort monies from TSA with ridiculous monetary demands to put TSA in financial difficulties on or about September 10, 2014 and continuing;

(2) prematurely demanding profits from TSA;

(3) threatening that if certain monies where not had by Plaintiff that monies will be unilaterally taken from TSA's business account on or about September 10, 2014;

(4) intentionally disrupting TSA's telecommunications system by unilaterally contacting TSA's telephone company, C Beyond, to redirect TSA's telephone calls and facsimiles to an unworking number (954.222.333) to interrupt the business as Feldman was the only person to have access to manage TSA's telephone account on or about September 16, 2014 (not even Smith has the access code);

(5) intentionally disrupting TSA's tax software system by unilaterally contacting Intuit, TSA's tax software company, to change ownership of TSA's account from TSA to Tax Advisory Partners which was done by Feldman's girlfriend, Mariela Arroyo[1], who submitted a request on September 29, 2014;and

(6) stealing and/or soliciting current clients of TSA (which were former clients of Feldman's girlfriend, Mariela Arroyo) beginning on or about October 10, 2014 as there is a non-compete in place (see foot note 1), and such behavior continues to date. *__To date, NSA has been and continues to actively solicit the current clients of TSA in-person and by phone and emails__*

---

[1] TSA (formerly known as Excelsior Tax and Accounting Advisor, LLC) purchased Savetax Financial, Inc., which was solely owned by Feldman's long-term girlfriend and mother of his children, Mariela Arroyo. In the Practice Purchase Agreement dated January 12, 2014, between Savetax Financial, Inc. and TSA, there is a five year non-compete clause.

The above-referenced events illustrate that Plaintiff has embarked on an unstoppable and relentless pattern of bad-faith conduct since September 10, 2014, against TSA and Smith. Defendants have given Plaintiff numerous dates to review any and all financial documents of TSA, but have refused to provide him with the client lists and any other related records. Plaintiff's request for client lists or any other associated documents are not for a proper purpose. His demand for such records is clearly made in bad faith. To date, Plaintiff has failed to describe with reasonable particularity his purpose for wanting the client lists of TSA, he is not an account and has no good reason to want such information, but to steal clients and disrupt the business of TSA. The request for TSA's client list is directly connected to his bad-faith purpose to destroy the establishment and integrity of TSA. Smith, as 85% owner, the sole accountant owner of TSA, managing member and to preserve TSA, has the right to deny Plaintiff's request for TSA's client list and other associated documents as his conduct for the past year has shown such request is for an improper purpose.

As a result, Plaintiff is in violation Sections 605.04091 and 605.04091(3), Florida Statutes. Sections 605.04091, Florida Statutes, which provides that Plaintiff, as a member of TSA owes fiduciary duties of loyalty and care to TSA and to its member, Smith. The duty of loyalty is expressly limited to (a) accounting to the LLC and holding as trustee for it any property, profit, or benefit derived by the manager or member in (1) the conduct . . . of the company's activities and affairs; (2) the use by the member or manager of the company's property; or (3) the appropriation of a company opportunity. The duty of loyalty is also described as (b) refraining from dealing with TSA with an interest adverse to the sole benefit of TSA,; and (c) refraining from competing with TSA before a . Under section 605.04091(3), Florida Statutes, the duty of care is limited to the conduct or winding up of the company's activities and affairs by refraining from engaging in grossly negligent or reckless conduct, willful or intentional misconduct, or a knowing violation of law.

2. The Plaintiff's claims are barred because Plaintiff breached the covenant of good faith and fair dealing implicit in all agreements or contracts under Florida law by committing the above referenced acts.

3. Plaintiff's claims are barred by Plaintiff's as he first breached the Agreement by committing the above referenced acts.

4. Plaintiff's claims are barred by the doctrine of estoppel. Due to Plaintiff's breach of the Agreement as describe above.

## III.   DEFENDANTS/COUNTER-PLAINTIFFS' COUNTER-CLAIM/COMPLAINT.

**PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** ("TSA") and **GEORGIA THOMPSON-SMITH** ("Smith") (collectively, "Plaintiffs" or "Counter-Plaintiffs"), by and through their undersigned counsel, files this counterclaim against **DEFENDANT, NSA TWO FINANCIAL, LLC** ("NSA"), and alleges:

1.      This is an action for damages in excess of Fifteen Thousand Dollars and 00/100 ($15,000.00), exclusive of interest, costs and attorneys' fees, and is within the jurisdiction of this Court.

2.      TSA is a Florida limited liability company authorized to and doing business in Broward County, Florida.

3.      NSA is a Florida limited liability company authorized to and doing business in Broward County, Florida.

4.      Smith is a resident of Miami-Dade County, Florida, over the age of eighteen (18) and *sui juris*.

5.      Venue is proper in Broward County, Florida, because the cause of action set forth herein accrued there.

6.      Counter-Plaintiffs have performed all conditions precedent to the institution of this action or the conditions have been excused or waived.

### BACKGROUND FACTS AND INFORMATION

7.      TSA is a Florida limited liability company authorized to and doing business in Broward County, Florida, duly formed on or about December 19, 2013.

8.      TSA is a new company as it is 1.2 years old.

9.      TSA is an accounting firm providing accounting/payroll services and all other related accounting services.

10.     TSA is owned by two members:

> ***Member #1:***
> NSA, by and through Alex Feldman ("Feldman"), is **15%** owner of TSA.  Mr. Feldman is not an accountant.

> ***Member #2:***
> Georgia Smith is **85%** owner of TSA.  Mrs. Smith is a certified public accountant and the managing member and an employee of TSA.

11.     NSA and Smith entered into an *Operating Agreement* for TSA, which is attached hereto as ***Exhibit "A."***

7 | P a g e

12.     To generate business, TSA decided to purchase two established businesses and took out a loan with Small Business Association from CBC National Bank for the total amount of **Eight Hundred Fifty-Nine Thousand Seven Hundred Dollars** ($859,700.00) on or about January 2014, which was guaranteed solely by Smith ("SBA Loan").

13.     The SBA loan remains outstanding to date.

14.     Once the SBA Loan was received by TSA, on or about January 13, 2014, for the total purchase price of **Four Hundred Fifty Thousand Dollars** ($450,000), TSA purchased Savetax Financial, Inc. from Feldman's long-term girlfriend and mother of his three (3) children, Mariela Arroyo ("Arroyo") ("Purchase 1").

15.     At the same time, for the total purchase price of **Five Hundred Seventy Five Thousand Dollars** ($575,000), TSA purchased Wittlin, Dry & Dry CPA's, P.A. ("Purchase 2").

16.     At all material times, TSA maintains all of its books and records, including those records under Florida Statutes Chapter 605, at its principal office, located at 3601 West Commercial Boulevard, Suite 14, Fort Lauderdale, Florida, 33309 ("Office").

17.     NSA has always has access to the financial records of TSA.

18.     At all material times, Smith, as the managing member, maintains its duties of loyalty and care to TSA and Plaintiff pursuant to Sections 605.04091 and 605.04091(3), Florida Statutes.

19.     However, since September 10, 2014, NSA, by and through its sole owner/ Managing Member, Feldman or Feldman's agents has embarked on an unstoppable and relentless pattern of bad-faith and disloyalty against TSA and Smith. At all material times, the development and integrity of TSA is second to the benefit and greed of Feldman and NSA as Feldman continues to engage in grossly negligent or reckless conduct, willful or intentional misconduct to destroy TSA.

20.     For example, beginning on September 10, 2014, Feldman emailed Smith demanding $11,000 of the remaining $81,000 SBA Loan from which was used by TSA for working capital.  Feldman expressed to Smith that such monies should have been returned to NSA because it was an "overpayment based on an initially higher than expected closing cost." On or about September 12, 2014, Tom Maiale, Group Vice President of CBC National Bank, emailed to confirm that based on the SBA Loan funding rules, and the loan documentation, no refund was due neither NSA nor Feldman.

21.     TSA's refusal to provide NSA/Feldman with the $11,000 ignited Feldman to begin a war to destroy TSA by taking adverse measures to the best interest of TSA.

22.     Thereafter, Feldman consistently and systematically demanded that Smith issue a check to NSA for $11,000 or he would issue the check himself if he did not hear from Smith.  Smith refused.

23.     On or about September 11, 2014, Smith informed Feldman that since he expressed plans to withdraw $11,000 from TSA's account she would transferred the money to a new account to protect the interest of TSA. Smith did so and provided Feldman with the username and password to log in and view the account activity, but he would not have transactional authority.

8 | P a g e

24.    On or about September 12, 2014, Tanya Vargas, Manager of Wells Fargo Bank called to inform Smith that Feldman called to complain about allowing Smith to transfer the funds to a new account limiting his access.

25.    As a result, the bank froze the account, thereby denying both parties access to TSA's account and interrupted TSA's business as it was unable to pay TSA's bills and maintain the firm.

26.    On or about September 15, 2014, an e-mail was found in TSA's office computer that was used by Arroyo, Feldman's girlfriend, confirming that Feldman directed C Beyond, TSA's the telephone company, to redirect TSA's fax number from TSA's email to Arroyo's email.

27.    On or about September 16, 2014, C Beyond confirmed that the main phone line from Savetax (Purchase #1) which was manually forwarded to TSA's main phone number, had been re-forwarded to a nonworking phone number, (954) 222-3333. Feldman was the only person with the access to manage TSA's telephone account.

28.    On or about October 1, 2014, a TSA client, whom TSA provides payroll services to, emailed TSA stating that Arroyo contacting him advising that she will now be taking care of his payroll from now on.  ***To date, Feldman/NSA has been and continues to actively solicit the current clients of TSA in-person and by phone and emails.***

29.    On or about October 7, 2014, TSA contacted Intuit, its support service for its tax software, and was informed that TSA's account was changed into the name Tax Advisory Partners.   On or about September 29, 2014, Intuit confirmed that Arroyo submitted a request to change the name on the account.   This software was purchased when TSA purchased Savetax, Purchase #1.

30.    On or about October 10, 2014, numerous TSA clients provided Smith with an email from Carolyn Nicotra (a retired Savetax employee), stating that she is back from retirement and soliciting their work.  That same day, Feldman requested a meeting to inspect and copy TSA's records.  Smith advised that that he had the right to inspect and copy the financial records and gave him access numerous times.

31.    However, Feldman wanted to inspect and copy not only TSA's financial records, but his principal aim was to inspect and copy TSA's client list which included the original clients of Smith and the client list from Purchase #2.  Smith solely denied him access to TSA's client list as he wanted same for an improper purpose to steal all TSA's clients by soliciting them to join Arroyo's new accounting company.

32.    That same day, Smith informed Feldman that TSA's locks to the Office has been changed and that he could visit anytime during regular business hours to inspect and copy TSA's financial documents at that time.

33.    Plaintiffs have engaged the undersigned law firm to represent them in this action and agreed to pay a reasonable fee for services.

34.    Each cause of action is plead in the alternative.

9|P a g e

## COUNT I- BREACH OF THE STATUTORY DUTY OF LOYALTY

35.     Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

36.     Pursuant to Section 605.04091(1), Florida Statutes, NSA, a member of TSA, owed a statutory duty of loyalty to TSA and Smith.

37.     NSA materially breached the statutory duty of loyalty by:

  A. Failing to account to TSA, and to hold as trustee for TSA, property, profit or benefit derived by NSA in the conduct of the business of TSA, or derived from a use by NSA of the property TSA, including the appropriation of a limited liability company opportunity;

  B. Dealing with TSA, in the conduct of its business, as or on behalf of a party having an interest adverse to TSA; and

  C. Directly competing with TSA, before the dissolution of TSA.

38.     As a result of NSA's material breaches of the duty of loyalty under Section 605.04091, Florida Statutes, Smith and TSA have suffered damages.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH**, demand judgment in their favor and against **DEFENDANT, NSA TWO FINANCIAL, LLC,** for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

## COUNT II - BREACH OF THE STATUTORY DUTY OF CARE

39.     Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

40.     Pursuant to Section 605.04091 (3), Florida Statutes, NSA, a member of TSA, owed a statutory duty of care to TSA and Smith to avoid engaging in grossly negligent or reckless conduct, intentional misconduct, and/or knowingly violations of the law.

41.     NSA materially breached the statutory duty of loyalty by engaging in grossly negligent or reckless conduct, intentional misconduct, and/or knowingly violations of the law, as more fully set forth in paragraphs 7-32, above.

42.     As a result of NSA's material breaches of the duty of care under Section 605.04091 (3), Florida Statutes, Smith and TSA have suffered damages.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH**, demand judgment in their favor and against **DEFENDANT, NSA TWO FINANCIAL, LLC,** for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

## COUNT III- BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

43.     Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

44.     Pursuant to Section 605.04091, Florida Statutes, NSA, a member of TSA, owed a statutory duty to discharge his duties to TSA and Smith under TSA's Operating Agreement, consistent with the obligation of good faith and fair dealing.

45.     The Agreement between Smith and NSA also contains an implied covenant of good faith and fair dealings.

46.     NSA materially breached the express terms of the Operating Agreement, and his actions more fully set forth in paragraphs 7-32, above, constitute material breaches of both the statutory and contractual implied covenant of good faith and fair dealing.

47.     As a direct and proximate result of NSA's material breaches of the covenant of good faith and fair dealing, Smith and TSA have suffered damages.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH,** demand judgment in their favor and against **DEFENDANT, NSA TWO FINANCIAL, LLC,** for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

## COUNT IV - BREACH OF COMMON LAW FIDUCIARY DUTIES

48.     Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

49.     NSA, a member of TSA, owed Smith AND TSA common law fiduciary duties, a duty of loyalty, and duties not to engage in disloyal acts in anticipation of future competition.

50.     Further, NSA was bound by a duty to not compete with TSA or Smith concerning the business activities of TSA and Smith.

51.     In anticipation of its future competition with TSA and Smith, NSA engaged in disloyal acts in violation of her fiduciary duties and duties of loyalty to TSA and Smith.

52.     As a direct and proximate result of NSA's material breaches of its fiduciary duties and duties of loyalty to TSA and Smith, Smith and TSA have suffered damages.

53.     As a direct and proximate result of NSA's material breaches of its fiduciary duties and duties of loyalty to TSA and Smith, Smith and TSA have been, are, and are likely to continue to be, substantially and irreparably injured in their business.

54.     NSA or through its agents, knowingly, willingly and maliciously breached its fiduciary duties as set forth herein.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH,** demand judgment in their favor and against

11 | P a g e

**DEFENDANT, NSA TWO FINANCIAL, LLC,** for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

## COUNT V – TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

55.    Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

56.    NSA interfered with Plaintiff's prospective business relationships by soliciting current clients of Plaintiffs in-person, phone and emails.

57.    As a direct and proximate result of NSA's conduct, Plaintiffs have incurred damages, including, but not limited to, lost business opportunities, lost revenues, attorneys' fees and other costs and expenses.

58.    Plaintiffs hereby reserves any and all rights to seek leave to amend this Count to add a claim for punitive damages pursuant to Section 786.72, Florida Statutes.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH,** demand judgment in their favor and against **DEFENDANT, NSA TWO FINANCIAL, LLC,** for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

## COUNT VI – INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

59.    Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

60.    TSA maintained certain contractual relationships for accounting or other associated accounting services.

61.    NSA knew that TSA maintained such contractual relationships.

62.    NSA have contacted persons who it knew, or should have known, to be under contract with TSA, and, in doing so, have intentionally and without justification interfered with the contractual relationships of TSA.

63.    NSA directly, intentionally, and without justification committed acts including, but not limited to, the acts more fully described in paragraphs 7-32 herein, soliciting current clients of Plaintiffs in-person, phone and emails, and such acts were designed to interfere or disrupt the contractual relationships for accounting or other associated accounting services.

64.    As a result of the wrongful acts of NSA more fully described herein, the contractual relationships of TSA, for accounting or other associated accounting services have been disrupted.

65.    As a direct and proximate result of the intentional wrongful acts of NSA, Plaintiffs have been damages.

66. As a direct and proximate result of the intentional wrongful acts of NSA, Plaintiffs have been, are, and are likely to continue to be, substantially and irreparably injured in their business.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH**, demand judgment in their favor and against **DEFENDANT, NSA TWO FINANCIAL, LLC**, for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by Electronic Mail, upon Jason H. Haber, Esq., HABER BLANK, Attorneys for Plaintiffs, eservice@haberblank.com, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, FL 33316, this 23rd day of February, 2015.

Respectfully Submitted,

THE MAYNE LAW FIRM, P.A.
Attorneys for **DEFENDANTS**,
**THOMPSON-SMITH & ASSOCIATES,**
**LLC, and GEORGIA THOMPSON-**
**SMITH,**
The Crexent Building
12401 Orange Drive, Suite 132
Davie, FL 33330
Telephone:786.663.2911
Facsimile: 877.350.7501

By:
_____
Natasha D. Mayne, Esq.
Florida Bar No. 571466
nmayne@maynelawfirm.com

**13 |** P a g e

IN THE CIRCUIT COURT OF THE  SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

Case No.: CACE-14-023998
Division:  18

**NSA TWO FINANCIAL, LLC,** a Florida
limited liability company,

**Plaintiff,**

v.

**THOMPSON-SMITH & ASSOCIATES,
LLC,** a Florida limited liability
company; and **GEORGIA THOMPSON-SMITH,**
Individual

**Defendants,**

_____/

### NOTICE FOR  HEARING

YOU ARE HEREBY NOTIFIED that the undersigned has set a hearing before the Honorable Garcia-Wood Marina, Broward County Circuit Court Judge, at the Broward County Courthouse, 201 SE 6th Street, Fort Lauderdale, FL 33301, in Room 780, on Tuesday, September 29, 2015, at 9:15 a.m., on the following matter: **MOTION TO WITHDRAW AS COUNSEL.**

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by Electronic Mail, upon 1) Jason H. Haber, Esq., HABER BLANK, Attorneys for Plaintiffs, eservice@haberblank.com, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, FL 33316, 2) Georgia Thompson-Smith, 3601 W. Commercial Blvd, Suite 14, Fort Lauderdale, FL 33309 and 3) by U.S. Mail to Melinda Fleming, Judicial Assistant  to the Honorable Garcia-Wood, Marina., Broward County Courthouse, 201 SE 6th Street, Room 780, Fort Lauderdale, FL 33301, this 23rd day of September, 2015.

Respectfully Submitted,

THE MAYNE LAW FIRM, P.A.
Attorneys for **DEFENDANTS, THOMPSON-
SMITH & ASSOCIATES, LLC, and GEORGIA
THOMPSON-SMITH,**
The Crexent Building
12401 Orange Drive, Suite 132
Davie, FL 33330
Telephone: 786.663.2911
Facsimile: 877.350.7501

By: _____
Natasha D. Mayne, Esq.
Florida Bar No. 571466
nmayne@maynelawfirm.com

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 470, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711**

## 17th Judicial Circuit

| Case Schedule Receipt: | |
|---|---|
| Sequence Number: | **17** |
| Judge Name: | Garcia-Wood, Marina |
| Case Number: | CACE14023998 |
| Schedule Date: | 09/29/2015 |
| Scheduling Attorney Name: | Natasha, Denise-Louise, Mayne |
| Motion Title: | MOTION TO WITHDRAW AS COUNSEL |
| Case Entry Date: | Wed Sep 23 12:11:38 EDT 2015 |
| | Back | Print |

http://apps.17th.flcourts.org/ccjdpool/judgeMotionCase.do                    9/23/2015

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

## NSA TWO FINANCIAL, LLC'S FIRST SET OF
## INTERROGATORIES TO GEORIGA THOMPSON-SMITH

      Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.340 and

other applicable Florida law, Defendant, GEORGIA THOMPSON-SMITH, answer the following

Interrogatories in writing and under oath within the time permitted by the applicable rules of civil

procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

      1.     When answering the Interrogatories, please furnish all information known to you
or in your or your agents or attorneys possession. If any Interrogatory asks for information which
you do not have, but you know who does have the information requested, please identify the person
who has the information requested.

      2.     These Interrogatories are intended to be continuing. At such time as you receive
information that makes a prior response incomplete, inaccurate or misleading, a supplementary
Response is required.

      3.     "Identify" when used with respect to a person means to provide that person's:
         i.     full name and names formerly known as, if any;
         ii.     last known residential street address;
         iii.    last known employment address, and position of employment; and
         iv.    last known residential and work telephone numbers.

4.    "Identify" when used with respect to a document means to provide the following information:

| | | |
|---|---|---|
| | i. | the date of the document; |
| | ii. | the identity(ies) of the author(s) of the document; |
| | iii. | the identity(ies) of the recipient(s) of the document; |
| | iv. | the general subject matter of the document; |
| | v. | all persons who were identified as receiving a copy of the document; and |
| | vi. | the last known location of the document. |

5.    "Identify" when used with respect to a fact means to provide the following information:

| | | |
|---|---|---|
| | i. | what occurred; |
| | ii. | who was present; |
| | iii. | what was said, by whom and to whom; |
| | iv. | what was done by whom and to whom; |
| | v. | the date and time of the occurrence; and |
| | vi. | the location of the occurrence. |

6.    Attach additional pages if necessary to provide a complete answer.

7.    "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

8.    "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

9.    "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

10.    The terms "regarding," "related to" or "relating to" mean: consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

11.    "NSA" refers to Plaintiff, NSA Two Financial, LLC.

12.    "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

13.    "Smith," "you" or "your" refers to Defendant, Georgia Thompson-Smith.

14.    The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter. **All documents responsive to each request should be produced.**

      15.    The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

      16.    Unless otherwise stated herein, the relevant timeframe for all interrogatories is January 1, 2014, through the present.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

## SPECIFIC INTERROGATORIES

     1.    Identify each person answering and/or assisting each person answering these interrogatories and, if applicable, each person's official position or relationship with you?

     2.    Describe in detail, via a quantification, the amount of damages Smith claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

     Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.


By:_____

                  Georgia Thompson-Smith


SWORN TO AND SUBSCRIBED before me this ____ day of _____, 2015.


_____
(Signature of Notary Public - State of Florida)


_____
(Print, type or Stamp Commissioned Name of Notary Public)

Personally known ____ or produced identification

Type of Identification Produced

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

        CASE NO.: CACE 14-023998 (18)

        Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

        Defendants.

_____/

## NSA TWO FINANCIAL, LLC'S FIRST SET OF INTERROGATORIES TO THOMPSON-SMITH & ASSOCIATES, LLC

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.340 and other applicable Florida law, Defendant, THOMPSON-SMITH & ASSOCIATES, LLC, answer the following Interrogatories in writing and under oath within the time permitted by the applicable rules of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.    When answering the Interrogatories, please furnish all information known to you or in your or your agents or attorneys possession. If any Interrogatory asks for information which you do not have, but you know who does have the information requested, please identify the person who has the information requested.

2.    These Interrogatories are intended to be continuing. At such time as you receive information that makes a prior response incomplete, inaccurate or misleading, a supplementary Response is required.

3.    "Identify" when used with respect to a person means to provide that person's:
      i.    full name and names formerly known as, if any;
     ii.    last known residential street address;
    iii.    last known employment address, and position of employment; and
    iv.    last known residential and work telephone numbers.

4. "Identify" when used with respect to a document means to provide the following information:

      i.    the date of the document;

      ii.    the identity(ies) of the author(s) of the document;

      iii.    the identity(ies) of the recipient(s) of the document;

      iv.    the general subject matter of the document;

      v.    all persons who were identified as receiving a copy of the document; and

      vi.    the last known location of the document.

5. "Identify" when used with respect to a fact means to provide the following information:

      i.    what occurred;

      ii.    who was present;

      iii.    what was said, by whom and to whom;

      iv.    what was done by whom and to whom;

      v.    the date and time of the occurrence; and

      vi.    the location of the occurrence.

6. Attach additional pages if necessary to provide a complete answer.

7. "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

8. "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

9. "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

10. The terms "regarding," "related to" or "relating to" mean: consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

11. "NSA" refers to Plaintiff, NSA Two Financial, LLC.

12. "TSA," "you" or "your" refers to Defendant, Thompson-Smith & Associates, LLC.

13. "Smith" refers to Defendant, Georgia Thompson-Smith.

14. The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter. **All documents responsive to each request should be produced.**

15.    The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

16.    Unless otherwise stated herein, the relevant timeframe for all interrogatories is January 1, 2014, through the present.

## <u>SPECIFIC INTERROGATORIES</u>

 1. Identify each person answering and/or assisting each person answering these interrogatories and, if applicable, each person's official position or relationship with you?

 2. Identify all persons who are believed or known by you or your agents or representatives to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the persons identified have knowledge, including without limitation, identifying all documents of which the persons identified have knowledge.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

3.      Identify each and every instance where you permitted or allowed NSA, or its representatives, access to review TSA's books and records after October 1, 2014, including specifying the means, date and time by which communicated such instances to NSA.

4.      Describe in detail how NSA, including its members and/or managers, "attempt[ed] to extort monies from TSA," "prematurely demand[ed] profits," "threaten[ed] that if certain monies were not had by Plaintiff that monies will be unilaterally taken from TSA's business account," as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

     5.      Describe in detail how NSA, including its members and/or managers, "intentionally disrupt[ed] TSA's telecommunications system," "intentionally disrupt[ed] TSA's tax software system," and "[stole] and/or solicit[ed] current clients of TSA" as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

     6.      Identify and describe in detail each and every reason you claim the "Plaintiff breached the covenant of good faith and fair dealing" as stated in your second affirmative defense and Count III of the Counterclaim.

 7. Identify and describe in detail each and every reason you claim the Plaintiff "first breached the Agreement" as stated in your third affirmative defense and.

 8. Identify and describe in detail each and every reason you claim the Plaintiff's claims are barred by estoppel as stated in your fourth affirmative defense.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

   9.    Describe in detail how NSA and "embarked on an unstoppable and relentless patter of bad-faith and disloyalty against TSA and Smith" as stated in paragraph 19 of the Counterclaim.

   10.   Identify each and every TSA client whom you contend NSA, or its members or managers, solicited to cease use of TSA's services, including, without limitation those referenced in paragraphs 28 and 30 of the Counterclaim.

11.     Describe in detail how NSA breached its duty of loyalty, as alleged in paragraph 37 of the Counterclaim, including, without limitation, by describing each and every instance supporting the allegations raised in paragraphs 37(A), 37(B) and 37(C).

12.     Describe in detail how NSA engaged in "grossly negligent or reckless conduct, intentional misconduct, and/or knowingly violat[ed] *sic* the law" as alleged in paragraph 41 of the Counterclaim.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

13. Describe in detail how NSA breached the express terms of the Operating Agreement, as alleged in paragraph 46 of the Counterclaim.

14. Describe in detail each and every breach of fiduciary duty and duty of loyalty, as alleged in paragraphs 52 and 53 of the Counterclaim.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

    15.    Identify each and every business relationship that NSA allegedly interfered with, as raised in Count V of the Counterclaim, and describe in detail how NSA interfered.

    16.    Identify each and every contractual relationship that NSA allegedly interfered with, as raised in Count VI of the Counterclaim, and describe in detail how NSA interfered.

17.    Describe in detail, via a quantification, the amount of damages TSA claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

      Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.

**NSA TWO FINANCIAL, LLC**

By:_____

Print: _____

Title: _____

SWORN TO AND SUBSCRIBED before me this \_\_\_\_ day of _____, 2015.

_____
(Signature of Notary Public - State of Florida)

_____
(Print, type or Stamp Commissioned Name of Notary Public)

Personally known \_\_\_ or produced identification

Type of Identification Produced

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

     Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

     Defendants.

_____/

### NOTICE OF SERVICING NSA TWO FINANCIAL, LLC'S FIRST SETS
### OF INTERROGATORIES TO GEORGIA THOMPSON-SMITH

*PLEASE TAKE NOTICE* that Plaintiff, NSA TWO FINANCIAL, LLC, on this 18th day of September, 2015, served its First Set of Interrogatories to Defendant, GEORGIA THOMPSON-SMITH, via E-Portal to Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By:_____
    JASON H. HABER
    Florida Bar No. 0041119

**83 of 293**

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

        Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

        Defendants.

_____/

## NOTICE OF SERVICING NSA TWO FINANCIAL, LLC'S FIRST SETS
## OF INTERROGATORIES TO THOMPSON-SMITH & ASSOCIATES, LLC

*PLEASE TAKE NOTICE* that Plaintiff, NSA TWO FINANCIAL, LLC, on this 18th day of September, 2015, served its First Set of Interrogatories to Defendant, THOMPSON-SMITH & ASSOCIATES, LLC, via E-Portal to Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By:_____
    JASON H. HABER
    Florida Bar No. 0041119

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

     Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

     Defendants.
_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO GEORGIA THOMPSON-SMITH

     Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.350 and other applicable Florida law, Defendant, GEORGIA THOMPSON-SMITH, produce for inspection and copying the following documents within the time permitted by the applicable rules of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

     1.     When answering these Requests, please furnish all documents known to you or under your possession or control, including those that are in the possession or of your agents or attorneys. If any Request asks for a document no longer in your custody, possession or control, please identify the document(s) and indicate when and how it was disposed of, and identify each person, if any, who now possesses or controls such document(s).

     2.     If, after exercising due diligence to secure the documents requested, a Request cannot be satisfied in full, please so state and respond to the extent possible, specifying the basis for your inability to satisfy the remainder of the Request, producing whatever information, knowledge or documents Defendant has concerning the unanswered portion.

     3.     If a claim of privilege is asserted concerning any document sought, please:
          (a)     identify such document with sufficient particularity to allow the matter to be brought before the Court;
          (b)     state the nature of the privilege asserted; and
          (c)     state the factual basis for the privilege claim.

4.      These Requests are intended to be continuing.   At such time as you receive documents that make a prior Response incomplete, inaccurate or misleading, a supplementary Response is required.

5.      "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

6.      "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

7.      "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

8.      The terms "regarding," "related to" or "relating to" mean:  consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

9.      "NSA" refers to Plaintiff, NSA Two Financial, LLC.

10.     "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

11.     "Smith" refers to Defendant, Georgia Thompson-Smith.

12.     The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter.  **All documents responsive to each request should be produced.**

13.     The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

14.     Unless otherwise specified, the relevant timeframe for all requests is January 1, 2014, through the present.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

## REQUESTS FOR PRODUCTION

1.      A copy of any and all operating agreements, other agreements, and related documents, including, but not limited to, memorandum, communications, emails, drafts, and correspondence that presently by and between Smith and NSA, including any of its members, managers, or agents.

2.      Copies of each and every application by TSA to any third party relating to a loan TSA sought to secure, in which you signed as a company representative or personal guarantor.

3.      Any and all communications, including, but not limited to, letters and e-mails from Smith to NSA, or any of its members or managers, relating to access to TSA's office, corporate books and records, and/or bank accounts.

4.      Copies of any and all payments made by TSA to Smith, including, but not limited to, checks, wire transfers, online transfers, ACH transfers, and any other form of payment. Responsive documents shall include, but not be limited to, payment of reimbursements, payroll, and distributions.

5.      Copies of any and all capital contributions or other payments Smith made to TSA between January 1, 2014 and the present.

6.      Copies of any and all withdrawals from TSA's bank accounts, including those with statements responsive to Request 3, made by Smith, excluding payments to employees and vendors that provide services to TSA, but including any withdrawals by TSA that were for the purpose of depositing said funds into another account held by TSA.

7.      Articles of incorporation, articles of organization, or other business entity filings made by Smith relating to any accounting business that commenced operation after June 1, 2014.

8.      Any and all documents relating to NSA's breach of TSA's Operating Agreement, as stated in Smith's Answer's first affirmative defense.

9.      Any and all documents supporting and/or relating to TSA's contention that NSA contacted TSA's telephone company to redirect TSA's telephone calls, as stated in Smith's Answer's first affirmative defense.

10.      Any and all documents supporting and/or relating to TSA's contention that NSA disrupted TSA's tax software system, as stated in Smith's Answer's first affirmative defense.

11.      A copy of any and all non-competition agreements between TSA and Mariela Arroyo, as referenced in Smith's Answer's first affirmative defense.

12.      Any and all documents supporting and/or relating to TSA's contention that NSA "has been and continues to actively solicit the current clients of TSA," as stated in Smith's Answer's first affirmative defense.

13.     Any and all communications from TSA and/or Smith demonstrating that TSA provided NSA numerous dates to review TSA's financial documents as stated in Smith's Answer's first affirmative defense.

14.     Any and all documents supporting and/or relating to TSA's contention that NSA breached a covenant of good faith and fair dealing, as referenced in Smith's Answer's second affirmative defense.

15.     A copy of the SBA Loan, and all related documents, including, without limitation, loan applications, as defined in the Counterclaim.

16.     Any and all documents reflecting NSA's conduct, as reflected in paragraph 19 of the Counterclaim.

17.     Copies of demands for the $11,000.00 referenced in paragraphs 21 through 23 of the Counterclaim.

18.     Copies of each and every e-mail referenced in paragraph 26 of the Counterclaim.

19.     Copies of any and all documents and communications relating to the allegation in paragraph 28 of the Counterclaim that NSA has solicited TSA's clients.

20.     Copies of any and all requests made to Intuit, as referenced in paragraph 29 of the Counterclaim.

21.     Any and all document relating to the allegations contained in paragraph 37 of the Counterclaim.

22.     Any and all document relating to the allegations contained in paragraph 41 of the Counterclaim.

23.     Any and all document relating to the allegations contained in paragraph 46 of the Counterclaim.

24.     Any and all document identifying damages suffered by Smith and TSA, as indicated in paragraph 52 of the Counterclaim.

25.     Any and all document relating to the allegations contained in paragraph 56 of the Counterclaim.

26.     Any and all document relating to the allegations contained in paragraph 63 of the Counterclaim.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

> **HABER BLANK, LLP**
> Attorney for Plaintiff
> 888 S. Andrews Avenue, Suite 201
> Fort Lauderdale, Florida 33316
> Phone: (954) 767-0300
> Fax: (954) 949-0510
> eservice@haberblank.com
>
> By: _____
> JASON H. HABER
> Florida Bar No. 0041119

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

     Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

     Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THOMPSON-SMITH & ASSOCIATES, LLC

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.350 and

other applicable Florida law, Defendant, THOMPSON-SMITH & ASSOCIATES, LLC, produce

for inspection and copying the following documents within the time permitted by the applicable

rules of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.    When answering these Requests, please furnish all documents known to you or under your possession or control, including those that are in the possession or of your agents or attorneys. If any Request asks for a document no longer in your custody, possession or control, please identify the document(s) and indicate when and how it was disposed of, and identify each person, if any, who now possesses or controls such document(s).

2.    If, after exercising due diligence to secure the documents requested, a Request cannot be satisfied in full, please so state and respond to the extent possible, specifying the basis for your inability to satisfy the remainder of the Request, producing whatever information, knowledge or documents Defendant has concerning the unanswered portion.

3.    If a claim of privilege is asserted concerning any document sought, please:
    (a)    identify such document with sufficient particularity to allow the matter to be brought before the Court;
    (b)    state the nature of the privilege asserted; and
    (c)    state the factual basis for the privilege claim.

4.      These Requests are intended to be continuing.   At such time as you receive documents that make a prior Response incomplete, inaccurate or misleading, a supplementary Response is required.

5.      "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

6.      "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

7.      "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

8.      The terms "regarding," "related to" or "relating to" mean:  consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

9.      "NSA" refers to Plaintiff, NSA Two Financial, LLC.

10.      "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

11.      "Smith" refers to Defendant, Georgia Thompson-Smith.

12.      The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter.  **All documents responsive to each request should be produced.**

13.      The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

14.      Unless otherwise specified, the relevant timeframe for all requests is January 1, 2014, through the present.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

## REQUESTS FOR PRODUCTION

1.     A copy of any and all operating agreements and related documents, including, but not limited to, memorandum, communications, emails, drafts, and correspondence that presently govern TSA, and those that have governed TSA since January 1, 2014.

2.     TSA's books and records, including any and all financial statements, annual profit and loss statements, monthly profit and loss statements, reconciliations, trial balances, general ledgers, client ledgers, balance sheets, accounts receivable, aging accounts receivable, employee records, and other financial documents maintained by TSA for each and every month of 2014 and 2015, to date.

3.     Copies of each and every monthly, quarterly, or other periodic bank statement for each and every account held by TSA from January 1, 2014 to present.

4.     Copies of each and every application by TSA to any third party relating to a loan TSA sought to secure.

5.     Notices for meetings of TSA's members.

6.     Minutes of all meetings of TSA's members.

7.     Receipts for any and all payments to change TSA's office locks for the office located at 3601 W. Commercial Blvd., Suite 14, Fort Lauderdale, Florida, 33309 that was incurred between September 1, 2014 and the present.

8.     Any and all communications, including, but not limited to, letters and e-mails from TSA to NSA, or any of its owners, relating to access to TSA's office, corporate books and records, and/or bank accounts.

9.     Copies of any and all payments made by TSA to Smith, including, but not limited to, checks, wire transfers, online transfers, ACH transfers, and any other form of payment. Responsive documents shall include, but not be limited to, payment of reimbursements, payroll, and distributions.

10.    Copies of any and all withdrawals from TSA's bank accounts, including those with statements responsive to Request 3, made by Smith, excluding payments to employees and vendors that provide services to TSA, but including any withdrawals by TSA that were for the purpose of depositing said funds into another account held by TSA.

11.    TSA's current list of clients.

12.    TSA's list of clients as of October 1, 2014.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

13.     Any and all documents relating to NSA's breach of TSA's Operating Agreement, as stated in TSA's Answer's first affirmative defense.

14.     Any and all documents supporting and/or relating to TSA's contention that NSA contacted TSA's telephone company to redirect TSA's telephone calls, as stated in TSA's Answer's first affirmative defense.

15.     Any and all documents supporting and/or relating to TSA's contention that NSA disrupted TSA's tax software system, as stated in TSA's Answer's first affirmative defense.

16.     A copy of any and all non-competition agreements between TSA and Mariela Arroyo, as referenced in TSA's Answer's first affirmative defense.

17.     Any and all documents supporting and/or relating to TSA's contention that NSA "has been and continues to actively solicit the current clients of TSA," as stated in TSA's Answer's first affirmative defense.

18.     Any and all communications from TSA and/or Smith demonstrating that TSA provided NSA numerous dates to review TSA's financial documents as stated in TSA's Answer's first affirmative defense.

19.     Any and all documents supporting and/or relating to TSA's contention that NSA breached a covenant of good faith and fair dealing, as referenced in TSA's Answer's second affirmative defense.

20.     A copy of the SBA Loan, and all related documents, including, without limitation, loan applications, as defined in the Counterclaim.

21.     Any and all documents reflecting NSA's conduct, as reflected in paragraph 19 of the Counterclaim.

22.     Copies of demands for the $11,000.00 referenced in paragraphs 21 through 23 of the Counterclaim.

23.     Copies of each and every e-mail referenced in paragraph 26 of the Counterclaim.

24.     Copies of any and all documents and communications relating to the allegation in paragraph 28 of the Counterclaim that NSA has solicited TSA's clients.

25.     Copies of any and all requests made to Intuit, as referenced in paragraph 29 of the Counterclaim.

26.     Any and all document relating to the allegations contained in paragraph 37 of the Counterclaim.

27.     Any and all document relating to the allegations contained in paragraph 41 of the Counterclaim.

28.     Any and all document relating to the allegations contained in paragraph 46 of the Counterclaim.

29.     Any and all document identifying damages suffered by Smith and TSA, as indicated in paragraph 52 of the Counterclaim.

30.     Any and all document relating to the allegations contained in paragraph 56 of the Counterclaim.

31.     Any and all document relating to the allegations contained in paragraph 63 of the Counterclaim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By: _____
    JASON H. HABER
    Florida Bar No. 0041119

**IN THE CIRCUIT COURT OF THE  SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA**

Case No.: CACE-14-023998
Division:  18

**NSA TWO FINANCIAL, LLC,** a Florida
limited liability company,

**Plaintiff,**
v.
**THOMPSON-SMITH & ASSOCIATES,
LLC,** a Florida limited liability
company; and **GEORGIA THOMPSON-SMITH,**
Individual

**Defendants,**
_____/

<u>**MOTION TO WITHDRAW AS COUNSEL**</u>

THE MAYNE LAW FIRM, P.A. files this Motion to Withdraw as Counsel for the DEFENDANTS, **THOMPSON-SMITH & ASSOCIATES, LLC,** a Florida limited liability company; and **GEORGIA THOMPSON-SMITH,** Individual (hereinafter, "DEFENDANTS"), and states the following:

1.      THE MAYNE LAW FIRM, P.A. presently represents the DEFENDANTS.

2.      Irreconcilable differences have arisen between the DEFENDANTS and THE MAYNE LAW FIRM, P.A.  Accordingly, THE MAYNE LAW FIRM, P.A. would like to withdraw as counsel for the DEFENDANTS.

3.      DEFENDANTS has been provided with a copy of this Motion to Withdraw as Counsel, as well as the corresponding Notice of Hearing.  The undersigned made a good faith effort to resolve this matter prior to filing this motion and the matter before the Court may be heard and resolved by the court within five (5) minutes.

4.      Upon the Court's order regarding same, <u>**DEFENDANTS shall receive all future correspondence(s) at her last known address of:**</u>   Georgia Thompson-Smith, 3601 W. Commercial Blvd, Suite 14, Fort Lauderdale, FL 33309.

5.      WHEREFORE, THE MAYNE LAW FIRM, P.A. would respectfully move this Court for the entry of an Order permitting withdrawal as counsel for the DEFENDANTS and requiring that all future correspondence be sent directly to the DEFENDANTS, Georgia Thompson-Smith, at the last known address Georgia Thompson-Smith, 3601 W. Commercial Blvd, Suite 14, Fort Lauderdale, FL 33309.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by U.S. Mail and Email Jason H. Haber, Esq., HABER BLANK, Attorneys for Plaintiffs, eservice@haberblank.com, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, FL 333164, and Georgia Thompson-Smith, 3601 W. Commercial Blvd, Suite 14, Fort Lauderdale, FL 33309 (email also), this 23rd of September, 2015.

Respectfully Submitted,

THE MAYNE LAW FIRM, P.A.
Attorneys for **DEFENDANTS, THOMPSON-SMITH & ASSOCIATES, LLC, and GEORGIA THOMPSON-SMITH,**
The Crexent Building
12401 Orange Drive, Suite 132
Davie, FL 33330
Telephone: 786.663.2911
Facsimile: 877.350.7501

By: _____
Natasha D. Mayne, Esq.
Florida Bar No. 571466
nmayne@maynelawfirm.com

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

Case No.: CACE-14-023998
Division: 18

**NSA TWO FINANCIAL, LLC,** a Florida
limited liability company,

Plaintiff,

v.

**THOMPSON-SMITH & ASSOCIATES,
LLC,** a Florida limited liability
company; and **GEORGIA THOMPSON-SMITH,**
Individual

Defendants,

_____/

### ORDER ON MOTION TO WITHDRAW AS COUNSEL OF RECORD

THIS CAUSE, having come before the Court on September 29, 2015, on THE MAYNE LAW FIRM, P.A.'s **MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS, THOMPSON-SMITH & ASSOCIATES, LLC, A FLORIDA LIMITED LIABILITY COMPANY; AND GEORGIA THOMPSON-SMITH, INDIVIDUAL (HEREINAFTER, "DEFENDANTS")**and the Court being otherwise fully advised in the premises:

**IT IS HEREBY ORDERED:**

1.     That the MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS is hereby GRANTED.

2.     All further correspondence shall be sent to **GEORGIA THOMPSON-SMITH, 3601 W. COMMERCIAL BLVD, SUITE 14, FORT LAUDERDALE, FL 33309.**

3.     Further, DEFENDANTS must obtain new counsel within _30_ (____) days of this Order.

4.     _____
       _____.

DONE AND ORDERED in Chambers at Broward County, Florida, on this _29_ day of _Sept_____, 2015.

JOHN B. BOWMAN

SEP 2 9 2015

_____
CIRCUIT COURT JUDGE

A TRUE COPY

Jason H. Haber, Esq., HABER BLANK, Attorneys for Plaintiffs, eservice@haberblank.com, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, FL 333164; and Georgia Thompson-Smith, 3601 W. Commercial Blvd, Suite 14, Fort Lauderdale, FL 33309.

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

      Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

      Defendants.

_____/

NOTICE OF APPEARANCE FOR DEFENDANTS AND REQUEST
FOR ENLARGEMENT OF TIME OF ALL PENDING DEADLINES

Please take notice that the undersigned counsel enters his appearance on behalf of both Defendants to this action. Kindly serve all discovery, notices, motions and pleadings regarding this matter upon the undersigned counsel. Defendants also seek an enlargement of time of thirty days to respond to any pending discovery, as authorized by Fla.R.Civ.P. 1.090(b).

CERTIFICATE OF SERVICE

I certify that a copy hereof was provided through the Florida E-filing Portal to Jason Hal Haber, Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, Florida 33316, on October 14, 2015.

                        /s/ MARK GOLDSTEIN
                        FL Bar No: 882186
                        141 NE 3rd Ave., Suite 804
                        Miami, FL 33132
                        Telephone: (305) 390-2341
                        Facsimile: (305) 572-7070
                        E-Mail: markgoldsteinattorney@gmail.com

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

### MOTION TO COMPEL RESPONSES TO DISCOVERY
### AND MOTION FOR DISCOVERY SANCTIONS

      Plaintiff, NSA TWO FINANCIAL, LLC ("NSA"), files this Motion to Compel Responses to Discovery and Motion for Discovery Sanctions against Defendants, THOMPSON-SMITH & ASSOCIATES, LLC ("TSA") and GEORGIA THOMPSON-SMITH ("Smith"), and avers as follows:

### Background

      1.     This is an action for damages and injunctive relief.

      2.     On or about September 18, 2015, Defendant propounded requests for production and interrogatories to TSA and Smith (the "Discovery"). Copies of the Discovery are attached hereto as Composite Exhibit "A."

      3.     To date, the Plaintiff has failed to respond to the Discovery, and has not requested an extension of time thereto.

      4.     As a result, the Defendant has had to incur attorneys' fees incidental hereto.

NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC
Case No. CACE 14-23998 (18)
Motion to Compel and Motion for Sanctions

5.      For the reasons set forth herein, the Plaintiff should be compelled to respond to the outstanding Discovery, without objection, and Defendant is entitled to an award of attorneys' fees and costs, among other things.

## Legal Citation and Authority

Pursuant to Rule 1.280(b)(1), Fla. R. Civ. P., "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action . . ." Fla. R. Civ. P. 1.280(b)(1).  Any party may request any other party "to produce and permit the party making the request . . . to inspect and copy any designated documents . . . that are in the possession, custody, or control of the party to whim the request is directed." Fla. R. Civ. P. 1.350(a).  In the event a party fails to respond to requests for production, in accordance with Fla. R. Civ. P. 1.350, the courts must enter an order compelling responses to said discovery requests, without objection (such being waived).  *See* Fla. R. Civ. P. 1.380 (a).  Similarly, parties must respond to interrogatories within thirty (30) days service thereof.  *See* Fla. R. Civ. P. 1.340.  Additionally, courts **shall require** the party whose conduct necessitated a motion to compel to pay the reasonable expenses, which may include attorneys' fees, and may enter other sanctions.  *See* Fla. R. Civ. P. 1.380 (emphasis added).

Here, NSA propounded the Discovery on September 18, 2015.  TSA and Smith have failed to respond to the same.  As such, the Court must compel TSA and Smith to respond to said Discovery, without objection, and enter an order sanctioning them conduct for failing to respond.

**WHEREFORE**, NSA respectfully requests that this Court enter an Order compelling TSA and Smith to respond to all outstanding discovery, without objection, sanction TSA and Smith, including, without limitation, striking her pleadings, entering a coercive fine, awarding NSA its attorneys' fees and costs incurred incidental hereto and/or any and all other sanctions

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*Motion to Compel and Motion for Sanctions*

available under applicable rules of procedure, and grant such further and other relief as this Court

deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 13th day of November, 2015, via E-Portal to Mark Goldstein, Esq., 141 NE 3rd Avenue, Suite 804, Miami, Florida, 33132, markgoldsteinattorney@gmail.com.

Respectfully submitted,

**HABER BLANK, LLP**
Attorneys for Plaintiff
888 South Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Telephone: (954) 767-0300
Facsimile: (954) 949-0510
eservice@haberblank.com

By: _____
JASON H. HABER
Florida Bar No. 41119

# COMPOSITE
# EXHIBIT "A"

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

       Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

       Defendants.

_____/

## NSA TWO FINANCIAL, LLC'S FIRST SET OF INTERROGATORIES TO GEORIGA THOMPSON-SMITH

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.340 and

other applicable Florida law, Defendant, GEORGIA THOMPSON-SMITH, answer the following

Interrogatories in writing and under oath within the time permitted by the applicable rules of civil

procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

    1.    When answering the Interrogatories, please furnish all information known to you or in your or your agents or attorneys possession. If any Interrogatory asks for information which you do not have, but you know who does have the information requested, please identify the person who has the information requested.

    2.    These Interrogatories are intended to be continuing. At such time as you receive information that makes a prior response incomplete, inaccurate or misleading, a supplementary Response is required.

    3.    "Identify" when used with respect to a person means to provide that person's:
        i.    full name and names formerly known as, if any;
        ii.    last known residential street address;
        iii.    last known employment address, and position of employment; and
        iv.    last known residential and work telephone numbers.

4.  "Identify" when used with respect to a document means to provide the following information:

      i.     the date of the document;

      ii.    the identity(ies) of the author(s) of the document;

      iii.   the identity(ies) of the recipient(s) of the document;

      iv.   the general subject matter of the document;

      v.    all persons who were identified as receiving a copy of the document; and

      vi.   the last known location of the document.

5.  "Identify" when used with respect to a fact means to provide the following information:

      i.     what occurred;

      ii.    who was present;

      iii.   what was said, by whom and to whom;

      iv.   what was done by whom and to whom;

      v.    the date and time of the occurrence; and

      vi.   the location of the occurrence.

6.  Attach additional pages if necessary to provide a complete answer.

7.  "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

8.  "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

9.  "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

10.  The terms "regarding," "related to" or "relating to" mean: consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

11.  "NSA" refers to Plaintiff, NSA Two Financial, LLC.

12.  "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

13.  "Smith," "you" or "your" refers to Defendant, Georgia Thompson-Smith.

14.  The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter. **All documents responsive to each request should be produced.**

15.    The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

16.    Unless otherwise stated herein, the relevant timeframe for all interrogatories is January 1, 2014, through the present.

3

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

## SPECIFIC INTERROGATORIES

1.      Identify each person answering and/or assisting each person answering these interrogatories and, if applicable, each person's official position or relationship with you?

2.      Describe in detail, via a quantification, the amount of damages Smith claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

.

4

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

　　Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.


By:_____

Georgia Thompson-Smith


SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2015.


_____
(Signature of Notary Public - State of Florida)


_____
(Print, type or Stamp Commissioned Name of Notary Public)

Personally known _____ or produced identification

Type of Identification Produced

5

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

       Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

       Defendants.

_____/

### NSA TWO FINANCIAL, LLC'S FIRST SET OF
### INTERROGATORIES TO THOMPSON-SMITH & ASSOCIATES, LLC

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.340 and

other applicable Florida law, Defendant, THOMPSON-SMITH & ASSOCIATES, LLC, answer

the following Interrogatories in writing and under oath within the time permitted by the applicable

rules of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.      When answering the Interrogatories, please furnish all information known to you
or in your or your agents or attorneys possession. If any Interrogatory asks for information which
you do not have, but you know who does have the information requested, please identify the person
who has the information requested.

2.      These Interrogatories are intended to be continuing. At such time as you receive
information that makes a prior response incomplete, inaccurate or misleading, a supplementary
Response is required.

3.      "Identify" when used with respect to a person means to provide that person's:
        i.     full name and names formerly known as, if any;
        ii.    last known residential street address;
        iii.   last known employment address, and position of employment; and
        iv.   last known residential and work telephone numbers.

    4.    "Identify" when used with respect to a document means to provide the following information:

        i.    the date of the document;
        ii.    the identity(ies) of the author(s) of the document;
        iii.    the identity(ies) of the recipient(s) of the document;
        iv.    the general subject matter of the document;
        v.    all persons who were identified as receiving a copy of the document; and
        vi.    the last known location of the document.

    5.    "Identify" when used with respect to a fact means to provide the following information:

        i.    what occurred;
        ii.    who was present;
        iii.    what was said, by whom and to whom;
        iv.    what was done by whom and to whom;
        v.    the date and time of the occurrence; and
        vi.    the location of the occurrence.

    6.    Attach additional pages if necessary to provide a complete answer.

    7.    "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

    8.    "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

    9.    "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

    10.    The terms "regarding," "related to" or "relating to" mean: consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

    11.    "NSA" refers to Plaintiff, NSA Two Financial, LLC.

    12.    "TSA," "you" or "your" refers to Defendant, Thompson-Smith & Associates, LLC.

    13.    "Smith" refers to Defendant, Georgia Thompson-Smith.

    14.    The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including

2

but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter. **All documents responsive to each request should be produced.**

15. The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

16. Unless otherwise stated herein, the relevant timeframe for all interrogatories is January 1, 2014, through the present.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

## SPECIFIC INTERROGATORIES

1.     Identify each person answering and/or assisting each person answering these interrogatories and, if applicable, each person's official position or relationship with you?

2.     Identify all persons who are believed or known by you or your agents or representatives to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the persons identified have knowledge, including without limitation, identifying all documents of which the persons identified have knowledge.

4

3.    Identify each and every instance where you permitted or allowed NSA, or its representatives, access to review TSA's books and records after October 1, 2014, including specifying the means, date and time by which communicated such instances to NSA.

4.    Describe in detail how NSA, including its members and/or managers, "attempt[ed] to extort monies from TSA," "prematurely demand[ed] profits," "threaten[ed] that if certain monies were not had by Plaintiff that monies will be unilaterally taken from TSA's business account," as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

5

5.    Describe in detail how NSA, including its members and/or managers, "intentionally disrupt[ed] TSA's telecommunications system," "intentionally disrupt[ed] TSA's tax software system," and "[stole] and/or solicit[ed] current clients of TSA" as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

6.    Identify and describe in detail each and every reason you claim the "Plaintiff breached the covenant of good faith and fair dealing" as stated in your second affirmative defense and Count III of the Counterclaim.

6

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

    7.    Identify and describe in detail each and every reason you claim the Plaintiff "first breached the Agreement" as stated in your third affirmative defense and.

    8.    Identify and describe in detail each and every reason you claim the Plaintiff's claims are barred by estoppel as stated in your fourth affirmative defense.

7

9.      Describe in detail how NSA and "embarked on an unstoppable and relentless patter of bad-faith and disloyalty against TSA and Smith" as stated in paragraph 19 of the Counterclaim.

10.      Identify each and every TSA client whom you contend NSA, or its members or managers, solicited to cease use of TSA's services, including, without limitation those referenced in paragraphs 28 and 30 of the Counterclaim.

8

Case 0:17-cv-60533-JAL   Document 1-2   Entered on FLSD Docket 03/20/2017   Page 116 of
293

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

    11.    Describe in detail how NSA breached its duty of loyalty, as alleged in paragraph 37 of the Counterclaim, including, without limitation, by describing each and every instance supporting the allegations raised in paragraphs 37(A), 37(B) and 37(C).

    12.    Describe in detail how NSA engaged in "grossly negligent or reckless conduct, intentional misconduct, and/or knowingly violat[ed] *sic* the law" as alleged in paragraph 41 of the Counterclaim.

9

13.    Describe in detail how NSA breached the express terms of the Operating Agreement, as alleged in paragraph 46 of the Counterclaim.

14.    Describe in detail each and every breach of fiduciary duty and duty of loyalty, as alleged in paragraphs 52 and 53 of the Counterclaim.

10

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

     15.    Identify each and every business relationship that NSA allegedly interfered with, as raised in Count V of the Counterclaim, and describe in detail how NSA interfered.

     16.    Identify each and every contractual relationship that NSA allegedly interfered with, as raised in Count VI of the Counterclaim, and describe in detail how NSA interfered.

11

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

17.     Describe in detail, via a quantification, the amount of damages TSA claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.

**NSA TWO FINANCIAL, LLC**

By:_____

Print: _____

Title: _____

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2015.

_____
(Signature of Notary Public - State of Florida)

_____
(Print, type or Stamp Commissioned Name of Notary Public)

Personally known ____ or produced identification

Type of Identification Produced

13

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

                                                   CASE NO.: CACE 14-023998 (18)

        Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

        Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO GEORGIA THOMPSON-SMITH

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.350 and other applicable Florida law, Defendant, GEORGIA THOMPSON-SMITH, produce for inspection and copying the following documents within the time permitted by the applicable rules of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.     When answering these Requests, please furnish all documents known to you or under your possession or control, including those that are in the possession or of your agents or attorneys. If any Request asks for a document no longer in your custody, possession or control, please identify the document(s) and indicate when and how it was disposed of, and identify each person, if any, who now possesses or controls such document(s).

2.     If, after exercising due diligence to secure the documents requested, a Request cannot be satisfied in full, please so state and respond to the extent possible, specifying the basis for your inability to satisfy the remainder of the Request, producing whatever information, knowledge or documents Defendant has concerning the unanswered portion.

3.     If a claim of privilege is asserted concerning any document sought, please:
    (a)    identify such document with sufficient particularity to allow the matter to be brought before the Court;
    (b)    state the nature of the privilege asserted; and
    (c)    state the factual basis for the privilege claim.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

4.    These Requests are intended to be continuing.  At such time as you receive documents that make a prior Response incomplete, inaccurate or misleading, a supplementary Response is required.

5.    "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

6.    "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

7.    "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

8.    The terms "regarding," "related to" or "relating to" mean:  consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

9.    "NSA" refers to Plaintiff, NSA Two Financial, LLC.

10.    "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

11.    "Smith" refers to Defendant, Georgia Thompson-Smith.

12.    The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter.  **All documents responsive to each request should be produced.**

13.    The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

14.    Unless otherwise specified, the relevant timeframe for all requests is January 1, 2014, through the present.

2

## REQUESTS FOR PRODUCTION

1.      A copy of any and all operating agreements, other agreements, and related documents, including, but not limited to, memorandum, communications, emails, drafts, and correspondence that presently by and between Smith and NSA, including any of its members, managers, or agents.

2.      Copies of each and every application by TSA to any third party relating to a loan TSA sought to secure, in which you signed as a company representative or personal guarantor.

3.      Any and all communications, including, but not limited to, letters and e-mails from Smith to NSA, or any of its members or managers, relating to access to TSA's office, corporate books and records, and/or bank accounts.

4.      Copies of any and all payments made by TSA to Smith, including, but not limited to, checks, wire transfers, online transfers, ACH transfers, and any other form of payment. Responsive documents shall include, but not be limited to, payment of reimbursements, payroll, and distributions.

5.      Copies of any and all capital contributions or other payments Smith made to TSA between January 1, 2014 and the present.

6.      Copies of any and all withdrawals from TSA's bank accounts, including those with statements responsive to Request 3, made by Smith, excluding payments to employees and vendors that provide services to TSA, but including any withdrawals by TSA that were for the purpose of depositing said funds into another account held by TSA.

7.      Articles of incorporation, articles of organization, or other business entity filings made by Smith relating to any accounting business that commenced operation after June 1, 2014.

8.      Any and all documents relating to NSA's breach of TSA's Operating Agreement, as stated in Smith's Answer's first affirmative defense.

9.      Any and all documents supporting and/or relating to TSA's contention that NSA contacted TSA's telephone company to redirect TSA's telephone calls, as stated in Smith's Answer's first affirmative defense.

10.     Any and all documents supporting and/or relating to TSA's contention that NSA disrupted TSA's tax software system, as stated in Smith's Answer's first affirmative defense.

11.     A copy of any and all non-competition agreements between TSA and Mariela Arroyo, as referenced in Smith's Answer's first affirmative defense.

12.     Any and all documents supporting and/or relating to TSA's contention that NSA "has been and continues to actively solicit the current clients of TSA," as stated in Smith's Answer's first affirmative defense.

3

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

13.    Any and all communications from TSA and/or Smith demonstrating that TSA provided NSA numerous dates to review TSA's financial documents as stated in Smith's Answer's first affirmative defense.

14.    Any and all documents supporting and/or relating to TSA's contention that NSA breached a covenant of good faith and fair dealing, as referenced in Smith's Answer's second affirmative defense.

15.    A copy of the SBA Loan, and all related documents, including, without limitation, loan applications, as defined in the Counterclaim.

16.    Any and all documents reflecting NSA's conduct, as reflected in paragraph 19 of the Counterclaim.

17.    Copies of demands for the $11,000.00 referenced in paragraphs 21 through 23 of the Counterclaim.

18.    Copies of each and every e-mail referenced in paragraph 26 of the Counterclaim.

19.    Copies of any and all documents and communications relating to the allegation in paragraph 28 of the Counterclaim that NSA has solicited TSA's clients.

20.    Copies of any and all requests made to Intuit, as referenced in paragraph 29 of the Counterclaim.

21.    Any and all document relating to the allegations contained in paragraph 37 of the Counterclaim.

22.    Any and all document relating to the allegations contained in paragraph 41 of the Counterclaim.

23.    Any and all document relating to the allegations contained in paragraph 46 of the Counterclaim.

24.    Any and all document identifying damages suffered by Smith and TSA, as indicated in paragraph 52 of the Counterclaim.

25.    Any and all document relating to the allegations contained in paragraph 56 of the Counterclaim.

26.    Any and all document relating to the allegations contained in paragraph 63 of the Counterclaim.

4

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By: _____
JASON H. HABER
Florida Bar No. 0041119

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THOMPSON-SMITH & ASSOCIATES, LLC

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.350 and other applicable Florida law, Defendant, THOMPSON-SMITH & ASSOCIATES, LLC, produce for inspection and copying the following documents within the time permitted by the applicable rules of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.    When answering these Requests, please furnish all documents known to you or under your possession or control, including those that are in the possession or of your agents or attorneys. If any Request asks for a document no longer in your custody, possession or control, please identify the document(s) and indicate when and how it was disposed of, and identify each person, if any, who now possesses or controls such document(s).

2.    If, after exercising due diligence to secure the documents requested, a Request cannot be satisfied in full, please so state and respond to the extent possible, specifying the basis for your inability to satisfy the remainder of the Request, producing whatever information, knowledge or documents Defendant has concerning the unanswered portion.

3.    If a claim of privilege is asserted concerning any document sought, please:

    (a)    identify such document with sufficient particularity to allow the matter to be brought before the Court;

    (b)    state the nature of the privilege asserted; and

    (c)    state the factual basis for the privilege claim.

NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC
Case No. CACE 14-23998 (18)
First RFP to TSA

4.      These Requests are intended to be continuing.  At such time as you receive documents that make a prior Response incomplete, inaccurate or misleading, a supplementary Response is required.

5.      "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

6.      "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

7.      "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

8.      The terms "regarding," "related to" or "relating to" mean:  consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

9.      "NSA" refers to Plaintiff, NSA Two Financial, LLC.

10.      "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

11.      "Smith" refers to Defendant, Georgia Thompson-Smith.

12.      The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter.  **All documents responsive to each request should be produced.**

13.      The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

14.      Unless otherwise specified, the relevant timeframe for all requests is January 1, 2014, through the present.

2

## REQUESTS FOR PRODUCTION

     1.     A copy of any and all operating agreements and related documents, including, but not limited to, memorandum, communications, emails, drafts, and correspondence that presently govern TSA, and those that have governed TSA since January 1, 2014.

     2.     TSA's books and records, including any and all financial statements, annual profit and loss statements, monthly profit and loss statements, reconciliations, trial balances, general ledgers, client ledgers, balance sheets, accounts receivable, aging accounts receivable, employee records, and other financial documents maintained by TSA for each and every month of 2014 and 2015, to date.

     3.     Copies of each and every monthly, quarterly, or other periodic bank statement for each and every account held by TSA from January 1, 2014 to present.

     4.     Copies of each and every application by TSA to any third party relating to a loan TSA sought to secure.

     5.     Notices for meetings of TSA's members.

     6.     Minutes of all meetings of TSA's members.

     7.     Receipts for any and all payments to change TSA's office locks for the office located at 3601 W. Commercial Blvd., Suite 14, Fort Lauderdale, Florida, 33309 that was incurred between September 1, 2014 and the present.

     8.     Any and all communications, including, but not limited to, letters and e-mails from TSA to NSA, or any of its owners, relating to access to TSA's office, corporate books and records, and/or bank accounts.

     9.     Copies of any and all payments made by TSA to Smith, including, but not limited to, checks, wire transfers, online transfers, ACH transfers, and any other form of payment. Responsive documents shall include, but not be limited to, payment of reimbursements, payroll, and distributions.

     10.     Copies of any and all withdrawals from TSA's bank accounts, including those with statements responsive to Request 3, made by Smith, excluding payments to employees and vendors that provide services to TSA, but including any withdrawals by TSA that were for the purpose of depositing said funds into another account held by TSA.

     11.     TSA's current list of clients.

     12.     TSA's list of clients as of October 1, 2014.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

13.     Any and all documents relating to NSA's breach of TSA's Operating Agreement, as stated in TSA's Answer's first affirmative defense.

14.     Any and all documents supporting and/or relating to TSA's contention that NSA contacted TSA's telephone company to redirect TSA's telephone calls, as stated in TSA's Answer's first affirmative defense.

15.     Any and all documents supporting and/or relating to TSA's contention that NSA disrupted TSA's tax software system, as stated in TSA's Answer's first affirmative defense.

16.     A copy of any and all non-competition agreements between TSA and Mariela Arroyo, as referenced in TSA's Answer's first affirmative defense.

17.     Any and all documents supporting and/or relating to TSA's contention that NSA "has been and continues to actively solicit the current clients of TSA," as stated in TSA's Answer's first affirmative defense.

18.     Any and all communications from TSA and/or Smith demonstrating that TSA provided NSA numerous dates to review TSA's financial documents as stated in TSA's Answer's first affirmative defense.

19.     Any and all documents supporting and/or relating to TSA's contention that NSA breached a covenant of good faith and fair dealing, as referenced in TSA's Answer's second affirmative defense.

20.     A copy of the SBA Loan, and all related documents, including, without limitation, loan applications, as defined in the Counterclaim.

21.     Any and all documents reflecting NSA's conduct, as reflected in paragraph 19 of the Counterclaim.

22.     Copies of demands for the $11,000.00 referenced in paragraphs 21 through 23 of the Counterclaim.

23.     Copies of each and every e-mail referenced in paragraph 26 of the Counterclaim.

24.     Copies of any and all documents and communications relating to the allegation in paragraph 28 of the Counterclaim that NSA has solicited TSA's clients.

25.     Copies of any and all requests made to Intuit, as referenced in paragraph 29 of the Counterclaim.

26.     Any and all document relating to the allegations contained in paragraph 37 of the Counterclaim.

27.     Any and all document relating to the allegations contained in paragraph 41 of the Counterclaim.

4

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

28.　　Any and all document relating to the allegations contained in paragraph 46 of the Counterclaim.

29.　　Any and all document identifying damages suffered by Smith and TSA, as indicated in paragraph 52 of the Counterclaim.

30.　　Any and all document relating to the allegations contained in paragraph 56 of the Counterclaim.

31.　　Any and all document relating to the allegations contained in paragraph 63 of the Counterclaim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　JASON H. HABER
　　Florida Bar No. 0041119

5

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

       Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

       Defendants.

_____/

### PLAINTIFF'S *EX PARTE* MOTION TO COMPEL RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, AND MOTION FOR CONTEMPT AND SANCTIONS

Plaintiff, NSA TWO FINANCIAL, LLC ("NSA"), files this Motion to Compel Defendants, THOMPSON-SMITH & ASSCOIATES, LLC and GEORGIA THOMPSON-SMITH ("Defendants"), to respond to NSA's First Request for Production of Documents and First Set of Interrogatories, and Motion for Contempt and Sanctions, and avers as follows:

1.      This is an action for damages and injunctive relief.

2.      On or about September 18, 2015, Defendant propounded requests for production and interrogatories to TSA and Smith (the "Discovery"). Copies of the Discovery are attached hereto as Composite Exhibit "A."

3.      To date, the Defendants have not responded to said Discovery. The undersigned has agreed to informal extensions of the Discovery due date, but 3 months later, there have been no responses.

4.      Pursuant to applicable Florida Rules of Procedure, the Court should enter an order compelling Defendants to produce responses to the Discovery, without objection, and sanction Defendants for not complying with rules relating to discovery.

5.      NSA has retained the undersigned attorney and agreed to pay reasonable attorneys' fees and costs.  Defendants should be obligated to pay NSA's attorneys' fees and costs incurred in bringing this Motion.

**WHEREFORE**, NSA respectfully requests this Court enter an ex parte order compelling Defendants to respond to the Discovery, finding Defendants in contempt for failing to comply with discovery, awarding NSA its reasonable attorneys' fees and costs, and granting such other and further relief that the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 17th day of December, 2015, via E-Portal to Mark Goldstein, Esq., 141 NE 3rd Avenue, Suite 804, Miami, Florida, 33132, markgoldsteinattorney@gmail.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 South Andrews Avenue, Suite 201
Fort Lauderdale, Florida  33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By_____
   Jason H. Haber
   Florida Bar No. 0041119

# COMPOSITE
# EXHIBIT "A"

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

     Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

     Defendants.

_____/

### NSA TWO FINANCIAL, LLC'S FIRST SET OF
### INTERROGATORIES TO GEORIGA THOMPSON-SMITH

     Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.340 and

other applicable Florida law, Defendant, GEORGIA THOMPSON-SMITH, answer the following

Interrogatories in writing and under oath within the time permitted by the applicable rules of civil

procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

     1.    When answering the Interrogatories, please furnish all information known to you
or in your or your agents or attorneys possession. If any Interrogatory asks for information which
you do not have, but you know who does have the information requested, please identify the person
who has the information requested.

     2.    These Interrogatories are intended to be continuing. At such time as you receive
information that makes a prior response incomplete, inaccurate or misleading, a supplementary
Response is required.

     3.    "Identify" when used with respect to a person means to provide that person's:
          i.    full name and names formerly known as, if any;
          ii.    last known residential street address;
          iii.    last known employment address, and position of employment; and
          iv.    last known residential and work telephone numbers.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

4.  "Identify" when used with respect to a document means to provide the following information:

|     |                                                             |
| --- | ----------------------------------------------------------- |
| i.  | the date of the document;                                   |
| ii. | the identity(ies) of the author(s) of the document;         |
| iii.| the identity(ies) of the recipient(s) of the document;      |
| iv. | the general subject matter of the document;                 |
| v.  | all persons who were identified as receiving a copy of the document; and |
| vi. | the last known location of the document.                    |

5.  "Identify" when used with respect to a fact means to provide the following information:

|      |                                           |
| ---- | ----------------------------------------- |
| i.   | what occurred;                            |
| ii.  | who was present;                          |
| iii. | what was said, by whom and to whom;       |
| iv.  | what was done by whom and to whom;        |
| v.   | the date and time of the occurrence; and  |
| vi.  | the location of the occurrence.           |

6.  Attach additional pages if necessary to provide a complete answer.

7.  "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

8.  "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

9.  "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

10. The terms "regarding," "related to" or "relating to" mean: consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

11. "NSA" refers to Plaintiff, NSA Two Financial, LLC.

12. "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

13. "Smith," "you" or "your" refers to Defendant, Georgia Thompson-Smith.

14. The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including

2

but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter. **All documents responsive to each request should be produced.**

15. The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

16. Unless otherwise stated herein, the relevant timeframe for all interrogatories is January 1, 2014, through the present.

3

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

## SPECIFIC INTERROGATORIES

1.     Identify each person answering and/or assisting each person answering these interrogatories and, if applicable, each person's official position or relationship with you?

2.     Describe in detail, via a quantification, the amount of damages Smith claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

4

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

     Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.


By:_____

          Georgia Thompson-Smith


SWORN TO AND SUBSCRIBED before me this ____ day of _____, 2015.


_____

(Signature of Notary Public - State of Florida)


_____

(Print, type or Stamp Commissioned Name of Notary Public)

Personally known ___ or produced identification

Type of Identification Produced

5

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

        Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

        Defendants.

_____/

### NSA TWO FINANCIAL, LLC'S FIRST SET OF
### INTERROGATORIES TO THOMPSON-SMITH & ASSOCIATES, LLC

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.340 and

other applicable Florida law, Defendant, THOMPSON-SMITH & ASSOCIATES, LLC, answer

the following Interrogatories in writing and under oath within the time permitted by the applicable

rules of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.     When answering the Interrogatories, please furnish all information known to you
or in your or your agents or attorneys possession. If any Interrogatory asks for information which
you do not have, but you know who does have the information requested, please identify the person
who has the information requested.

2.     These Interrogatories are intended to be continuing. At such time as you receive
information that makes a prior response incomplete, inaccurate or misleading, a supplementary
Response is required.

3.     "Identify" when used with respect to a person means to provide that person's:
        i.    full name and names formerly known as, if any;
        ii.   last known residential street address;
        iii.  last known employment address, and position of employment; and
        iv.  last known residential and work telephone numbers.

    4.    "Identify" when used with respect to a document means to provide the following information:

        i.    the date of the document;
        ii.    the identity(ies) of the author(s) of the document;
        iii.    the identity(ies) of the recipient(s) of the document;
        iv.    the general subject matter of the document;
        v.    all persons who were identified as receiving a copy of the document; and
        vi.    the last known location of the document.

    5.    "Identify" when used with respect to a fact means to provide the following information:

        i.    what occurred;
        ii.    who was present;
        iii.    what was said, by whom and to whom;
        iv.    what was done by whom and to whom;
        v.    the date and time of the occurrence; and
        vi.    the location of the occurrence.

    6.    Attach additional pages if necessary to provide a complete answer.

    7.    "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

    8.    "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

    9.    "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

    10.    The terms "regarding," "related to" or "relating to" mean: consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

    11.    "NSA" refers to Plaintiff, NSA Two Financial, LLC.

    12.    "TSA," "you" or "your" refers to Defendant, Thompson-Smith & Associates, LLC.

    13.    "Smith" refers to Defendant, Georgia Thompson-Smith.

    14.    The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including

2

but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter. **All documents responsive to each request should be produced.**

15. The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

16. Unless otherwise stated herein, the relevant timeframe for all interrogatories is January 1, 2014, through the present.

3

## SPECIFIC INTERROGATORIES

1.      Identify each person answering and/or assisting each person answering these interrogatories and, if applicable, each person's official position or relationship with you?

2.      Identify all persons who are believed or known by you or your agents or representatives to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the persons identified have knowledge, including without limitation, identifying all documents of which the persons identified have knowledge.

4

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

   3.    Identify each and every instance where you permitted or allowed NSA, or its representatives, access to review TSA's books and records after October 1, 2014, including specifying the means, date and time by which communicated such instances to NSA.

   4.    Describe in detail how NSA, including its members and/or managers, "attempt[ed] to extort monies from TSA," "prematurely demand[ed] profits," "threaten[ed] that if certain monies were not had by Plaintiff that monies will be unilaterally taken from TSA's business account," as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

5

5.    Describe in detail how NSA, including its members and/or managers, "intentionally disrupt[ed] TSA's telecommunications system," "intentionally disrupt[ed] TSA's tax software system," and "[stole] and/or solicit[ed] current clients of TSA" as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

6.    Identify and describe in detail each and every reason you claim the "Plaintiff breached the covenant of good faith and fair dealing" as stated in your second affirmative defense and Count III of the Counterclaim.

6

7.    Identify and describe in detail each and every reason you claim the Plaintiff "first breached the Agreement" as stated in your third affirmative defense and.

8.    Identify and describe in detail each and every reason you claim the Plaintiff's claims are barred by estoppel as stated in your fourth affirmative defense.

7

9. Describe in detail how NSA and "embarked on an unstoppable and relentless patter of bad-faith and disloyalty against TSA and Smith" as stated in paragraph 19 of the Counterclaim.

10. Identify each and every TSA client whom you contend NSA, or its members or managers, solicited to cease use of TSA's services, including, without limitation those referenced in paragraphs 28 and 30 of the Counterclaim.

8

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

     11.    Describe in detail how NSA breached its duty of loyalty, as alleged in paragraph 37 of the Counterclaim, including, without limitation, by describing each and every instance supporting the allegations raised in paragraphs 37(A), 37(B) and 37(C).

     12.    Describe in detail how NSA engaged in "grossly negligent or reckless conduct, intentional misconduct, and/or knowingly violat[ed] *sic* the law" as alleged in paragraph 41 of the Counterclaim.

9

13. Describe in detail how NSA breached the express terms of the Operating Agreement, as alleged in paragraph 46 of the Counterclaim.

14. Describe in detail each and every breach of fiduciary duty and duty of loyalty, as alleged in paragraphs 52 and 53 of the Counterclaim.

10

15. Identify each and every business relationship that NSA allegedly interfered with, as raised in Count V of the Counterclaim, and describe in detail how NSA interfered.

16. Identify each and every contractual relationship that NSA allegedly interfered with, as raised in Count VI of the Counterclaim, and describe in detail how NSA interfered.

11

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

     17.     Describe in detail, via a quantification, the amount of damages TSA claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

12

Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.

### NSA TWO FINANCIAL, LLC

By:_____

Print: _____

Title: _____

SWORN TO AND SUBSCRIBED before me this ____ day of _____, 2015.

_____
(Signature of Notary Public - State of Florida)

_____
(Print, type or Stamp Commissioned Name of Notary Public)

Personally known ___ or produced identification

Type of Identification Produced

13

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

                                        CASE NO.: CACE 14-023998 (18)

        Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

        Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO GEORGIA THOMPSON-SMITH

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.350 and other applicable Florida law, Defendant, GEORGIA THOMPSON-SMITH, produce for inspection and copying the following documents within the time permitted by the applicable rules of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.    When answering these Requests, please furnish all documents known to you or under your possession or control, including those that are in the possession or of your agents or attorneys. If any Request asks for a document no longer in your custody, possession or control, please identify the document(s) and indicate when and how it was disposed of, and identify each person, if any, who now possesses or controls such document(s).

2.    If, after exercising due diligence to secure the documents requested, a Request cannot be satisfied in full, please so state and respond to the extent possible, specifying the basis for your inability to satisfy the remainder of the Request, producing whatever information, knowledge or documents Defendant has concerning the unanswered portion.

3.    If a claim of privilege is asserted concerning any document sought, please:
    (a)    identify such document with sufficient particularity to allow the matter to be brought before the Court;
    (b)    state the nature of the privilege asserted; and
    (c)    state the factual basis for the privilege claim.

4.    These Requests are intended to be continuing.  At such time as you receive documents that make a prior Response incomplete, inaccurate or misleading, a supplementary Response is required.

5.    "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

6.    "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

7.    "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

8.    The terms "regarding," "related to" or "relating to" mean:  consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

9.    "NSA" refers to Plaintiff, NSA Two Financial, LLC.

10.    "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

11.    "Smith" refers to Defendant, Georgia Thompson-Smith.

12.    The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter.  **All documents responsive to each request should be produced.**

13.    The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

14.    Unless otherwise specified, the relevant timeframe for all requests is January 1, 2014, through the present.

2

## REQUESTS FOR PRODUCTION

1.     A copy of any and all operating agreements, other agreements, and related documents, including, but not limited to, memorandum, communications, emails, drafts, and correspondence that presently by and between Smith and NSA, including any of its members, managers, or agents.

2.     Copies of each and every application by TSA to any third party relating to a loan TSA sought to secure, in which you signed as a company representative or personal guarantor.

3.     Any and all communications, including, but not limited to, letters and e-mails from Smith to NSA, or any of its members or managers, relating to access to TSA's office, corporate books and records, and/or bank accounts.

4.     Copies of any and all payments made by TSA to Smith, including, but not limited to, checks, wire transfers, online transfers, ACH transfers, and any other form of payment. Responsive documents shall include, but not be limited to, payment of reimbursements, payroll, and distributions.

5.     Copies of any and all capital contributions or other payments Smith made to TSA between January 1, 2014 and the present.

6.     Copies of any and all withdrawals from TSA's bank accounts, including those with statements responsive to Request 3, made by Smith, excluding payments to employees and vendors that provide services to TSA, but including any withdrawals by TSA that were for the purpose of depositing said funds into another account held by TSA.

7.     Articles of incorporation, articles of organization, or other business entity filings made by Smith relating to any accounting business that commenced operation after June 1, 2014.

8.     Any and all documents relating to NSA's breach of TSA's Operating Agreement, as stated in Smith's Answer's first affirmative defense.

9.     Any and all documents supporting and/or relating to TSA's contention that NSA contacted TSA's telephone company to redirect TSA's telephone calls, as stated in Smith's Answer's first affirmative defense.

10.     Any and all documents supporting and/or relating to TSA's contention that NSA disrupted TSA's tax software system, as stated in Smith's Answer's first affirmative defense.

11.     A copy of any and all non-competition agreements between TSA and Mariela Arroyo, as referenced in Smith's Answer's first affirmative defense.

12.     Any and all documents supporting and/or relating to TSA's contention that NSA "has been and continues to actively solicit the current clients of TSA," as stated in Smith's Answer's first affirmative defense.

3

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

13.     Any and all communications from TSA and/or Smith demonstrating that TSA provided NSA numerous dates to review TSA's financial documents as stated in Smith's Answer's first affirmative defense.

14.     Any and all documents supporting and/or relating to TSA's contention that NSA breached a covenant of good faith and fair dealing, as referenced in Smith's Answer's second affirmative defense.

15.     A copy of the SBA Loan, and all related documents, including, without limitation, loan applications, as defined in the Counterclaim.

16.     Any and all documents reflecting NSA's conduct, as reflected in paragraph 19 of the Counterclaim.

17.     Copies of demands for the $11,000.00 referenced in paragraphs 21 through 23 of the Counterclaim.

18.     Copies of each and every e-mail referenced in paragraph 26 of the Counterclaim.

19.     Copies of any and all documents and communications relating to the allegation in paragraph 28 of the Counterclaim that NSA has solicited TSA's clients.

20.     Copies of any and all requests made to Intuit, as referenced in paragraph 29 of the Counterclaim.

21.     Any and all document relating to the allegations contained in paragraph 37 of the Counterclaim.

22.     Any and all document relating to the allegations contained in paragraph 41 of the Counterclaim.

23.     Any and all document relating to the allegations contained in paragraph 46 of the Counterclaim.

24.     Any and all document identifying damages suffered by Smith and TSA, as indicated in paragraph 52 of the Counterclaim.

25.     Any and all document relating to the allegations contained in paragraph 56 of the Counterclaim.

26.     Any and all document relating to the allegations contained in paragraph 63 of the Counterclaim.

4

*NSI Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By: _____
JASON H. HABER
Florida Bar No. 0041119

5

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

        Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

        Defendants.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THOMPSON-SMITH & ASSOCIATES, LLC

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.350 and

other applicable Florida law, Defendant, THOMPSON-SMITH & ASSOCIATES, LLC, produce

for inspection and copying the following documents within the time permitted by the applicable

rules of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.    When answering these Requests, please furnish all documents known to you or under your possession or control, including those that are in the possession or of your agents or attorneys. If any Request asks for a document no longer in your custody, possession or control, please identify the document(s) and indicate when and how it was disposed of, and identify each person, if any, who now possesses or controls such document(s).

2.    If, after exercising due diligence to secure the documents requested, a Request cannot be satisfied in full, please so state and respond to the extent possible, specifying the basis for your inability to satisfy the remainder of the Request, producing whatever information, knowledge or documents Defendant has concerning the unanswered portion.

3.    If a claim of privilege is asserted concerning any document sought, please:
    (a)    identify such document with sufficient particularity to allow the matter to be brought before the Court;
    (b)    state the nature of the privilege asserted; and
    (c)    state the factual basis for the privilege claim.

4.    These Requests are intended to be continuing.  At such time as you receive documents that make a prior Response incomplete, inaccurate or misleading, a supplementary Response is required.

5.    "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

6.    "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

7.    "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

8.    The terms "regarding," "related to" or "relating to" mean:  consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

9.    "NSA" refers to Plaintiff, NSA Two Financial, LLC.

10.    "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

11.    "Smith" refers to Defendant, Georgia Thompson-Smith.

12.    The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter.  **All documents responsive to each request should be produced.**

13.    The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

14.    Unless otherwise specified, the relevant timeframe for all requests is January 1, 2014, through the present.

2

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

## REQUESTS FOR PRODUCTION

1.      A copy of any and all operating agreements and related documents, including, but not limited to, memorandum, communications, emails, drafts, and correspondence that presently govern TSA, and those that have governed TSA since January 1, 2014.

2.      TSA's books and records, including any and all financial statements, annual profit and loss statements, monthly profit and loss statements, reconciliations, trial balances, general ledgers, client ledgers, balance sheets, accounts receivable, aging accounts receivable, employee records, and other financial documents maintained by TSA for each and every month of 2014 and 2015, to date.

3.      Copies of each and every monthly, quarterly, or other periodic bank statement for each and every account held by TSA from January 1, 2014 to present.

4.      Copies of each and every application by TSA to any third party relating to a loan TSA sought to secure.

5.      Notices for meetings of TSA's members.

6.      Minutes of all meetings of TSA's members.

7.      Receipts for any and all payments to change TSA's office locks for the office located at 3601 W. Commercial Blvd., Suite 14, Fort Lauderdale, Florida, 33309 that was incurred between September 1, 2014 and the present.

8.      Any and all communications, including, but not limited to, letters and e-mails from TSA to NSA, or any of its owners, relating to access to TSA's office, corporate books and records, and/or bank accounts.

9.      Copies of any and all payments made by TSA to Smith, including, but not limited to, checks, wire transfers, online transfers, ACH transfers, and any other form of payment. Responsive documents shall include, but not be limited to, payment of reimbursements, payroll, and distributions.

10.     Copies of any and all withdrawals from TSA's bank accounts, including those with statements responsive to Request 3, made by Smith, excluding payments to employees and vendors that provide services to TSA, but including any withdrawals by TSA that were for the purpose of depositing said funds into another account held by TSA.

11.     TSA's current list of clients.

12.     TSA's list of clients as of October 1, 2014.

3

NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC
Case No. CACE 14-23998 (18)
First RFP to TSA

13.     Any and all documents relating to NSA's breach of TSA's Operating Agreement,
as stated in TSA's Answer's first affirmative defense.

14.     Any and all documents supporting and/or relating to TSA's contention that NSA
contacted TSA's telephone company to redirect TSA's telephone calls, as stated in TSA's
Answer's first affirmative defense.

15.     Any and all documents supporting and/or relating to TSA's contention that NSA
disrupted TSA's tax software system, as stated in TSA's Answer's first affirmative defense.

16.     A copy of any and all non-competition agreements between TSA and Mariela
Arroyo, as referenced in TSA's Answer's first affirmative defense.

17.     Any and all documents supporting and/or relating to TSA's contention that NSA
"has been and continues to actively solicit the current clients of TSA," as stated in TSA's Answer's
first affirmative defense.

18.     Any and all communications from TSA and/or Smith demonstrating that TSA
provided NSA numerous dates to review TSA's financial documents as stated in TSA's Answer's
first affirmative defense.

19.     Any and all documents supporting and/or relating to TSA's contention that NSA
breached a covenant of good faith and fair dealing, as referenced in TSA's Answer's second
affirmative defense.

20.     A copy of the SBA Loan, and all related documents, including, without limitation,
loan applications, as defined in the Counterclaim.

21.     Any and all documents reflecting NSA's conduct, as reflected in paragraph 19 of
the Counterclaim.

22.     Copies of demands for the $11,000.00 referenced in paragraphs 21 through 23 of
the Counterclaim.

23.     Copies of each and every e-mail referenced in paragraph 26 of the Counterclaim.

24.     Copies of any and all documents and communications relating to the allegation in
paragraph 28 of the Counterclaim that NSA has solicited TSA's clients.

25.     Copies of any and all requests made to Intuit, as referenced in paragraph 29 of the
Counterclaim.

26.     Any and all document relating to the allegations contained in paragraph 37 of the
Counterclaim.

27.     Any and all document relating to the allegations contained in paragraph 41 of the
Counterclaim.

4

28.     Any and all document relating to the allegations contained in paragraph 46 of the Counterclaim.

29.     Any and all document identifying damages suffered by Smith and TSA, as indicated in paragraph 52 of the Counterclaim.

30.     Any and all document relating to the allegations contained in paragraph 56 of the Counterclaim.

31.     Any and all document relating to the allegations contained in paragraph 63 of the Counterclaim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By: _____
JASON H. HABER
Florida Bar No. 0041119

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

Defendants.

_____/

### *EX PARTE* ORDER COMPELLING RESPONSES TO DISCOVERY

THIS CAUSE came before the Court pursuant to local administrative rules, rules of procedure and applicable law on an *ex parte* basis, as to Defendants, THOMPSON-SMITH & ASSOCIATES, LLC and GEORGIA THOMPSON-SMITH, failure to respond to requests for production and interrogatories, and the Court having otherwise been fully advised in the premises, ORDERS and ADJUDGES that:

1. Defendants, THOMPSON-SMITH & ASSOCIATES, LLC and GEORGIA THOMPSON-SMITH, shall serve and file appropriate responses and certifications of responses, without objection, to the Plaintiff, NSA TWO FINANCIAL, LLC, First Requests for Production of Documents and First Sets of Interrogatories, dated September 18, 2015, within ten (10) days of the date of this Order.

2. With respect to attorneys' fees and costs, the Court:
   ___ finds that the Plaintiff, NSA TWO FINANCIAL, LLC, is entitled to recover attorneys' fees in the amount of $_____ from Defendants which shall be paid within ten (10) days of the date of this Order.
   ___ reserves ruling as to entitlement and award of attorneys' fees and costs.

DONE AND ORDERED in Chambers at Broward County, Florida, this ____ day of _____, 2015.

**TRUE COPY**

_____ JAN 0 4 2016
Honorable Circuit Court Judge
**MARINA GARCIA-WOOD**

cc:    Jason H. Haber, Esq.
       Mark Goldstein, Esq.

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE 14-023998 (18)

NSA TWO FINANCIAL, LLC a Florida
limited liability company,

      Plaintiff,

vs.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and
GEORGIA THOMPSON-SMITH, Individually,

      Defendant(s).

_____/

## NOTICE OF MEDIATION

| | |
|---|---|
| DATE AND TIME: | Monday, February 15, 2016 <br> At 10:00 A.M. |
| LOCATION: | KRINZMAN HUSS & LUBETSKY <br> 110 S.E. 6th Street, 20th Floor <br> Fort Lauderdale, Florida 33301 <br> Telephone:   954-761-3454 |
| MEDIATOR: | Joseph J. Huss, Esq. |

**\*  4 HOURS HAVE BEEN RESERVED FOR THE MEDIATION.**
**IF YOU THINK YOU WILL NEED MORE TIME,**
**PLEASE CALL US IMMEDIATELY.**

CASE NO.: CACE 14-023998 (18)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via E-Service and U.S. Mail this ____ day of January, 2016, to: See Service List.

KRINZMAN, HUSS, LUBETSKY
110 S.E. 6th Street, 20th Floor
Fort Lauderdale, FL 33301
Telephone:  (954) 761-3454
Facsimile:  (954) 761-3484
E-Mail:  jjh@khllaw.com
E-Service:  eservicefll@khllaw.com

By: _____
JOSEPH J. HUSS
Certified Court Mediator
Fla. Bar No. 0328480

Page 2 of 3

**164 of 293**

CASE NO.: CACE 14-023998 (18)

## **SERVICE LIST**

**VIA E-SERVICE**

Jason H. Haber, Esq.
Haber Blank, LLP
888 South Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
E-Service:     eservice@haberblank.com
               agrant@haberblank.com

Mark Goldstein, Esq.
141 NE 3rd Avenue, Suite 804
Miami, Florida 33132
E-Service:     markgoldsteinattorney@gmail.com

Richard Corey, Esq.
E-Service:     rcorey.ent@gmail.com

Page 3 of 3

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company            CASE NO.: CACE 14-023998 (18)

       Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

       Defendants.

_____/

## SECOND MOTION TO COMPEL RESPONSES TO DISCOVERY AND MOTION FOR DISCOVERY SANCTIONS

Plaintiff, NSA TWO FINANCIAL, LLC ("NSA"), files this Second Motion to Compel Responses to Discovery and Motion for Discovery Sanctions against Defendants, THOMPSON-SMITH & ASSOCIATES, LLC ("TSA") and GEORGIA THOMPSON-SMITH ("Smith") (collectively, "Defendants"), and avers as follows:

### Background

1.      This is an action for damages and injunctive relief.

2.      On or about September 18, 2015, Defendant propounded requests for production and interrogatories to TSA and Smith (the "Discovery"). Copies of the Discovery are attached hereto as Composite Exhibit "A."

3.      To date, the Defendants have not responded to said Discovery.

4.      The undersigned previously agreed to informal extensions of the Discovery.

5.      On December 17, 2015, NSA moved, *ex parte*, to compel responses to the Discovery, and on January 4, 2016, this Court entered an *Ex Parte* Order Compelling Responses to Discovery. A copy of said order is attached hereto as Exhibit "B."

6.      Even after entry of the *Ex Parte* Order, the undersigned further agreed to allow the Defendants more time to respond to the Discovery, asking for the Discovery responses well in advance of a previously scheduled mediation.

7.      On February 5, 2016, the Defendants provided the undersigned limited documents, including certain year-end financial statements, which may minimally respond to some of the Discovery, but is wholly insufficient to respond to all Discovery.

8.      The Discovery responses were initially due nearly 5 months ago.

9.      As a result of the Defendants' failure to respond to Discovery, NSA has had to incur attorneys' fees incidental hereto.

10.     For the reasons set forth herein, the Defendants should be compelled to respond to the outstanding Discovery, without objection as objections have previously been waived, and NSA is entitled to an award of attorneys' fees and costs, among other things.

## Legal Citation and Authority

Pursuant to Rule 1.280(b)(1), Fla. R. Civ. P., "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action . . ." Fla. R. Civ. P. 1.280(b)(1). Any party may request any other party "to produce and permit the party making the request . . . to inspect and copy any designated documents . . . that are in the possession, custody, or control of the party to whim the request is directed." Fla. R. Civ. P. 1.350(a). In the event a party fails to respond to requests for production, in accordance with Fla. R. Civ. P. 1.350, the courts must enter an order compelling responses to said discovery requests, without objection (such being waived). *See* Fla. R. Civ. P. 1.380 (a). Similarly, parties must respond to interrogatories within thirty (30) days service thereof. *See* Fla. R. Civ. P. 1.340. Additionally, courts **shall require** the party whose conduct necessitated a motion to compel to pay the reasonable

expenses, which may include attorneys' fees, and may enter other sanctions. *See* Fla. R. Civ. P. 1.380 (emphasis added).

Here, NSA propounded the Discovery on September 18, 2015. The Defendants have failed to respond to the same. As such, the Court must compel the Plaintiff to respond to said Discovery, without objection, and enter an order sanctioning the Defendants, jointly and severally, for failing to respond.

**WHEREFORE**, the Defendant respectfully requests that this Court enter an Order compelling the Defendants to respond to all outstanding Discovery, without objection, sanction the Defendants, including, without limitation, striking their pleadings, entering default, entering a coercive fine, awarding NSA its attorneys' fees and costs incurred incidental hereto and/or any and all other sanctions available under applicable rules of procedure, and grant such further and other relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 8th day of January, 2016, via E-Portal to Mark Goldstein, Esq., 141 NE 3rd Avenue, Suite 804, Miami, Florida, 33132, markgoldsteinattorney@gmail.com.

Respectfully submitted,

**HABER BLANK, LLP**
Attorneys for Plaintiff
888 South Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Telephone: (954) 767-0300
Facsimile: (954) 949-0510
eservice@haberblank.com

By: _____
JASON H. HABER
Florida Bar No. 41119



# COMPOSITE EXHIBIT "A"

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

       Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

       Defendants.

_____/

### NSA TWO FINANCIAL, LLC'S FIRST SET OF
### INTERROGATORIES TO GEORIGA THOMPSON-SMITH

       Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.340 and

other applicable Florida law, Defendant, GEORGIA THOMPSON-SMITH, answer the following

Interrogatories in writing and under oath within the time permitted by the applicable rules of civil

procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

       1.     When answering the Interrogatories, please furnish all information known to you
or in your or your agents or attorneys possession. If any Interrogatory asks for information which
you do not have, but you know who does have the information requested, please identify the person
who has the information requested.

       2.     These Interrogatories are intended to be continuing. At such time as you receive
information that makes a prior response incomplete, inaccurate or misleading, a supplementary
Response is required.

       3.     "Identify" when used with respect to a person means to provide that person's:
          i.     full name and names formerly known as, if any;
          ii.    last known residential street address;
          iii.   last known employment address, and position of employment; and
          iv.   last known residential and work telephone numbers.

4. "Identify" when used with respect to a document means to provide the following information:

|     |                                                              |
| --- | ------------------------------------------------------------ |
| i.   | the date of the document;                                   |
| ii.  | the identity(ies) of the author(s) of the document;         |
| iii. | the identity(ies) of the recipient(s) of the document;      |
| iv.  | the general subject matter of the document;                 |
| v.   | all persons who were identified as receiving a copy of the document; and |
| vi.  | the last known location of the document.                    |

5. "Identify" when used with respect to a fact means to provide the following information:

|      |                                               |
| ---- | --------------------------------------------- |
| i.   | what occurred;                                |
| ii.  | who was present;                              |
| iii. | what was said, by whom and to whom;           |
| iv.  | what was done by whom and to whom;            |
| v.   | the date and time of the occurrence; and      |
| vi.  | the location of the occurrence.               |

6. Attach additional pages if necessary to provide a complete answer.

7. "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

8. "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

9. "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

10. The terms "regarding," "related to" or "relating to" mean: consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

11. "NSA" refers to Plaintiff, NSA Two Financial, LLC.

12. "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

13. "Smith," "you" or "your" refers to Defendant, Georgia Thompson-Smith.

14. The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including

2

but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter. **All documents responsive to each request should be produced.**

15.    The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

16.    Unless otherwise stated herein, the relevant timeframe for all interrogatories is January 1, 2014, through the present.

3

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

## SPECIFIC INTERROGATORIES

1.     Identify each person answering and/or assisting each person answering these interrogatories and, if applicable, each person's official position or relationship with you?

2.     Describe in detail, via a quantification, the amount of damages Smith claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

4

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

      Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.

By:_____

               Georgia Thompson-Smith

SWORN TO AND SUBSCRIBED before me this ____ day of _____, 2015.

_____

    (Signature of Notary Public - State of Florida)

_____

    (Print, type or Stamp Commissioned Name of Notary Public)

Personally known ____ or produced identification

Type of Identification Produced

5

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

### NSA TWO FINANCIAL, LLC'S FIRST SET OF
### INTERROGATORIES TO THOMPSON-SMITH & ASSOCIATES, LLC

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.340 and

other applicable Florida law, Defendant, THOMPSON-SMITH & ASSOCIATES, LLC, answer

the following Interrogatories in writing and under oath within the time permitted by the applicable

rules of civil procedure, and in accordance with the instructions set forth herein.

#### Definitions and Instructions

1.     When answering the Interrogatories, please furnish all information known to you
or in your or your agents or attorneys possession. If any Interrogatory asks for information which
you do not have, but you know who does have the information requested, please identify the person
who has the information requested.

2.     These Interrogatories are intended to be continuing. At such time as you receive
information that makes a prior response incomplete, inaccurate or misleading, a supplementary
Response is required.

3.     "Identify" when used with respect to a person means to provide that person's:
      i.     full name and names formerly known as, if any;
      ii.     last known residential street address;
      iii.     last known employment address, and position of employment; and
      iv.     last known residential and work telephone numbers.

4. "Identify" when used with respect to a document means to provide the following information:

|     |                                                          |
|-----|----------------------------------------------------------|
| i.  | the date of the document;                                |
| ii. | the identity(ies) of the author(s) of the document;      |
| iii.| the identity(ies) of the recipient(s) of the document;   |
| iv. | the general subject matter of the document;              |
| v.  | all persons who were identified as receiving a copy of the document; and |
| vi. | the last known location of the document.                 |

5. "Identify" when used with respect to a fact means to provide the following information:

|     |                                              |
|-----|----------------------------------------------|
| i.  | what occurred;                               |
| ii. | who was present;                             |
| iii.| what was said, by whom and to whom;          |
| iv. | what was done by whom and to whom;           |
| v.  | the date and time of the occurrence; and     |
| vi. | the location of the occurrence.              |

6. Attach additional pages if necessary to provide a complete answer.

7. "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

8. "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

9. "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

10. The terms "regarding," "related to" or "relating to" mean: consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

11. "NSA" refers to Plaintiff, NSA Two Financial, LLC.

12. "TSA," "you" or "your" refers to Defendant, Thompson-Smith & Associates, LLC.

13. "Smith" refers to Defendant, Georgia Thompson-Smith.

14. The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including

2

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter. **All documents responsive to each request should be produced.**

15.     The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

16.     Unless otherwise stated herein, the relevant timeframe for all interrogatories is January 1, 2014, through the present.

3

## SPECIFIC INTERROGATORIES

1.     Identify each person answering and/or assisting each person answering these interrogatories and, if applicable, each person's official position or relationship with you?

2.     Identify all persons who are believed or known by you or your agents or representatives to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the persons identified have knowledge, including without limitation, identifying all documents of which the persons identified have knowledge.

4

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

    3.    Identify each and every instance where you permitted or allowed NSA, or its representatives, access to review TSA's books and records after October 1, 2014, including specifying the means, date and time by which communicated such instances to NSA.

    4.    Describe in detail how NSA, including its members and/or managers, "attempt[ed] to extort monies from TSA," "prematurely demand[ed] profits," "threaten[ed] that if certain monies were not had by Plaintiff that monies will be unilaterally taken from TSA's business account," as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

5

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

    5.    Describe in detail how NSA, including its members and/or managers, "intentionally disrupt[ed] TSA's telecommunications system," "intentionally disrupt[ed] TSA's tax software system," and "[stole] and/or solicit[ed] current clients of TSA" as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

    6.    Identify and describe in detail each and every reason you claim the "Plaintiff breached the covenant of good faith and fair dealing" as stated in your second affirmative defense and Count III of the Counterclaim.

6

NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC
Case No. CACE 14-23998 (18)
First Set of Interrogatories to TSA

    7.      Identify and describe in detail each and every reason you claim the Plaintiff "first breached the Agreement" as stated in your third affirmative defense and.

    8.      Identify and describe in detail each and every reason you claim the Plaintiff's claims are barred by estoppel as stated in your fourth affirmative defense.

7

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

     9.    Describe in detail how NSA and "embarked on an unstoppable and relentless patter of bad-faith and disloyalty against TSA and Smith" as stated in paragraph 19 of the Counterclaim.

     10.    Identify each and every TSA client whom you contend NSA, or its members or managers, solicited to cease use of TSA's services, including, without limitation those referenced in paragraphs 28 and 30 of the Counterclaim.

8

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

     11.     Describe in detail how NSA breached its duty of loyalty, as alleged in paragraph 37 of the Counterclaim, including, without limitation, by describing each and every instance supporting the allegations raised in paragraphs 37(A), 37(B) and 37(C).

     12.     Describe in detail how NSA engaged in "grossly negligent or reckless conduct, intentional misconduct, and/or knowingly violat[ed] *sic* the law" as alleged in paragraph 41 of the Counterclaim.

9

13. Describe in detail how NSA breached the express terms of the Operating Agreement, as alleged in paragraph 46 of the Counterclaim.

14. Describe in detail each and every breach of fiduciary duty and duty of loyalty, as alleged in paragraphs 52 and 53 of the Counterclaim.

10

NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC
Case No. CACE 14-23998 (18)
First Set of Interrogatories to TSA

15. Identify each and every business relationship that NSA allegedly interfered with, as raised in Count V of the Counterclaim, and describe in detail how NSA interfered.

16. Identify each and every contractual relationship that NSA allegedly interfered with, as raised in Count VI of the Counterclaim, and describe in detail how NSA interfered.

11

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

    17.    Describe in detail, via a quantification, the amount of damages TSA claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

12

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

      Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.

## NSA TWO FINANCIAL, LLC

By:_____

Print: _____

Title: _____

SWORN TO AND SUBSCRIBED before me this \_\_\_\_ day of _____, 2015.

_____
(Signature of Notary Public - State of Florida)

_____
(Print, type or Stamp Commissioned Name of Notary Public)

Personally known \_\_\_ or produced identification

Type of Identification Produced

13

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

     Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

     Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO GEORGIA THOMPSON-SMITH

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.350 and

other applicable Florida law, Defendant, GEORGIA THOMPSON-SMITH, produce for

inspection and copying the following documents within the time permitted by the applicable rules

of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.    When answering these Requests, please furnish all documents known to you or under your possession or control, including those that are in the possession or of your agents or attorneys. If any Request asks for a document no longer in your custody, possession or control, please identify the document(s) and indicate when and how it was disposed of, and identify each person, if any, who now possesses or controls such document(s).

2.    If, after exercising due diligence to secure the documents requested, a Request cannot be satisfied in full, please so state and respond to the extent possible, specifying the basis for your inability to satisfy the remainder of the Request, producing whatever information, knowledge or documents Defendant has concerning the unanswered portion.

3.    If a claim of privilege is asserted concerning any document sought, please:
    (a)    identify such document with sufficient particularity to allow the matter to be brought before the Court;
    (b)    state the nature of the privilege asserted; and
    (c)    state the factual basis for the privilege claim.

4.     These Requests are intended to be continuing.   At such time as you receive documents that make a prior Response incomplete, inaccurate or misleading, a supplementary Response is required.

5.     "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

6.     "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

7.     "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

8.     The terms "regarding," "related to" or "relating to" mean:  consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

9.     "NSA" refers to Plaintiff, NSA Two Financial, LLC.

10.     "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

11.     "Smith" refers to Defendant, Georgia Thompson-Smith.

12.     The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter.  **All documents responsive to each request should be produced.**

13.     The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

14.     Unless otherwise specified, the relevant timeframe for all requests is January 1, 2014, through the present.

2

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

## REQUESTS FOR PRODUCTION

1.       A copy of any and all operating agreements, other agreements, and related documents, including, but not limited to, memorandum, communications, emails, drafts, and correspondence that presently by and between Smith and NSA, including any of its members, managers, or agents.

2.       Copies of each and every application by TSA to any third party relating to a loan TSA sought to secure, in which you signed as a company representative or personal guarantor.

3.       Any and all communications, including, but not limited to, letters and e-mails from Smith to NSA, or any of its members or managers, relating to access to TSA's office, corporate books and records, and/or bank accounts.

4.       Copies of any and all payments made by TSA to Smith, including, but not limited to, checks, wire transfers, online transfers, ACH transfers, and any other form of payment. Responsive documents shall include, but not be limited to, payment of reimbursements, payroll, and distributions.

5.       Copies of any and all capital contributions or other payments Smith made to TSA between January 1, 2014 and the present.

6.       Copies of any and all withdrawals from TSA's bank accounts, including those with statements responsive to Request 3, made by Smith, excluding payments to employees and vendors that provide services to TSA, but including any withdrawals by TSA that were for the purpose of depositing said funds into another account held by TSA.

7.       Articles of incorporation, articles of organization, or other business entity filings made by Smith relating to any accounting business that commenced operation after June 1, 2014.

8.       Any and all documents relating to NSA's breach of TSA's Operating Agreement, as stated in Smith's Answer's first affirmative defense.

9.       Any and all documents supporting and/or relating to TSA's contention that NSA contacted TSA's telephone company to redirect TSA's telephone calls, as stated in Smith's Answer's first affirmative defense.

10.       Any and all documents supporting and/or relating to TSA's contention that NSA disrupted TSA's tax software system, as stated in Smith's Answer's first affirmative defense.

11.       A copy of any and all non-competition agreements between TSA and Mariela Arroyo, as referenced in Smith's Answer's first affirmative defense.

12.       Any and all documents supporting and/or relating to TSA's contention that NSA "has been and continues to actively solicit the current clients of TSA," as stated in Smith's Answer's first affirmative defense.

3

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

13.     Any and all communications from TSA and/or Smith demonstrating that TSA provided NSA numerous dates to review TSA's financial documents as stated in Smith's Answer's first affirmative defense.

14.     Any and all documents supporting and/or relating to TSA's contention that NSA breached a covenant of good faith and fair dealing, as referenced in Smith's Answer's second affirmative defense.

15.     A copy of the SBA Loan, and all related documents, including, without limitation, loan applications, as defined in the Counterclaim.

16.     Any and all documents reflecting NSA's conduct, as reflected in paragraph 19 of the Counterclaim.

17.     Copies of demands for the $11,000.00 referenced in paragraphs 21 through 23 of the Counterclaim.

18.     Copies of each and every e-mail referenced in paragraph 26 of the Counterclaim.

19.     Copies of any and all documents and communications relating to the allegation in paragraph 28 of the Counterclaim that NSA has solicited TSA's clients.

20.     Copies of any and all requests made to Intuit, as referenced in paragraph 29 of the Counterclaim.

21.     Any and all document relating to the allegations contained in paragraph 37 of the Counterclaim.

22.     Any and all document relating to the allegations contained in paragraph 41 of the Counterclaim.

23.     Any and all document relating to the allegations contained in paragraph 46 of the Counterclaim.

24.     Any and all document identifying damages suffered by Smith and TSA, as indicated in paragraph 52 of the Counterclaim.

25.     Any and all document relating to the allegations contained in paragraph 56 of the Counterclaim.

26.     Any and all document relating to the allegations contained in paragraph 63 of the Counterclaim.

4

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By: _____
JASON H. HABER
Florida Bar No. 0041119

5

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company                          CASE NO.: CACE 14-023998 (18)

     Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

     Defendants.
_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THOMPSON-SMITH & ASSOCIATES, LLC

     Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.350 and

other applicable Florida law, Defendant, THOMPSON-SMITH & ASSOCIATES, LLC, produce

for inspection and copying the following documents within the time permitted by the applicable

rules of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

    1.    When answering these Requests, please furnish all documents known to you or under your possession or control, including those that are in the possession or of your agents or attorneys. If any Request asks for a document no longer in your custody, possession or control, please identify the document(s) and indicate when and how it was disposed of, and identify each person, if any, who now possesses or controls such document(s).

    2.    If, after exercising due diligence to secure the documents requested, a Request cannot be satisfied in full, please so state and respond to the extent possible, specifying the basis for your inability to satisfy the remainder of the Request, producing whatever information, knowledge or documents Defendant has concerning the unanswered portion.

    3.    If a claim of privilege is asserted concerning any document sought, please:
        (a)    identify such document with sufficient particularity to allow the matter to be brought before the Court;
        (b)    state the nature of the privilege asserted; and
        (c)    state the factual basis for the privilege claim.

4.      These Requests are intended to be continuing.      At such time as you receive documents that make a prior Response incomplete, inaccurate or misleading, a supplementary Response is required.

5.      "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

6.      "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

7.      "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

8.      The terms "regarding," "related to" or "relating to" mean:  consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

9.      "NSA" refers to Plaintiff, NSA Two Financial, LLC.

10.     "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

11.     "Smith" refers to Defendant, Georgia Thompson-Smith.

12.     The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter.  **All documents responsive to each request should be produced.**

13.     The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

14.     Unless otherwise specified, the relevant timeframe for all requests is January 1, 2014, through the present.

2

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

## REQUESTS FOR PRODUCTION

1.     A copy of any and all operating agreements and related documents, including, but not limited to, memorandum, communications, emails, drafts, and correspondence that presently govern TSA, and those that have governed TSA since January 1, 2014.

2.     TSA's books and records, including any and all financial statements, annual profit and loss statements, monthly profit and loss statements, reconciliations, trial balances, general ledgers, client ledgers, balance sheets, accounts receivable, aging accounts receivable, employee records, and other financial documents maintained by TSA for each and every month of 2014 and 2015, to date.

3.     Copies of each and every monthly, quarterly, or other periodic bank statement for each and every account held by TSA from January 1, 2014 to present.

4.     Copies of each and every application by TSA to any third party relating to a loan TSA sought to secure.

5.     Notices for meetings of TSA's members.

6.     Minutes of all meetings of TSA's members.

7.     Receipts for any and all payments to change TSA's office locks for the office located at 3601 W. Commercial Blvd., Suite 14, Fort Lauderdale, Florida, 33309 that was incurred between September 1, 2014 and the present.

8.     Any and all communications, including, but not limited to, letters and e-mails from TSA to NSA, or any of its owners, relating to access to TSA's office, corporate books and records, and/or bank accounts.

9.     Copies of any and all payments made by TSA to Smith, including, but not limited to, checks, wire transfers, online transfers, ACH transfers, and any other form of payment. Responsive documents shall include, but not be limited to, payment of reimbursements, payroll, and distributions.

10.     Copies of any and all withdrawals from TSA's bank accounts, including those with statements responsive to Request 3, made by Smith, excluding payments to employees and vendors that provide services to TSA, but including any withdrawals by TSA that were for the purpose of depositing said funds into another account held by TSA.

11.     TSA's current list of clients.

12.     TSA's list of clients as of October 1, 2014.

3

13.    Any and all documents relating to NSA's breach of TSA's Operating Agreement, as stated in TSA's Answer's first affirmative defense.

14.    Any and all documents supporting and/or relating to TSA's contention that NSA contacted TSA's telephone company to redirect TSA's telephone calls, as stated in TSA's Answer's first affirmative defense.

15.    Any and all documents supporting and/or relating to TSA's contention that NSA disrupted TSA's tax software system, as stated in TSA's Answer's first affirmative defense.

16.    A copy of any and all non-competition agreements between TSA and Mariela Arroyo, as referenced in TSA's Answer's first affirmative defense.

17.    Any and all documents supporting and/or relating to TSA's contention that NSA "has been and continues to actively solicit the current clients of TSA," as stated in TSA's Answer's first affirmative defense.

18.    Any and all communications from TSA and/or Smith demonstrating that TSA provided NSA numerous dates to review TSA's financial documents as stated in TSA's Answer's first affirmative defense.

19.    Any and all documents supporting and/or relating to TSA's contention that NSA breached a covenant of good faith and fair dealing, as referenced in TSA's Answer's second affirmative defense.

20.    A copy of the SBA Loan, and all related documents, including, without limitation, loan applications, as defined in the Counterclaim.

21.    Any and all documents reflecting NSA's conduct, as reflected in paragraph 19 of the Counterclaim.

22.    Copies of demands for the $11,000.00 referenced in paragraphs 21 through 23 of the Counterclaim.

23.    Copies of each and every e-mail referenced in paragraph 26 of the Counterclaim.

24.    Copies of any and all documents and communications relating to the allegation in paragraph 28 of the Counterclaim that NSA has solicited TSA's clients.

25.    Copies of any and all requests made to Intuit, as referenced in paragraph 29 of the Counterclaim.

26.    Any and all document relating to the allegations contained in paragraph 37 of the Counterclaim.

27.    Any and all document relating to the allegations contained in paragraph 41 of the Counterclaim.

4

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

28.  Any and all document relating to the allegations contained in paragraph 46 of the Counterclaim.

29.  Any and all document identifying damages suffered by Smith and TSA, as indicated in paragraph 52 of the Counterclaim.

30.  Any and all document relating to the allegations contained in paragraph 56 of the Counterclaim.

31.  Any and all document relating to the allegations contained in paragraph 63 of the Counterclaim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By: _____
JASON H. HABER
Florida Bar No. 0041119

# EXHIBIT "B"

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

### *EX PARTE* ORDER COMPELLING RESPONSES TO DISCOVERY

    THIS CAUSE came before the Court pursuant to local administrative rules, rules of procedure and applicable law on an *ex parte* basis, as to Defendants, THOMPSON-SMITH & ASSOCIATES, LLC and GEORGIA THOMPSON-SMITH, failure to respond to requests for production and interrogatories, and the Court having otherwise been fully advised in the premises, ORDERS and ADJUDGES that:

1. Defendants, THOMPSON-SMITH & ASSOCIATES, LLC and GEORGIA THOMPSON-SMITH, shall serve and file appropriate responses and certifications of responses, without objection, to the Plaintiff, NSA TWO FINANCIAL, LLC, First Requests for Production of Documents and First Sets of Interrogatories, dated September 18, 2015, within ten (10) days of the date of this Order.

2. With respect to attorneys' fees and costs, the Court:
   ___ finds that the Plaintiff, NSA TWO FINANCIAL, LLC, is entitled to recover attorneys' fees in the amount of $_____ from Defendants which shall be paid within ten (10) days of the date of this Order.
   ✓ reserves ruling as to entitlement and award of attorneys' fees and costs.

    DONE AND ORDERED in Chambers at Broward County, Florida, this ____ day of
_____, 2015.

                                      **TRUE COPY**

                         _____JAN 0 4 2016
                         Honorable Circuit Court Judge
                             **MARINA GARCIA-WOOD**

cc:    Jason H. Haber, Esq.
       Mark Goldstein, Esq.

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE 14-023998 (18)

NSA TWO FINANCIAL, LLC a Florida
limited liability company,

      Plaintiff,

vs.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and
GEORGIA THOMPSON-SMITH, Individually,

      Defendant(s).

_____/

## NOTICE OF CANCELLATION OF MEDIATION

**DATE AND TIME:**        Monday, February 15, 2016
                      At 10:00 A.M.


**LOCATION:**             KRINZMAN HUSS & LUBETSKY
                      110 S.E. 6th Street, 20th Floor
                      Fort Lauderdale, Florida 33301
                      Telephone:   954-761-3454

**MEDIATOR:**            Joseph J. Huss, Esq.

CASE NO.: CACE 14-023998 (18)

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via E-Service and U.S. Mail this _____ day of February, 2016, to: See Service List.

KRINZMAN, HUSS, LUBETSKY
110 S.E. 6th Street, 20th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 761-3454
Facsimile: (954) 761-3484
E-Mail: jjh@khllaw.com
E-Service: eservicefll@khllaw.com

By: _____
JOSEPH J. HUSS
Certified Court Mediator
Fla. Bar No. 0328480

CASE NO.: CACE 14-023998 (18)

## SERVICE LIST

### VIA E-SERVICE

Jason H. Haber, Esq.
Haber Blank, LLP
888 South Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
E-Service:    eservice@haberblank.com
              agrant@haberblank.com

Mark Goldstein, Esq.
141 NE 3rd Avenue, Suite 804
Miami, Florida 33132
E-Service:    markgoldsteinattorney@gmail.com

Richard Corey, Esq.
E-Service:    rcorey.ent@gmail.com

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE 14-023998 (18)

NSA TWO FINANCIAL, LLC a Florida
limited liability company,

      Plaintiff,

vs.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and
GEORGIA THOMPSON-SMITH, Individually,

      Defendant(s).

_____/

## RE-NOTICE OF MEDIATION
**(This vacates the Notice of Cancellation Filed on 2/9/16)**

DATE AND TIME:      Monday, February 15, 2016
                          At 10:00 A.M.

LOCATION:          KRINZMAN HUSS & LUBETSKY
                          110 S.E. 6th Street, 20th Floor
                          Fort Lauderdale, Florida 33301
                          Telephone:   954-761-3454

MEDIATOR:          Joseph J. Huss, Esq.

**\* 4 HOURS HAVE BEEN RESERVED FOR THE MEDIATION.
IF YOU THINK YOU WILL NEED MORE TIME,
PLEASE CALL US IMMEDIATELY.**

Page 1 of 3

CASE NO.: CACE 14-023998 (18)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via E-Service and U.S. Mail this _____9_____ day of Febraury, 2016, to: See Service List.

KRINZMAN, HUSS, LUBETSKY
110 S.E. 6th Street, 20th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 761-3454
Facsimile: (954) 761-3484
E-Mail: jjh@khllaw.com
E-Service: eservicefll@khllaw.com

By: _____
JOSEPH J. HUSS
Certified Court Mediator
Fla. Bar No. 0328480

CASE NO.: CACE 14-023998 (18)

## SERVICE LIST

**VIA E-SERVICE**

Mark Goldstein, Esq.
141 NE 3rd Avenue, Suite 804
Miami, Florida 33132
E-Service:     markgoldsteinattorney@gmail.com

Richard Corey, Esq.
E-Service:     rcorey.ent@gmail.com

Page 3 of 3

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company                                    CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

### NOTICE OF UNAVAILABILITY

*PLEASE TAKE NOTICE* that JASON H. HABER, ESQ. of the law firm of Haber Blank, LLP will be unavailable on the following dates, due to medical reasons.

1.   Wednesday, February 17, 2016 through Friday, February 26, 2016.

This undersigned accordingly requests, and this Notice shall serve as a Motion for Protective Order regarding the same, that no hearings or depositions be set during this time of unavailability and that no filings be served or submitted to the Court which would require a response within that above time of unavailability.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 10th day of February, 2016, via E-Portal to Mark Goldstein, Esq., 141 NE 3rd Avenue, Suite 804, Miami, Florida, 33132, markgoldsteinattorney@gmail.com.

          **HABER BLANK, LLP**
          Attorney for Plaintiff
          888 South Andrews Avenue, Suite 201
          Fort Lauderdale, Florida  33316
          Phone: (954) 767-0300
          Fax: (954) 949-0510
          eservice@haberblank.com

          By /s/ Jason Haber_____
            Jason H. Haber
            Florida Bar No. 0041119

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

## NOTICE OF HEARING
(Motion Calendar)

PLEASE TAKE NOTICE that the undersigned will call up for hearing in the above-styled case the following:

### SECOND MOTION TO COMPEL RESPONSES TO DISCOVERY AND MOTION FOR DISCOVERY SANCTIONS

DATE:      March 8, 2016

TIME:      9:15 a.m.

JUDGE:      Honorable Marina Garcia-Wood

PLACE:      Broward County Courthouse
201 SE 6th St. Chambers 780
Fort Lauderdale, FL 33301

The undersigned complied with the requirements of Local Rule 10A prior to setting this hearing.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 12th day of February, 2016, via E-Portal to Mark Goldstein, Esq., 141 NE 3rd Avenue, Suite 804, Miami, Florida, 33132, markgoldsteinattorney@gmail.com.

Respectfully submitted,

**HABER BLANK, LLP.**
Attorneys for Haber Blank, LLP
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Fl 33316
Telephone: (954) 767-0300
Facsimile: (954) 949-0510
eservice@haberblank.com

By: _____/s/ Jason Haber_____
JASON H. HABER
Fla. Bar No.: 41119

If you are a person with a disability who needs any accommodation in order to participate in this proceedings, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 470, 201 S.E. Sixth Street, Fort Lauderdale, Florida, 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

| **17th Judicial Circuit** | |
|---|---|
| **Case Schedule Receipt:** | |
| **Sequence Number:** | 2 |
| **Judge Name:** | Garcia-Wood, Marina |
| **Case Number:** | CACE14023998 |
| **Schedule Date:** | 03/08/2016 |
| **Scheduling Attorney Name:** | Jason, Hal, Haber |
| **Motion Title:** | Second Motion to Compel Responses to Discovery and Motion for Discovery Sanctions |
| **Case Entry Date:** | Fri Feb 12 15:03:03 EST 2016 |
| | Back | Print | |

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company                    CASE NO.: CACE 14-023998 (18)

     Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

     Defendants.

_____/

### AMENDED NOTICE OF UNAVAILABILITY

*PLEASE TAKE NOTICE* that JASON H. HABER, ESQ. of the law firm of Haber Blank, LLP will be unavailable on the following dates, due to medical reasons and prior commitments out of the office.

1. Wednesday, February 17, 2016 through Friday, February 26, 2016.
2. Thursday, March 17, 2016 through Monday, March 28, 2016.

This undersigned accordingly requests, and this Notice shall serve as a Motion for Protective Order regarding the same, that no hearings or depositions be set during this time of unavailability and that no filings be served or submitted to the Court which would require a response within that above time of unavailability.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 15th day of February, 2016, via E-Portal to Mark Goldstein, Esq., 141 NE 3rd Avenue, Suite 804, Miami, Florida, 33132, markgoldsteinattorney@gmail.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 South Andrews Avenue, Suite 201
Fort Lauderdale, Florida  33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com


By /s/ Jason Haber___

Jason H. Haber
Florida Bar No. 0041119

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

      Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

      Defendants.

_____/

### DEFENDANT GEORGIA THOMPSON SMITH'S RESPONSE TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, Georgia Thompson Smith, responds to Plaintiff's First Request for Production of Documents as follows:

1.    The only agreement between the parties is the Operating Agreement attached to Plaintiff's Complaint.

2.    None in Defendant's possession.

3-9.    Defendant will produce all responsive documents.

10.    None.

11.    Defendant will produce all responsive documents.

12.    Defendant will produce all responsive documents.

13.    Defendant offered to allow Plaintiff to review the books and records of the company and will produce that communication.

14-26.    Defendant will produce all responsive documents.

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy hereof was provided through the Florida E-filing Portal to

Jason Hal Haber, Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201,

Fort Lauderdale, Florida 33316, on March 7, 2016.


<u>/s/ MARK GOLDSTEIN</u>
FL Bar No: 882186
1380 NE Miami Gardens Drive, Suite 205
Miami, FL 33179
Telephone: (305) 342-4839
E-Mail: markgoldsteinattorney@gmail.com

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company                                CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

## NOTICE OF CANCELLATION OF HEARING

**TO:**    Mark Goldstein, Esq.
      141 NE 3rd Avenue, Suite 804
      Miami, Florida, 33132
      markgoldsteinattorney@gmail.com

      PLEASE TAKE NOTICE that the undersigned cancels the hearing in the above-styled case the following:

**SECOND MOTION TO COMPEL RESPONSES TO DISCOVERY
AND MOTION FOR DISCOVERY SANCTIONS**

DATE:      March 8, 2016

TIME:      9:15 a.m.

JUDGE:      Honorable Marina Garcia-Wood

PLACE:      Broward County Courthouse
             201 SE 6th St. Chambers 780
             Fort Lauderdale, FL 33301

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 7th day of March, 2016, via E-Portal to Mark Goldstein, Esq., 141 NE 3rd Avenue, Suite 804, Miami, Florida, 33132, markgoldsteinattorney@gmail.com.


Respectfully submitted,

**HABER BLANK, LLP.**
Attorneys for Haber Blank, LLP
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Fl 33316
Telephone: (954) 767-0300
Facsimile: (954) 949-0510
eservice@haberblank.com

By: _____/s/ Jason Haber_____
    JASON H. HABER
    Fla. Bar No.: 41119

If you are a person with a disability who needs any accommodation in order to participate in this proceedings, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 470, 201 S.E. Sixth Street, Fort Lauderdale, Florida, 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18


NSA TWO FINANCIAL, LLC,

     Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

     Defendants.

_____/

## NOTICE OF SERVING DEFENDANTS' ANSWERS TO INTERROGATORIES

Defendants Georgia Thompson Smith and Thompson-Smith Associates, LLC, file

their attached answers to Plaintiff's interrogatories.

## CERTIFICATE OF SERVICE

I certify that a copy hereof was provided through the Florida E-filing Portal to

Jason Hal Haber, Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201,

Fort Lauderdale, Florida 33316, on March 7, 2016.


            /s/ MARK GOLDSTEIN
            FL Bar No: 882186
            1380 NE Miami Gardens Drive, Suite 205
            Miami, FL 33179
            Telephone: (305) 390-2341
            E-Mail: markgoldsteinattorney@gmail.com

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

## SPECIFIC INTERROGATORIES

1.    Identify each person answering and/or assisting each person answering these interrogatories and, if applicable, each person's official position or relationship with you?

Georgia Smith

2.    Identify all persons who are believed or known by you or your agents or representatives to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the persons identified have knowledge, including without limitation, identifying all documents of which the persons identified have knowledge.

Alex Feldman — He orchestrated the entire transactions & activities

Mariela Arroyo — Alex's partner and mother of his children.

Carolyn Nicotra — former employee of Servitax, now semi-retired. She joined Alex and Mariela to steer clients away from Thompson-Smith & Assoc.

Patti Hagan — She received one of the emails Carolyn sent to clients and called Carolyn to ask what was going on.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

3.  Identify each and every instance where you permitted or allowed NSA, or its representatives, access to review TSA's books and records after October 1, 2014, including specifying the means, date and time by which communicated such instances to NSA.

*None*

4.  Describe in detail how NSA, including its members and/or managers, "attempt[ed] to extort monies from TSA," "prematurely demand[ed] profits," "threaten[ed] that if certain monies were not had by Plaintiff that monies will be unilaterally taken from TSA's business account," as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

*Evidenced in emails sent by Alex Feldman to me, asking for $11,000 which he claims was owed to him as an overstatement of closing cost. The bank added it to the working capital. Alex threatened to take the money from the Wells Fargo bank account if I did not write a check to NSA.*

5

NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC
Case No. CACE 14-23998 (18)
First Set of Interrogatories to TSA

5.      Describe in detail how NSA, including its members and/or managers, "intentionally disrupt[ed] TSA's telecommunications system," "intentionally disrupt[ed] TSA's tax software system," and "[stole] and/or solicit[ed] current clients of TSA" as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

Tuesday 9/16/14 the telephone call to the old Savetax # was/were redirected to a non working #. CBeyond informed me that the person with the access code change the call forwarding, Alex & Mariela were the only authorized persons on the account. CBeyond had to correct the call forwarding because I didn't have access. They promised to contact Alex to get authorization to add me to the account. The following day I saw an email from Mariela to Alex asking if he change the tax list & he responded "Yes".

6.      Identify and describe in detail each and every reason you claim the "Plaintiff breached the covenant of good faith and fair dealing" as stated in your second affirmative defense and Count III of the Counterclaim.

Alex Feldman conspired with Mariela Arroyo to include Savetax Financial in the purchase of Wittlin, Dry & Dry, by TSA, with the explanation that it would increase the chance of getting the SBA loan approved, as Wittlin has decreased revenues over the previous few years. This transaction relieved him and Mariela loan that they assumed when they purchased Savetax 1 year earlier (2012). They also walked away from the closing with cash. Less than 6 mths later they devised a plan to take back the clients from TSA. He and Mariela used Carolyn because of her long relationship with the clients to steer the clients away. While they were doing this Alex was also demanding money and disrupting the telecommunication system so that clients

NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC
Case No. CACE 14-23998 (18)
First Set of Interrogatories to TSA

7. Identify and describe in detail each and every reason you claim the Plaintiff "first breached the Agreement" as stated in your third affirmative defense and.

As stated above

8. Identify and describe in detail each and every reason you claim the Plaintiff's claims are barred by estoppel as stated in your fourth affirmative defense.

NSA TWO Financial and Alex Feldman, as sole member and owner of NSA TWO own 15% of TSA and therefore has a duty of loyalty to TSA. The actions of Alex Feldman and his agents are direct breach of such loyalty; mainly stealing clients that his girlfriend sold to TSA, disrupting the telephone and fax lines; Demanding refund of closing cost that he paid to CBC Bank, not to TSA, Operating competing business; stealing tap software license; collecting money from clients for work performed by TSA.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

9. Describe in detail how NSA and "embarked on an unstoppable and relentless patter of bad-faith and disloyalty against TSA and Smith" as stated in paragraph 19 of the Counterclaim.

As stated above plus continued Contact with the client through emails, telephone calls and letters.

10. Identify each and every TSA client whom you contend NSA, or its members or managers, solicited to cease use of TSA's services, including, without limitation those referenced in paragraphs 28 and 30 of the Counterclaim.

250 clients lost - listed separately.

8

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

11. Describe in detail how NSA breached its duty of loyalty, as alleged in paragraph 37 of the Counterclaim, including, without limitation, by describing each and every instance supporting the allegations raised in paragraphs 37(A), 37(B) and 37(C).

Alex Feldman as the sole owner of NSA TWO Financial has a duty of loyalty to TSA. All of his actions and actions of Mariela, his living partner are a direct breach of such loyalty to TSA

12. Describe in detail how NSA engaged in "grossly negligent or reckless conduct, intentional misconduct, and/or knowingly violat[ed] *sic* the law" as alleged in paragraph 41 of the Counterclaim.

All conduct outlined in the items above are evidence of grossly negligent and reckless conduct by Alex Feldman, the sole owner of NSA, and by his agents, associates, and girlfriend.

9

NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC
Case No. CACE 14-23998 (18)
First Set of Interrogatories to TSA

13. Describe in detail how NSA breached the express terms of the Operating Agreement, as alleged in paragraph 46 of the Counterclaim.

*Evidenced by the above statements*

14. Describe in detail each and every breach of fiduciary duty and duty of loyalty, as alleged in paragraphs 52 and 53 of the Counterclaim.

*Evidenced by the above statements*

10

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

15. Identify each and every business relationship that NSA allegedly interfered with, as raised in Count V of the Counterclaim, and describe in detail how NSA interfered.

250 clients lost as a result of Alex's actions.

16. Identify each and every contractual relationship that NSA allegedly interfered with, as raised in Count VI of the Counterclaim, and describe in detail how NSA interfered.

Same as 15

11

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

17. Describe in detail, via a quantification, the amount of damages TSA claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

$1,000 per client for 250 clients plus $405,000 paid to purchase Savefox Financial.

12

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.

THOMSON-SMITH & ASSOC. LLC .
~~NSA TWO FINANCIAL, LLC~~

By: *Georgia Smith*

Print: GEORGIA SMITH

Title: Managing Member

SWORN TO AND SUBSCRIBED before me this 4ᵗʰ day of March , 2015. 2016

*Ann D Stromquist*
(Signature of Notary Public - State of Florida)

*Ann D Stromquist*
(Print, type or Stamp Commissioned Name of Notary Public)

Personally known ✓ or produced identification

Type of Identification Produced

ANN D. STROMQUIST
MY COMMISSION # FF 247417
EXPIRES: July 11, 2019
Bonded Thru Notary Public Underwriters

13

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

## SPECIFIC INTERROGATORIES

1. Identify each person answering and/or assisting each person answering these interrogatories and, if applicable, each person's official position or relationship with you?

*Georgia Smith*

2. Describe in detail, via a quantification, the amount of damages Smith claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

*250 lost clients at #1,000 per client per year*
*= #250,000*
*+ 405,000 — purchase price*
*# 655.000*

4

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.

By: _Georgia Smith_
Georgia Thompson-Smith

SWORN TO AND SUBSCRIBED before me this 4th day of March, ~~2015.~~ 2016

_Ann D Stromquist_
(Signature of Notary Public - State of Florida)

ANN D  Stromquist
(Print, type or Stamp Commissioned Name of Notary Public)

Personally known ✓ or produced identification

Type of Identification Produced

ANN D. STROMQUIST
MY COMMISSION # FF 247417
EXPIRES: July 11, 2019
Bonded Thru Notary Public Underwriters

5

Case 0:17-cv-60426-WPD Document 75-1 Entered on FLSD Docket 01/20/2019 Page 229 of 293
Case 16-24241-JJ-Manz Doc 25 Filed 02/24/17 Page 240 of 318

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18


NSA TWO FINANCIAL, LLC,

      Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

      Defendants.

_____/

### DEFENDANT THOMPSON SMITH & ASSOCIATES'
### RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant, Thompson Smith & Associates, LLC, responds to Plaintiff's First

Request for Production of Documents as follows:

1.     The only agreement between the parties is the Operating Agreement

attached to Plaintiff's Complaint.

2.     Defendant will produce all responsive documents.

3.     Defendant will produce all responsive documents.

4.     None in Defendant's possession.

5&6.   None.

7-10.  Defendant will produce all responsive documents.

11&12. Objection. Plaintiff seeks the company's client lists in bad faith, to steal

those clients and/or divert or solicit them to leave the company as clients and instead to

retain Plaintiff's principal's significant other's company.

13.  Defendant will produce all responsive documents.

14.  Defendant will produce all responsive documents.

15.  None.

16.  Defendant will produce all responsive documents.

17.  Defendant will produce all responsive documents.

18.  Defendant offered to allow Plaintiff to review the books and records of the company and will produce that communication.

19.  Defendant will produce all responsive documents.

20.  None in Defendant's possession.

21-31. Defendant will produce all responsive documents.

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy hereof was provided through the Florida E-filing Portal to Jason Hal Haber, Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, Florida 33316, on March 7, 2016.

/s/ MARK GOLDSTEIN
FL Bar No: 882186
1380 NE Miami Gardens Drive, Suite 205
Miami, FL 33179
Telephone: (305) 342-4839
E-Mail: markgoldsteinattorney@gmail.com

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

### PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM

Plaintiff, NSA TWO FINANCIAL, LLC, files this Answer and Affirmative Defenses to

Defendant, THOMPSON-SMITH & ASSOCIATES, LLC and GEORGIA THOMPSON-SMITH,

Counterclaim, and states as follows:

### ANSWER

1.     Admitted for jurisdictional purposes only.

2.     Admitted.

3.     Admitted.

4.     Plaintiff is without sufficient knowledge to admit or deny the allegation in paragraph 4, and therefore demands strict proof thereof.

5.     Admitted.

6.     Denied.

7.     Admitted.

8.     Admitted.

9.     Admitted.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*Answer and Aff Def to Counterclaim*

10.      Plaintiff admits that NSA owns 15% of TSA and Smith owns 85% of TSA. Plaintiff further admits that Mr. Feldman, an owner of NSA, is not an accountant, and that Ms. Smith is a CPA. Otherwise, any allegation or inference in paragraph 10 is denied.

11.      Admitted.

12.      Plaintiff admits TSA purchased two established businesses via the referenced SBA loan, guaranteed solely by Smith, but otherwise denies paragraph 12.

13.      Plaintiff is without sufficient knowledge to admit or deny the allegation in paragraph 13, and therefore demands strict proof thereof.

14.      Plaintiff admits that TSA purchased assets from Savetax Financial, Inc. pursuant to an asset purchase and sale agreement. Plaintiff also admits Feldman and Arroyo have a personal relationship and children, but deny any inference therefrom. Plaintiff denies that TSA purchased the entity, or any stock in the entity, Savetax Financial, Inc.

15.      Plaintiff denies paragraph 15 as stated, but admits that TSA purchased assets from Wittlin, Dry & Dry. . Plaintiff denies that TSA purchased the entity, or any stock in the entity, Wittlin, Dry & Dry CPA's, P.A.

16.      Plaintiff is without sufficient knowledge to admit or deny the allegation in paragraph 16, and therefore demands strict proof thereof.

17.      Denied.

18.      Denied

19.      Denied

20.      Plaintiff admits requesting $11,000.00 form an overage from the SBA Loan, but denies the remaining allegations in paragraph 20.

21.      Denied.

22.      Denied.

23.      Denied.

24.      Plaintiff is without sufficient knowledge to admit or deny the allegation in paragraph 24, and therefore demands strict proof thereof.

25.      Plaintiff admits the bank froze TSA's account at one point, but denies the remainder of paragraph 25.

26.     Plaintiff is without sufficient knowledge to admit or deny anything found by TSA as alleged in paragraph 26, and therefore demands strict proof thereof. The remainder of paragraph 26 is denied.

27.     Plaintiff is without sufficient knowledge to admit or deny the allegation in paragraph 27, and therefore demands strict proof thereof. Plaintiff denies only Feldman had access to TSA's phones.

28.     Denied

29.     Denied.

30.     Plaintiff admits to requesting TSA's records, but otherwise denies the allegations in paragraph 30.

31.     Denied.

32.     Plaintiff admits that TSA and/or Smith changed TSA's locks and would not allow access to NSA.

33.     Plaintiff is without sufficient knowledge to admit or deny the allegation in paragraph 33, and therefore demands strict proof thereof.

34.     Denied.

## Count I

35.     Plaintiff responds to allegation 35 in the same manner as responding to requests 1 through 34 above.

36.     Denied as stated, and Plaintiff points the Court to the applicable statute to determine its meaning.

37.     Denied as to all parts, including A, B, & C.

38.     Denied.

## Count II

39.     Plaintiff responds to allegation 35 in the same manner as responding to requests 1 through 34 above.

40.     Denied as stated, and Plaintiff points the Court to the applicable statute to determine its meaning.

41.     Plaintiff realleges and incorporates herein the responses to paragraphs 7-32 above, and denies the allegations as stated in this paragraph.

42.     Denied.

## Count III

43.     Plaintiff responds to allegation 35 in the same manner as responding to requests 1 through 34 above.

44.     Denied as stated, and Plaintiff points the Court to the applicable statute to determine its meaning.

45.     Denied as stated, and Plaintiff points the Court to the applicable statute to determine its meaning.

46.     Plaintiff realleges and incorporates herein the responses to paragraphs 7-32 above, and denies the allegations as stated in this paragraph.

47.     Denied.

## Count IV

48.     Plaintiff responds to allegation 35 in the same manner as responding to requests 1 through 34 above.

49.     Denied as stated.

50.     Denied as stated.

51.     Denied as stated.

52.     Denied.

53.     Denied.

54.     Denied.

## Count V

55.     Plaintiff responds to allegation 35 in the same manner as responding to requests 1 through 34 above.

56.     Denied.

57.     Denied.

58.     Denied.

## Count VI

59.     Plaintiff responds to allegation 35 in the same manner as responding to requests 1 through 34 above.

60.     Denied as stated.

61.     Denied as stated.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

## As to All Claims

67.     Any claim not specifically admitted herein is denied, and the Plaintiff demands strict proof thereof.

## <u>AFFIRMATIVE DEFENSES</u>

68.     As its first affirmative defense, the Plaintiff claims the Defendants' counterclaim is barred in whole or in part by the doctrine of unclean hands in that, among other things, the Defendant first breached its agreement(s) with the Plaintiff and violated the Plaintiff's rights as a member of TSA under Florida law.

69.     As its second affirmative defense, the Plaintiff claims the Defendants' counterclaim, in whole or in part, is barred due to the Defendants' failure to mitigate damages, including, *inter alia*, by failing to fulfill its duties to the company and pay all debts and obligations owed by the Company.

70.     As its third affirmative defense, the Plaintiff claims the Defendants' counterclaim is barred in whole or in part due to the Defendants' prior violations of Chapter 605, Florida Statutes.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of March, 2016, via E-Portal to Mark Goldstein, Esq., 141 NE 3rd Avenue, Suite 804, Miami, Florida, 33132, markgoldsteinattorney@gmail.com.

**HABER, STIEF & BLANK, LLP**
Attorney for Plaintiffs
888 South Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By /s/ Jason Haber_____
    Jason H. Haber
    Florida Bar No. 0041119

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

      Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

      Defendants.

_____/

<u>DEFENDANTS' MOTION FOR DEFAULT  AGAINST PLAINTIFF ON COUNTERCLAIM</u>

    Defendants, Thompson Smith & Associates, LLC, and Georgia T. Smith, move the Court for a Default against the Plaintiff on Defendants' Counterclaim and state:

    1.    Defendant's filed their Counterclaim on February 23, 2015, and Plaintiff has never responded to it.

    Wherefore, Defendants, Thompson Smith & Associates, LLC, and Georgia T. Smith, move the Court for a Default against the Plaintiff on Defendants' Counterclaim.

<u>CERTIFICATE OF SERVICE</u>

    I certify that a copy hereof was provided through the Florida E-filing Portal to Jason Hal Haber, Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, Florida 33316, on March 18, 2016.

                    /s/ MARK GOLDSTEIN
                    FL Bar No: 882186
                    1380 NE Miami Gardens Drive, Suite 205
                    Miami, FL 33179
                    Telephone: (305) 342-4839
                    E-Mail: markgoldsteinattorney@gmail.com

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

      Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

      Defendants.

_____/

DEFENDANT THOMPSON SMITH &
<u>ASSOCIATES' FIRST REQUEST FOR PRODUCTION</u>

Defendant, Thompson Smith & Associates, LLC, pursuant to Rule 1.350, requests that Plaintiff

NSA Two Financial, LLC, produce the following documents for Defendant's inspection and copying:

1.      All documents (including emails) showing any correspondence between any principal of

the Plaintiff (including Alex Feldman) and Mariela Arroyo which mentions or refers to Georgia Smith,

Thompson-Smith Associates, LLC or Excelsior Tax and Accounting Advisors, LLC.

2.      All documents (including emails) showing any correspondence between any principal of

the Plaintiff (including Alex Feldman) and Carolyn Nicotra which mentions or refers to Georgia Smith,

Thompson-Smith Associates, LLC or Excelsior Tax and Accounting Advisors, LLC.

3.      All agreements between the parties to this action, including all amendments to such

agreements.

4.      All correspondence (including emails) between Alex Feldman and Georgia Smith.

5.      All documents which support the allegations of Plaintiff's Complaint.

6.      All documents which refute any of the Defendant's affirmative defenses.

7.      All documents which refute Defendant's Counterclaim.

8.      All correspondence (including emails) between Alex Feldman and any former or present client of Georgia Smith, Thompson-Smith Associates, LLC or Excelsior Tax and Accounting Advisors, LLC.

9.      A copy of Alex Feldman's driver's license.

10.     A copy of all professional licenses held by the Plaintiff or by Alex Feldman.

11.     All documents showing any correspondence between Alex Feldman and any former employee of Wittlin, Dry and Dry after March 31, 2014.

12.     All documents (including emails) showing any correspondence between Alex Feldman and any former employee of SaveTax Financial after March 31, 2014.

13.     All documents (including emails) showing any correspondence between Alex Feldman and CBeyond or Birch regarding the telecommunication system of Thompson-Smith & Associates, including copies of invoices and statements.

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy hereof was provided through the Florida E-filing Portal to Jason Hal Haber, Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, Florida 33316, on March 18, 2016.

<div style="margin-left:40%">

/s/ MARK GOLDSTEIN
FL Bar No: 882186
1380 NE Miami Gardens Drive, Suite 205
Miami, FL 33179
Telephone: (305) 342-4839
E-Mail: markgoldsteinattorney@gmail.com

</div>

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

### PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND
### AND OBJECT TO DEFENDANT'S REQUEST FOR PRODUCTION

Plaintiff, NSA TWO FINANCIAL, LLC, a Florida corporation, files this Motion for Extension of Time to Respond and Object to Defendants' Request for Production, and avers as follows:

1.      On March 18, 2016, the Defendants propounded Requests for Production.

2.      Plaintiff requires additional time to reply to the Defendants' Requests for Production.

3.      The Defendants will not be prejudiced by an extension of time.

4.      This motion is not made for the purpose of delay or harassment.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter an order extending the time period for the Plaintiff to respond to the Requests for Production, and grant the Plaintiffs such other and further relief that the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of April, 2016, via E-Portal to Mark Goldstein, Esq., 141 NE 3rd Avenue, Suite 804, Miami, Florida, 33132, markgoldsteinattorney@gmail.com.

Respectfully submitted,

**HABER BLANK, LLP**
*Attorneys for Plaintiffs*
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Telephone: (954) 767-0300
Facsimile: (954) 949-0510
eservice@haberblank.com

By: _____
    JASON H. HABER
    Florida Bar No.: 41119

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

      Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

      Defendants.

_____/

## DEFENDANT'S MOTION TO SET DEADLINE FOR PLAINTIFF'S
## RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

Defendant Thompson-Smith Associates, LLC, moves the Court to set a deadline for Plaintiff to respond to Defendant's First Request for Production and states:

1.      Defendant served its attached First Request for Production on March 18, 2016.

2.      Plaintiff responded by filing the attached open ended Motion for Enlargement of Time to respond to Defendant's Request.

3.      The undersigned reached out to Plaintiff's counsel to determine how much time Plaintiff required, but Plaintiff's counsel never responded to the undersigned's inquiries. A copy of the emails to Plaintiff's counsel is attached hereto.

Wherefore, Defendant, Thompson-Smith Associates, LLC, moves the Court to compel Plaintiff to respond to Defendant's First Request for Production by a reasonable date certain.

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy hereof was provided through the Florida E-filing Portal to Jason Hal Haber, Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, Florida 33316, on April 21, 2016.

<u>/s/ MARK GOLDSTEIN</u>
FL Bar No: 882186
1380 NE Miami Gardens Drive, Suite 205
Miami, FL 33179
Telephone: (305) 390-2341
E-Mail: markgoldsteinattorney@gmail.com

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

      Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

      Defendants.

_____/

DEFENDANT THOMPSON SMITH &
ASSOCIATES' FIRST REQUEST FOR PRODUCTION

Defendant, Thompson Smith & Associates, LLC, pursuant to Rule 1.350, requests that Plaintiff

NSA Two Financial, LLC, produce the following documents for Defendant's inspection and copying:

1.      All documents (including emails) showing any correspondence between any principal of

the Plaintiff (including Alex Feldman) and Mariela Arroyo which mentions or refers to Georgia Smith,

Thompson-Smith Associates, LLC or Excelsior Tax and Accounting Advisors, LLC.

2.      All documents (including emails) showing any correspondence between any principal of

the Plaintiff (including Alex Feldman) and Carolyn Nicotra which mentions or refers to Georgia Smith,

Thompson-Smith Associates, LLC or Excelsior Tax and Accounting Advisors, LLC.

3.      All agreements between the parties to this action, including all amendments to such

agreements.

4.      All correspondence (including emails) between Alex Feldman and Georgia Smith.

5.      All documents which support the allegations of Plaintiff's Complaint.

6.      All documents which refute any of the Defendant's affirmative defenses.

7.      All documents which refute Defendant's Counterclaim.

8.      All correspondence (including emails) between Alex Feldman and any former or present client of Georgia Smith, Thompson-Smith Associates, LLC or Excelsior Tax and Accounting Advisors, LLC.

9.      A copy of Alex Feldman's driver's license.

10.     A copy of all professional licenses held by the Plaintiff or by Alex Feldman.

11.     All documents showing any correspondence between Alex Feldman and any former employee of Wittlin, Dry and Dry after March 31, 2014.

12.     All documents (including emails) showing any correspondence between Alex Feldman and any former employee of SaveTax Financial after March 31, 2014.

13.     All documents (including emails) showing any correspondence between Alex Feldman and CBeyond or Birch regarding the telecommunication system of Thompson-Smith & Associates, including copies of invoices and statements.

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy hereof was provided through the Florida E-filing Portal to Jason Hal Haber, Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, Florida 33316, on March 18, 2016.

/s/ MARK GOLDSTEIN
FL Bar No: 882186
1380 NE Miami Gardens Drive, Suite 205
Miami, FL 33179
Telephone: (305) 342-4839
E-Mail: markgoldsteinattorney@gmail.com

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

       Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

       Defendants.

_____/

### PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND AND OBJECT TO DEFENDANT'S REQUEST FOR PRODUCTION

Plaintiff, NSA TWO FINANCIAL, LLC, a Florida corporation, files this Motion for Extension of Time to Respond and Object to Defendants' Request for Production, and avers as follows:

    1.      On March 18, 2016, the Defendants propounded Requests for Production.

    2.      Plaintiff requires additional time to reply to the Defendants' Requests for Production.

    3.      The Defendants will not be prejudiced by an extension of time.

    4.      This motion is not made for the purpose of delay or harassment.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter an order extending the time period for the Plaintiff to respond to the Requests for Production, and grant the Plaintiffs such other and further relief that the Court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of April, 2016, via E-Portal to Mark Goldstein, Esq., 141 NE 3rd Avenue, Suite 804, Miami, Florida, 33132, markgoldsteinattorney@gmail.com.

Respectfully submitted,

**HABER BLANK, LLP**
*Attorneys for Plaintiffs*
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Telephone: (954) 767-0300
Facsimile: (954) 949-0510
eservice@haberblank.com

By: _____
    JASON H. HABER
    Florida Bar No.: 41119

## Mark Goldstein

| | |
|---|---|
| **From:** | Mark Goldstein Goldstein <markgoldsteinattorney@gmail.com> |
| **Sent:** | Tuesday, April 19, 2016 11:26 AM |
| **To:** | Jason H Haber |
| **Subject:** | Re: Fwd: SERVICE OF COURT DOCUMENT - CASE NUMBER 062014CA023998AXXXCE |

I need an answer on this today with a proposed agreed order with a reasonable time extension or I will be forced to set your motion for extension for hearing.

On Apr 18, 2016 5:55 PM, "Mark Goldstein Goldstein" <markgoldsteinattorney@gmail.com> wrote:

How much time do you want?

---------- Forwarded message ----------
From: <eservice@myflcourtaccess.com>
Date: Apr 18, 2016 5:53 PM
Subject: SERVICE OF COURT DOCUMENT - CASE NUMBER 062014CA023998AXXXCE
To:
Cc:


Notice of Service of Court Documents

Filing Information

Filing #:       40412194
Filing Time:  04/18/2016 05:52:59 PM ET
Filer:          Jason Haber 954-767-0300
Court:         Seventeenth Judicial Circuit in and for Broward County, Florida
Case #:        062014CA023998AXXXCE
Court Case #: CACE-14-023998
Case Style:    NSA TWO FINANCIAL, LLC VS THOMPSON-SMITH & ASSOCIATES, L

Documents

| Title | File |
|---|---|
| Motion For Extension Of Time | 2016.04.18 Motion for Extension of Time.pdf |

E-service recipients selected for service:

| Name | Email Address |
|---|---|
| Jason Haber | eservice@haberblank.com |
| | jhaber@haberblank.com |
| Mark Alexander Goldstein | markgoldsteinattorney@gmail.com |

| Name | Email Address |
|------|---------------|
|  | markgoldstein98@yahoo.com |
|  | markgoldsteinattorney@gmail.com |

E-service recipients deselected for service:

| Name | Email Address |
|------|---------------|
| Joseph J Huss Esq. | eservicefll@khllaw.com |
|  | kcraven@khllaw.com |
| Richard Corey | rcorey.ent@gmail.com |
| Natasha Mayne | nmayne@maynelawfirm.com |
|  | pnadraca@gmail.com |

This is an automatic email message generated by the Florida Courts E-Filing Portal. This email address does not receive email.

Thank you,
The Florida Courts E-Filing Portal

The following identifier(s) are associated with this transaction:

request_id#:40412194;Audit#:139423862;UCN#:062014CA023998AXXXCE;

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

      Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

      Defendants.

_____/

### NOTICE OF HEARING

      Please take notice that Defendant Thompson-Smith Associates, LLC, will call up

for hearing Defendant's Motion to Set Deadline for Plaintiff to Respond to Defendant's

First Request for Production before the Honorable Marina Garcia Wood, 201 SE 6th St.,

Room 780, Ft. Lauderdale, Florida 33301, on Thursday, April 28, 2016, at 9:15 a.m.

### CERTIFICATE OF SERVICE

      I certify that a copy hereof was provided through the Florida E-filing Portal to

Jason Hal Haber, Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201,

Fort Lauderdale, Florida 33316, on April 21, 2016.

                           /s/ MARK GOLDSTEIN
                           FL Bar No: 882186
                           1380 NE Miami Gardens Drive, Suite 205
                           Miami, FL 33179
                           Telephone: (305) 390-2341
                           E-Mail: markgoldsteinattorney@gmail.com

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

     Plaintiff/Counter-Defendant,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

     Defendants/Counter-Plaintiffs.

_____/

## HABER BLANK, LLP'S MOTION TO WITHDRAW

The law firm of Haber Blank, LLP (the "Firm") files this Motion to Withdraw as Counsel of Record for Plaintiff/Counter-Defendant, NSA TWO FINANCIAL, LLC, and states as follows:

1.     The Firm is currently counsel of record for Respondent/Husband, Plaintiff/Counter-Defendant, NSA TWO FINANCIAL, LLC, in this action.

2.     Irreconcilable differences have arisen between the Firm and the Plaintiff/Counter-Defendant.

3.     Accordingly, the Firm must withdraw as counsel of record.

4.     No harm or prejudice will come to the parties by granting this motion.

5.     This motion is not made for the purpose of delay or harassment.

6.     This Court should grant the Plaintiff/Counter-Defendant a reasonable time of 30 days to retain new counsel.

**WHEREFORE**, Haber Blank, LLP respectfully request that this Court enter an order granting its Motion to Withdraw as Counsel of Record for the Plaintiff/Counter-Defendant, NSA TWO FINANCIAL, LLC, and for such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 27th day of April, 2016, via E-Portal to Mark Goldstein, Esq., 141 NE 3rd Avenue, Suite 804, Miami, Florida, 33132, markgoldsteinattorney@gmail.com, and via First Class Mail to Alex Feldman, NSA Two Financial, LLC, 1920 E. Hallandale Beach Blvd., Suite 709, Fort Lauderdale, Florida, 33009, .

Respectfully submitted,

**HABER BLANK, LLP**
*Attorneys for Plaintiffs*
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida  33316
Telephone: (954) 767-0300
Facsimile: (954) 949-0510
eservice@haberblank.com

By: _____
    JASON H. HABER
    Florida Bar No.: 41119

Filing # 40852056 E-Filed 04/28/2016 11:23:37 AM

Case 9:17-cv-Case-16-24211-d-Mlen-Doc-75 -Filed 02/24/17 Page 264 of 318 Filed on FLSD Docket 01/20/2017 Page 253 of 293

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18


NSA TWO FINANCIAL, LLC,

     Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

     Defendants.

_____/

AGREED ORDER SETTING DEADLINE FOR PLAINTIFF TO
RESPOND TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

     This cause came before the Court on Defendant's Motion to Set Deadline for Plaintiff to

Respond to Defendant's First Request for Production and the Court being advised of the

agreement of counsel to the entry of this Order, it is

     Ordered that Defendant's Motion is granted. Plaintiff shall respond to Defendant's First

Request for Production by Tuesday May 17, 2016.

     Done and Ordered in Ft. Lauderdale, Broward County, Florida on this

_____.

_____
Marina Garcia Wood
Circuit Judge

Copies to:
Mark Goldstein, Esq
Jason Haber, Esq.

**IN THE CIRCUIT COURT OF THE**
**17TH JUDICIAL CIRCUIT IN AND FOR**
**BROWARD COUNTY, FLORIDA**

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

            *Plaintiff,*

   v.

THOMPSON-SMITH & ASSOCIATE,
LLC, a Florida limited liability company;
and GEORGIA THOMPSON-SMITH,
individually,

            *Defendants.*

CASE NO:

**CACE-14-023998 (18)**

## JOINT STIPULATION FOR SUBSTITUTION OF COUNSEL
## AND DESIGNATION OF EMAIL ADDRESSES

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned that

Jonathan Pollard, Esq., Nathan Saunders, Esq., and Brooke Bach, Esq. of the law firm of Pollard

PLLC shall be substituted as counsel of record on behalf of NSA TWO FINANCIAL, LLC

("Plaintiff") and that Jason H. Haber, Esq. of Haber Blank, LLP shall be relieved of any further

responsibility in connection with this action.

Counsel respectfully requests that all pleadings, papers, and other materials to be served

on Plaintiff be delivered to Jonathan Pollard, Esq., Pollard PLLC, 401 E. Las Olas Blvd, Suite

1400, Ft. Lauderdale, FL 33301 and that the following email addresses be utilized for all future

electronic communications: jpollard@pollardllc.com, nsaunders@pollardllc.com,

bbach@pollardllc.com, and dgrant@pollardllc.com.

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

    Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

    Defendants.

_____/

## ORDER APPROVING JOINT STIPULATION FOR SUBSTITUTION OF COUNSEL

THIS CAUSE came before the Court upon the Joint Stipulation for Substitution of Counsel

for the Plaintiff, dated May 9, 2016, and the Court having reviewed the Joint stipulation and

otherwise been advised on the premises does hereby ORDER and ADJUDGE as follows:

The Joint Stipulation for Substitution of Counsel for the Plaintiff, dated May 9, 2016 is

hereby approved and ratified as an order of this Court. Jonathan Pollard, Esq., Nathan Saunders,

Esq., and Brook Bach, Esq. of the law firm Pollard PLLC shall be substituted as counsel for the

Plaintiff, NSA TWO FINANCIAL, LLC, for Jason H. Haber, Esq. of Haber Blank, LLP.

DONE AND ORDERED in Chambers at Broward County, Florida, this 16th day of May,
2065. 2016.

_____
Honorable Circuit Court Judge

cc:    Jason H. Haber, Esq.
       Jonathan Pollard, Esq.
       Mark Goldstein, Esq.

Filing # 45206207 E-Filed 08/15/2016 11:12:49 AM

Case 0-17-cv-Case 16-24241-JJ-Men Doc 75 ntered on 02/24/17 De Page 367 of 318
Case 0-17-cv-Case 16-24241-JJ-Men Doc 75 ntered on FLSD Docket 03/20/2017 Page 256 of 293

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

     Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

     Defendants.

_____/

<u>NOTICE OF TAKING DEPOSITION OF ALEX FELDMAN AS MANAGER OF PLAINTIFF</u>

Please take notice Defendant, Thompson-Smith Associates, LLC, will take the deposition of Alex Feldman, as Manager of Plaintiff NSA Two Financial, LLC, on Friday September 30, 2016, at 9:00 a.m. before Honorable Reporting, Inc., at 4000 Hollywood Blvd., Suite 145 South, Hollywood, Florida 33021. The deposition will be taken for purposes of discovery, for use at trial and for any other lawful purpose permitted by the Florida Rules of Civil Procedure.

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy hereof was served through the Florida E-Portal upon Jonathan Pollard, Esq., and Nathan M. Saunders, Esquire, 401 East Las Olas Blvd., #1400, Fort Lauderdale, FL 33301, on August 15, 2016.

<u>/s/ MARK GOLDSTEIN</u>
FL Bar No: 882186
1380 NE Miami Gardens Drive, Suite 205
Miami, Florida 33179
Telephone: (305) 342-4839
Facsimile: (305) 572-7070
E-Mail: markgoldsteinattorney@gmail.com

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18


NSA TWO FINANCIAL, LLC,

      Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

      Defendants.

_____/

<u>NOTICE OF CANCELLATION OF DEPOSITION OF ALEX FELDMAN</u>

Please take notice Defendant, Thompson-Smith Associates, LLC, hereby cancels the deposition of Alex Feldman which was scheduled to occur on Friday, September 30, 2016. The deposition will be reset at a later date.

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy hereof was served through the Florida E-Portal upon Jonathan Pollard, Esq., and Nathan M. Saunders, Esquire, 401 East Las Olas Blvd., #1400, Fort Lauderdale, FL 33301, on September 13, 2016.

                    <u>/s/ MARK GOLDSTEIN</u>
                    FL Bar No: 882186
                    1380 NE Miami Gardens Drive, Suite 205
                    Miami, Florida 33179
                    Telephone: (305) 342-4839
                    Facsimile: (305) 572-7070
                    E-Mail: markgoldsteinattorney@gmail.com

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida     CASE NO: **CACE-14-023998 (18)**
limited liability company

*Plaintiff*,

v.

THOMPSON-SMITH & ASSOCIATE,
LLC, a Florida limited liability company;
and GEORGIA THOMPSON-SMITH,
individually,

*Defendants*.

## THIRD MOTION TO COMPEL RESPONSES TO DISCOVERY AND
## MOTION FOR DISCOVERY SANCTIONS

Plaintiff, NSA TWO FINANCIAL, LLC ("NSA"), files this Third Motion to Compel Responses to Discovery and Motion for Discovery Sanctions against Defendants, THOMPSON-SMITH & ASSOCIATES, LLC ("TSA") and GEORGIA THOMPSON-SMITH ("SMITH") (Collectively "Defendants"), and in support thereof states as follows:

### Background

1.     This is an action for damages and injunctive relief.

2.     On, or about September 18, 2015, Defendant propounded requests for production and interrogatories to Defendants (the "Discovery"). Copies of the Discovery are attached hereto as Composite Exhibit "A".

3.     To date, the Defendants have not completely responded to said Discovery.

4.     Prior counsel agreed to an informal extension of the discovery.

5.     On December 17, 2015, NSA moved, *ex parte*, to compel responses to the Discovery. On January 4, 2016, this Court entered an *ex parte* Order Compelling Responses to Discovery. A copy of said order is attached hereto as Exhibit "B".

6.    Even after entry of the *Ex Parte* Order, counsel further agreed to allow the Defendants more time to respond to the Discovery, asking for the Discovery responses well in advance of a previously scheduled mediation.

7.    On February 5, 2016, the Defendants provided the undersigned some documents, including certain year-end financial statements, which were responsive to the Discovery, but in no way constituted a complete response to all requests.

8.    On February 8, 2016, Plaintiff filed its Second Motion to Compel Responses to Discovery and Motion for Discovery Sanctions.

9.    On May 16, 2016, the Court entered an Order approving the undersigned law firm to substitute in as counsel for Plaintiff.

10.    Unfortunately, the undersigned is unclear regarding what, if any, additional documents were produced by the Defendants following the Second Motion to Compel being filed and it does not appear that a hearing was had on that Motion. Nonetheless, Plaintiff has reviewed all documents in its possession which were produced to date by the Defendants and determined that Defendants' responses to the respective First Requests for Production and First Set of Interrogatories are deficient as described below.

11.    The Answers to Interrogatories, which were jointly filed by the Defendants on March 7, 2016, attached hereto as Exhibit "C", are incomplete and/or are deficient as follows:

   a.    The answer to Interrogatory #5 failed to explain, as specifically requested, how Defendants' tax software was intentionally disrupted or how Plaintiff stole and/or solicited current clients of TSA;

   b.    The answer to Interrogatory #6 was cut off when scanning or contains an incomplete answer;

   c.    The answer to Interrogatory #s10, 15 and 16 reference a "separate" list of 250 clients that allegedly lost due to Plaintiff's action, were lost a, but no such list was provided

   d.    Answers to interrogatories # 11, asked the defendant to described in detail how Plaintiff breach its duty of loyalty, including a description of each and every instance of same. Defendants' responded that "All of [Alex Feldman's] actions and the action of Mariela, his living [sic] partner are a direct breach of such

loyalty to TSA." This answer is incomplete on its face. Defendants must specifically describe the actions referenced in the answer.

e.  Answer to Interrogatory #13 does not make any specific reference to the provisions of the Operating Agreement which were breached. Defendants should be ordered to do so as Plaintiff cannot reasonably be expected to guess which provisions are at issue.

12.  On March 7, 2016, Defendant Georgia Thompson-Smith responded to the Requests for Production, attached hereto as Exhibit "D", by not raising any objections and by stating "Defendant will produce all responsive documents" to Request numbers 3-9, 11-26. No such documents have been produced to date.

13.  Defendant Thompson-Smith & Associates, LLC also responded to the First Request for Production on March 7, 2016, attached hereto as Exhibit "E", with a similar promise to produce all responsive materials to Request numbers:

14.  has not yet produced any materials in response provided only partial response to Request for Production as well.

a.  RFP #2 asked specifically for TSA's books and records, including any and all financial statements, annual profit and loss statements, monthly profit and loss statements, reconciliations, trial balances, general ledgers, client ledgers, balance sheets, accounts receivable, aging accounts receivable, employee records, and other financial documents maintained by TSA for each and every month of 2014 and 2015, to date.

i.  Defendant failed to produce the requested accounts receivable, aging accounts receivable or employee records.

b.  RFP #3 asked for Copies of each and every monthly, quarterly, or other periodic bank statement for each and every account held by TSA from January 1, 2014 to present.

i.  Defendant responded that it "would produce all responsive documents". However, the documents produced are only from June 1, 2015 through January 31, 2016 and are, therefore, clearly incomplete.

c.  RFP #10 asked for copies of any and all withdrawals from TSA's bank accounts, including those with statements responsive to Request 3, made by

Smith, excluding payments to employees and vendors that provide services to TSA, but including any withdrawals by TSA that were for the purpose of depositing said funds into another account held by TSA.

    i. Defendant responded that "Defendant will produce responsive documents". However, no documents were produced for the time period of January 1, 2014 through June 2015. Defendant should be compelled to produce same.

d. RFP #11 requested TSA's current list of clients. TSA objected, stating that NSA sought this information in bad faith to steal the clients.

    i. TSA's response is not a proper objection and must be overruled. Further, TSA opened the door for these requests by claiming that Plaintiff is actively soliciting TSA's clients. NSA is entitled to know who the clients are so that Plaintiff can investigate and defend the claim. Without waiver of any position or objection regarding the confidential nature of the client list under the law, Plaintiff is willing to consider entering a confidentiality order, for purposes related to this litigation, regarding the client list.

e. RFP #12 requested TSA's client list as of October 1, 2014.

    i. See explanation regarding #11 above.

f. Defendant's responses RFP #s 8, 13, 14, 16 - 19, and 21-31 were all "Defendant will produce all responsive documents. However, to date no such documents have been produced.

15. The Discovery responses were initially due nearly 5 months ago.

16. As a result of the Defendants' failure to respond to Discovery, NSA has had to incur attorneys' fees incidental hereto and is entitled to recover same. *See* Fla. R. Civ. P. 1.380 Defendants should be compelled to immediately produce the outstanding materials and to provide complete answers to Interrogatories. NSA is entitled to an award of attorneys' fees and costs, among other things.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order compelling the Defendants to fully and completely respond to all outstanding discovery, sanctioning the Defendants by awarding NSA its attorney's fees and costs incurred incidental hereto, and/or any

and all other sanctions available under applicable rules of procedure, and grant such further and other relief as this Court deems just and proper.

Dated: October 24, 2016

Respectfully submitted,

By: s/ *Christopher S. Prater*

Christopher S. Prater
Florida Bar No.: 105488
cprater@pollardllc.com

Jonathan Pollard, LLC
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be electronically mailed to Defendants' counsel, Mark Goldstein, Esq., at markgoldsteinattorney@gmail.com and markgoldstein98@yahoo.com on October 21, 2016.

s/ *Christopher Prater*

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

Defendants.

_____/

## NOTICE OF SERVICING NSA TWO FINANCIAL, LLC'S FIRST SETS
## OF INTERROGATORIES TO GEORGIA THOMPSON-SMITH

*PLEASE TAKE NOTICE* that Plaintiff, NSA TWO FINANCIAL, LLC, on this 18th day of September, 2015, served its First Set of Interrogatories to Defendant, GEORGIA THOMPSON-SMITH, via E-Portal to Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By: _____
JASON H. HABER
Florida Bar No. 0041119

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

    Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

    Defendants.

_____/

### NOTICE OF SERVICING NSA TWO FINANCIAL, LLC'S FIRST SETS OF INTERROGATORIES TO THOMPSON-SMITH & ASSOCIATES, LLC

*PLEASE TAKE NOTICE* that Plaintiff, NSA TWO FINANCIAL, LLC, on this 18th day of September, 2015, served its First Set of Interrogatories to Defendant, THOMPSON-SMITH & ASSOCIATES, LLC, via E-Portal to Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By: _____
    JASON H. HABER
    Florida Bar No. 0041119

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

     Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

     Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO GEORGIA THOMPSON-SMITH

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.350 and other applicable Florida law, Defendant, GEORGIA THOMPSON-SMITH, produce for inspection and copying the following documents within the time permitted by the applicable rules of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.    When answering these Requests, please furnish all documents known to you or under your possession or control, including those that are in the possession or of your agents or attorneys. If any Request asks for a document no longer in your custody, possession or control, please identify the document(s) and indicate when and how it was disposed of, and identify each person, if any, who now possesses or controls such document(s).

2.    If, after exercising due diligence to secure the documents requested, a Request cannot be satisfied in full, please so state and respond to the extent possible, specifying the basis for your inability to satisfy the remainder of the Request, producing whatever information, knowledge or documents Defendant has concerning the unanswered portion.

3.    If a claim of privilege is asserted concerning any document sought, please:
    (a)    identify such document with sufficient particularity to allow the matter to be brought before the Court;
    (b)    state the nature of the privilege asserted; and
    (c)    state the factual basis for the privilege claim.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

4.      These Requests are intended to be continuing.   At such time as you receive documents that make a prior Response incomplete, inaccurate or misleading, a supplementary Response is required.

5.      "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

6.      "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

7.      "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

8.      The terms "regarding," "related to" or "relating to" mean:  consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

9.      "NSA" refers to Plaintiff, NSA Two Financial, LLC.

10.     "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

11.     "Smith" refers to Defendant, Georgia Thompson-Smith.

12.     The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter.  **All documents responsive to each request should be produced.**

13.     The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

14.     Unless otherwise specified, the relevant timeframe for all requests is January 1, 2014, through the present.

## REQUESTS FOR PRODUCTION

1.     A copy of any and all operating agreements, other agreements, and related documents, including, but not limited to, memorandum, communications, emails, drafts, and correspondence that presently by and between Smith and NSA, including any of its members, managers, or agents.

2.     Copies of each and every application by TSA to any third party relating to a loan TSA sought to secure, in which you signed as a company representative or personal guarantor.

3.     Any and all communications, including, but not limited to, letters and e-mails from Smith to NSA, or any of its members or managers, relating to access to TSA's office, corporate books and records, and/or bank accounts.

4.     Copies of any and all payments made by TSA to Smith, including, but not limited to, checks, wire transfers, online transfers, ACH transfers, and any other form of payment. Responsive documents shall include, but not be limited to, payment of reimbursements, payroll, and distributions.

5.     Copies of any and all capital contributions or other payments Smith made to TSA between January 1, 2014 and the present.

6.     Copies of any and all withdrawals from TSA's bank accounts, including those with statements responsive to Request 3, made by Smith, excluding payments to employees and vendors that provide services to TSA, but including any withdrawals by TSA that were for the purpose of depositing said funds into another account held by TSA.

7.     Articles of incorporation, articles of organization, or other business entity filings made by Smith relating to any accounting business that commenced operation after June 1, 2014.

8.     Any and all documents relating to NSA's breach of TSA's Operating Agreement, as stated in Smith's Answer's first affirmative defense.

9.     Any and all documents supporting and/or relating to TSA's contention that NSA contacted TSA's telephone company to redirect TSA's telephone calls, as stated in Smith's Answer's first affirmative defense.

10.     Any and all documents supporting and/or relating to TSA's contention that NSA disrupted TSA's tax software system, as stated in Smith's Answer's first affirmative defense.

11.     A copy of any and all non-competition agreements between TSA and Mariela Arroyo, as referenced in Smith's Answer's first affirmative defense.

12.     Any and all documents supporting and/or relating to TSA's contention that NSA "has been and continues to actively solicit the current clients of TSA," as stated in Smith's Answer's first affirmative defense.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

13.    Any and all communications from TSA and/or Smith demonstrating that TSA provided NSA numerous dates to review TSA's financial documents as stated in Smith's Answer's first affirmative defense.

14.    Any and all documents supporting and/or relating to TSA's contention that NSA breached a covenant of good faith and fair dealing, as referenced in Smith's Answer's second affirmative defense.

15.    A copy of the SBA Loan, and all related documents, including, without limitation, loan applications, as defined in the Counterclaim.

16.    Any and all documents reflecting NSA's conduct, as reflected in paragraph 19 of the Counterclaim.

17.    Copies of demands for the $11,000.00 referenced in paragraphs 21 through 23 of the Counterclaim.

18.    Copies of each and every e-mail referenced in paragraph 26 of the Counterclaim.

19.    Copies of any and all documents and communications relating to the allegation in paragraph 28 of the Counterclaim that NSA has solicited TSA's clients.

20.    Copies of any and all requests made to Intuit, as referenced in paragraph 29 of the Counterclaim.

21.    Any and all document relating to the allegations contained in paragraph 37 of the Counterclaim.

22.    Any and all document relating to the allegations contained in paragraph 41 of the Counterclaim.

23.    Any and all document relating to the allegations contained in paragraph 46 of the Counterclaim.

24.    Any and all document identifying damages suffered by Smith and TSA, as indicated in paragraph 52 of the Counterclaim.

25.    Any and all document relating to the allegations contained in paragraph 56 of the Counterclaim.

26.    Any and all document relating to the allegations contained in paragraph 63 of the Counterclaim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By: _____
JASON H. HABER
Florida Bar No. 0041119

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

    Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

    Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THOMPSON-SMITH & ASSOCIATES, LLC

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.350 and other applicable Florida law, Defendant, THOMPSON-SMITH & ASSOCIATES, LLC, produce for inspection and copying the following documents within the time permitted by the applicable rules of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.     When answering these Requests, please furnish all documents known to you or under your possession or control, including those that are in the possession or of your agents or attorneys. If any Request asks for a document no longer in your custody, possession or control, please identify the document(s) and indicate when and how it was disposed of, and identify each person, if any, who now possesses or controls such document(s).

2.     If, after exercising due diligence to secure the documents requested, a Request cannot be satisfied in full, please so state and respond to the extent possible, specifying the basis for your inability to satisfy the remainder of the Request, producing whatever information, knowledge or documents Defendant has concerning the unanswered portion.

3.     If a claim of privilege is asserted concerning any document sought, please:
    (a)     identify such document with sufficient particularity to allow the matter to be brought before the Court;
    (b)     state the nature of the privilege asserted; and
    (c)     state the factual basis for the privilege claim.

4. These Requests are intended to be continuing. At such time as you receive documents that make a prior Response incomplete, inaccurate or misleading, a supplementary Response is required.

5. "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

6. "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

7. "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

8. The terms "regarding," "related to" or "relating to" mean: consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

9. "NSA" refers to Plaintiff, NSA Two Financial, LLC.

10. "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

11. "Smith" refers to Defendant, Georgia Thompson-Smith.

12. The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter. **All documents responsive to each request should be produced.**

13. The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

14. Unless otherwise specified, the relevant timeframe for all requests is January 1, 2014, through the present.

## REQUESTS FOR PRODUCTION

1.    A copy of any and all operating agreements and related documents, including, but not limited to, memorandum, communications, emails, drafts, and correspondence that presently govern TSA, and those that have governed TSA since January 1, 2014.

2.    TSA's books and records, including any and all financial statements, annual profit and loss statements, monthly profit and loss statements, reconciliations, trial balances, general ledgers, client ledgers, balance sheets, accounts receivable, aging accounts receivable, employee records, and other financial documents maintained by TSA for each and every month of 2014 and 2015, to date.

3.    Copies of each and every monthly, quarterly, or other periodic bank statement for each and every account held by TSA from January 1, 2014 to present.

4.    Copies of each and every application by TSA to any third party relating to a loan TSA sought to secure.

5.    Notices for meetings of TSA's members.

6.    Minutes of all meetings of TSA's members.

7.    Receipts for any and all payments to change TSA's office locks for the office located at 3601 W. Commercial Blvd., Suite 14, Fort Lauderdale, Florida, 33309 that was incurred between September 1, 2014 and the present.

8.    Any and all communications, including, but not limited to, letters and e-mails from TSA to NSA, or any of its owners, relating to access to TSA's office, corporate books and records, and/or bank accounts.

9.    Copies of any and all payments made by TSA to Smith, including, but not limited to, checks, wire transfers, online transfers, ACH transfers, and any other form of payment. Responsive documents shall include, but not be limited to, payment of reimbursements, payroll, and distributions.

10.    Copies of any and all withdrawals from TSA's bank accounts, including those with statements responsive to Request 3, made by Smith, excluding payments to employees and vendors that provide services to TSA, but including any withdrawals by TSA that were for the purpose of depositing said funds into another account held by TSA.

11.    TSA's current list of clients.

12.    TSA's list of clients as of October 1, 2014.

13.     Any and all documents relating to NSA's breach of TSA's Operating Agreement, as stated in TSA's Answer's first affirmative defense.

14.     Any and all documents supporting and/or relating to TSA's contention that NSA contacted TSA's telephone company to redirect TSA's telephone calls, as stated in TSA's Answer's first affirmative defense.

15.     Any and all documents supporting and/or relating to TSA's contention that NSA disrupted TSA's tax software system, as stated in TSA's Answer's first affirmative defense.

16.     A copy of any and all non-competition agreements between TSA and Mariela Arroyo, as referenced in TSA's Answer's first affirmative defense.

17.     Any and all documents supporting and/or relating to TSA's contention that NSA "has been and continues to actively solicit the current clients of TSA," as stated in TSA's Answer's first affirmative defense.

18.     Any and all communications from TSA and/or Smith demonstrating that TSA provided NSA numerous dates to review TSA's financial documents as stated in TSA's Answer's first affirmative defense.

19.     Any and all documents supporting and/or relating to TSA's contention that NSA breached a covenant of good faith and fair dealing, as referenced in TSA's Answer's second affirmative defense.

20.     A copy of the SBA Loan, and all related documents, including, without limitation, loan applications, as defined in the Counterclaim.

21.     Any and all documents reflecting NSA's conduct, as reflected in paragraph 19 of the Counterclaim.

22.     Copies of demands for the $11,000.00 referenced in paragraphs 21 through 23 of the Counterclaim.

23.     Copies of each and every e-mail referenced in paragraph 26 of the Counterclaim.

24.     Copies of any and all documents and communications relating to the allegation in paragraph 28 of the Counterclaim that NSA has solicited TSA's clients.

25.     Copies of any and all requests made to Intuit, as referenced in paragraph 29 of the Counterclaim.

26.     Any and all document relating to the allegations contained in paragraph 37 of the Counterclaim.

27.     Any and all document relating to the allegations contained in paragraph 41 of the Counterclaim.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

28. Any and all document relating to the allegations contained in paragraph 46 of the Counterclaim.

29. Any and all document identifying damages suffered by Smith and TSA, as indicated in paragraph 52 of the Counterclaim.

30. Any and all document relating to the allegations contained in paragraph 56 of the Counterclaim.

31. Any and all document relating to the allegations contained in paragraph 63 of the Counterclaim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By: _____
JASON H. HABER
Florida Bar No. 0041119

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TW FINANCIAL, a Florida
limited liability company                    CASE NO. CACE 14-023898

    Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES,
a Florida limited liability company, GEORGIA
THOMPSON-SMITH individually,

    Defendants.

_____/

### *EX PARTE* ORDER TO COMPEL RESPONSES TO DISCOVERY

    THIS CAUSE came before the Court upon return of a adminstrative cause of these proceedings and upon which were *parte* cause and is Defendants, THOMPSON-SMITH & ASSOCIATES, and GEORGIA THOMPSON-SMITH were to respond to requests to produce and interrogatory the Court having been fully advised in the premises, ORDERS & ADJUDGES that:

1. Defendant THOMPSON-SMITH & ASSOCIATES, and GEORGIA THOMPSON-SMITH, having failed to appear or response to certification of espowned and response subject to Plaintiff, NSA TW OF FINANCIAL, First Request to Produce Documents and Set Interrogatories dated September 20, 15 within (30) days of the date of this Order.

2. With respect to fees and costs the Court:

    _____ finds that Plaintiff, NSA TW OF FINANCIAL, is entitled to recover attorneys fees amount of $_____ from Defendant which shall be paid within (30) days of the date of this Order.

    _____ reserves its entitlement to an amount of fees and cost.

    DONE AND ORDERED in Chambers Broward County, Florida, this ___ day of _____, 2015.

**TRUE COPY**

_____
Honorable Circuit Judge                    J A N    0   4   201
    MARINA W

cc: Josh Haber, Esq.
Marold Stein.

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

    Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

    Defendants.

_____/

## NOTICE OF SERVING DEFENDANTS' ANSWERS TO INTERROGATORIES

    Defendants Georgia Thompson Smith and Thompson-Smith Associates, LLC, file

their attached answers to Plaintiff's interrogatories.

## CERTIFICATE OF SERVICE

    I certify that a copy hereof was provided through the Florida E-filing Portal to

Jason Hal Haber, Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201,

Fort Lauderdale, Florida 33316, on March 7, 2016.

                    /s/ MARK GOLDSTEIN
                    FL Bar No: 882186
                    1380 NE Miami Gardens Drive, Suite 205
                    Miami, FL 33179
                    Telephone: (305) 390-2341
                    E-Mail: markgoldsteinattorney@gmail.com

N SAT wFo'lman ialLS. Tho m ps o n-Sm ihAn tc L C
Cas N oC.A C1E4 - 2 3 9 9 8   ( 1 8 )
Fi rsS eoft n t  crrog or BSAs

## SPECI  INTERROGATORIES

1. Ide reath ip fy rsmsm e r á m dassi r s tealy person answering these
i ntegrot o n h iclef, p p l  ea caph el re s off ic pbs a til o mehx clhiship with you?

*Georgia Smith*

2. i de ra tipilefysown h a er  ue tedo ikno wrb yy o ou ry o u g emsr
r e p r  es etorh tatken ysknow l gd c meceng anyo the isses i this l a wsan ds tped fy
t  hseu b gratwert abo utwhich the p e is e men tihfiaet khov l e di go, c l  widti hougt
1 i  m i, itadineringf Horcumens o shli  ctthe person is den tifiedv know l edg e .

*Alex Feldman — He orchestrated the entire
transactions & activities*

*Mariela Arroyo — Alex's partner and mother
of his children.*

*Carolyn Nicotra — former employee of
Sawctap, now- semi - retired. She joined
Alex and Mariela to steer clients away
from Thompson - Smith & Assoc.*

*Patti Hagan — She received one of the emails
Carolyn sent to clients and called Carolyn
to ask what was going on.*

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

3. Identify each and every instance where you permitted or allowed NSA, or its representatives, access to review TSA's books and records after October 1, 2014, including specifying the means, date and time by which communicated such instances to NSA.

None

4. Describe in detail how NSA, including its members and/or managers, "attempt[ed] to extort monies from TSA," "prematurely demand[ed] profits," "threaten[ed] that if certain monies were not had by Plaintiff that monies will be unilaterally taken from TSA's business account," as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

Evidenced in emails sent by Alex Feldman to me, asking for $11,000 which he claims was owed to him as an overstatement of closing cost. The bank added it to the working capital. Alex threatened to take the money from the Wells Fargo bank account if I did not write a check to NSA.

5

NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC
Case No. CACE 14-23998 (18)
First Set of Interrogatories to TSA

5. Describe in detail how NSA, including its members and/or managers, "intentionally disrupt[ed] TSA's telecommunications system," "intentionally disrupt[ed] TSA's tax software system," and "[stole] and/or solicit[ed] current clients of TSA" as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

Tuesday 9/16/14 the telephone call to the old Savetax # were redirected to a non working #. CBeyond informed me that the person with the access code change the call forwarding, Alex & Mariela were the only authorized persons on the account. CBeyond had to correct the call forwarding because I didn't have access. They promised to contact Alex to get authorization to add me to the account. The following day I saw an email from Mariela to Alex asking if he change the fax list & he responded "Yes".

6. Identify and describe in detail each and every reason you claim the "Plaintiff breached the covenant of good faith and fair dealing" as stated in your second affirmative defense and Count III of the Counterclaim.

Alex Feldman conspired with Mariela Arroyo to include Savetax Financial in the purchase of Wittlin, Dry & Dry, by TSA, with the explanation that it would increase the chance of getting the SBA loan approved, as Wittlin has decreased revenues over the previous few years. This transaction relieved him and Mariela loan that they assumed when they purchased Savetax 1 year earlier (2012). They also walked away from the closing with cash. Less than 6 mths later they devised a plan to take back the clients from TSA. He and Mariela used Carolyn because of her long relationship with the clients to steer the clients away. While they were doing this Alex was also demanding money and disrupting the telecommunication system so that client

NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC
Case No. CACE 14-23998 (18)
First Set of Interrogatories to TSA

7.  Identify and describe in detail each and every reason you claim the Plaintiff "first breached the Agreement" as stated in your third affirmative defense and.

As stated above

8.  Identify and describe in detail each and every reason you claim the Plaintiff's claims are barred by estoppel as stated in your fourth affirmative defense.

NSA TWO Financial and Alex Feldman, as sole member and owner of NSA TWO own 15% of TSA and therefore has a duty of loyalty to TSA. The actions of Alex Feldman and his agents are direct breach of such loyalty; Mainly stealing clients that his girlfriend sold to TSA, disrupting the telephone and fax lines; Demanding refund of closing cost that he paid to CBC Bank, not to TSA, Operating competing business; stealing tap software license; collecting money from clients for work performed by TSA.

NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC
Case No. CACE 14-23998 (18)
First Set of Interrogatories to TSA

9.    Describe in detail how NSA and "embarked on an unstoppable and relentless patter of bad-faith and disloyalty against TSA and Smith" as stated in paragraph 19 of the Counterclaim.

As stated above plus continued contact with the client through emails, telephone calls and letters.

10.    Identify each and every TSA client whom you contend NSA, or its members or managers, solicited to cease use of TSA's services, including, without limitation those referenced in paragraphs 28 and 30 of the Counterclaim.

250 clients lost - listed separately.

8

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

11. Describe in detail how NSA breached its duty of loyalty, as alleged in paragraph 37 of the Counterclaim, including, without limitation, by describing each and every instance supporting the allegations raised in paragraphs 37(A), 37(B) and 37(C).

Alex Feldman as the sole owner of NSA Two Financial has a duty of loyalty to TSA. All of his actions and actions of Mariela, his living partner are a direct breach of such loyalty to TSA

12. Describe in detail how NSA engaged in "grossly negligent or reckless conduct, intentional misconduct, and/or knowingly violat[ed] *sic* the law" as alleged in paragraph 41 of the Counterclaim.

All conduct outlined in the items above are evidence of grossly negligent and reckless conduct by Alex Feldman, the sole owner of NSA, and by his agents, associates, and girlfriend.

9

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

13. Describe in detail how NSA breached the express terms of the Operating Agreement, as alleged in paragraph 46 of the Counterclaim.

*Evidenced by the above statements*

14. Describe in detail each and every breach of fiduciary duty and duty of loyalty, as alleged in paragraphs 52 and 53 of the Counterclaim.

*Evidenced by the above statements*

10

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC'*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

15. Identify each and every business relationship that NSA allegedly interfered with, as raised in Count V of the Counterclaim, and describe in detail how NSA interfered.

*250 clients lost as a result of Alex's actions.*

16. Identify each and every contractual relationship that NSA allegedly interfered with, as raised in Count VI of the Counterclaim, and describe in detail how NSA interfered.

*Same as 15*

11

NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC
Case No. CACE 14-23998 (18)
First Set of Interrogatories to TSA

17.     Describe in detail, via a quantification, the amount of damages TSA claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

$1,000 per client for 250 clients plus $405,000 paid to purchase Savefox Financial.

12

NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC
Case No. CACE 14-23998 (18)
First Set of Interrogatories to TSA

Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.

THOMSON-SMITH & ASSOC. LLC.
~~NSA TWO FINANCIAL, LLC~~

By: _Georgia Smith_

Print: _GEORGIA SMITH_

Title: _Managing Member_

SWORN TO AND SUBSCRIBED before me this 4ᵗʰ day of _March_, ~~2015.~~ 2016

_Ann C. Stromquist_
(Signature of Notary Public - State of Florida)

_Ann D Stromquist_
(Print, type or Stamp Commissioned Name of Notary Public)

Personally known ✓ or produced identification

Type of Identification Produced



ANN D. STROMQUIST
MY COMMISSION # FF 247417
EXPIRES: July 11, 2019
Bonded Thru Notary Public Underwriters

13

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

## SPECIFIC INTERROGATORIES

1.  Identify each person answering and/or assisting each person answering these interrogatories and, if applicable, each person's official position or relationship with you?

Georgia Smith

2.  Describe in detail, via a quantification, the amount of damages Smith claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

250 lost clients at $1,000 per client per year

= $250,000

+ 405,000 — purchase price

$655,000

4

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.

By: _Georgia Smith_
      Georgia Thompson-Smith

SWORN TO AND SUBSCRIBED before me this 4ᵗʰ day of _March_, 2015. 2016

_Ann O Stromquist_
(Signature of Notary Public - State of Florida)

_ANN D Stromquist_
(Print, type or Stamp Commissioned Name of Notary Public)

Personally known ✓ or produced Identification

Type of Identification Produced



ANN D. STROMQUIST
MY COMMISSION # FF247417
EXPIRES: July 11, 2019
Bonded Thru Notary Public Underwriters

5

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

      Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

      Defendants.

_____/

### DEFENDANT GEORGIA THOMPSON SMITH'S RESPONSE
### TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, Georgia Thompson Smith, responds to Plaintiff's First Request for

Production of Documents as follows:

1.    The only agreement between the parties is the Operating Agreement

attached to Plaintiff's Complaint.

2.    None in Defendant's possession.

3-9.    Defendant will produce all responsive documents.

10.    None.

11.    Defendant will produce all responsive documents.

12.    Defendant will produce all responsive documents.

13.    Defendant offered to allow Plaintiff to review the books and records of the

company and will produce that communication.

14-26.    Defendant will produce all responsive documents.

## CERTIFICATE OF SERVICE

I certify that a copy hereof was provided through the Florida E-filing Portal to

Jason Hal Haber, Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201,

Fort Lauderdale, Florida 33316, on March 7, 2016.

/s/ MARK GOLDSTEIN
FL Bar No: 882186
1380 NE Miami Gardens Drive, Suite 205
Miami, FL 33179
Telephone: (305) 342-4839
E-Mail: markgoldsteinattorney@gmail.com

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

    Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

    Defendants.

_____/

## DEFENDANT THOMPSON SMITH & ASSOCIATES'
## RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant, Thompson Smith & Associates, LLC, responds to Plaintiff's First Request for Production of Documents as follows:

1.    The only agreement between the parties is the Operating Agreement attached to Plaintiff's Complaint.

2.    Defendant will produce all responsive documents.

3.    Defendant will produce all responsive documents.

4.    None in Defendant's possession.

5&6.    None.

7-10.    Defendant will produce all responsive documents.

11&12.    Objection. Plaintiff seeks the company's client lists in bad faith, to steal those clients and/or divert or solicit them to leave the company as clients and instead to retain Plaintiff's principal's significant other's company.

13. Defendant will produce all responsive documents.

14. Defendant will produce all responsive documents.

15. None.

16. Defendant will produce all responsive documents.

17. Defendant will produce all responsive documents.

18. Defendant offered to allow Plaintiff to review the books and records of the company and will produce that communication.

19. Defendant will produce all responsive documents.

20. None in Defendant's possession.

21-31. Defendant will produce all responsive documents.

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy hereof was provided through the Florida E-filing Portal to Jason Hal Haber, Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, Florida 33316, on March 7, 2016.

/s/ MARK GOLDSTEIN
FL Bar No: 882186
1380 NE Miami Gardens Drive, Suite 205
Miami, FL 33179
Telephone: (305) 342-4839
E-Mail: markgoldsteinattorney@gmail.com

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIVIL DIVISION

CASE NO. CACE14-023998

NSA TWO FINANCIAL, LLC, a
Florida limited liability company,

     Plaintiff,

vs.

THOMPSON-SMITH & ASSOCIATES,
LLC, a Florida limited liability company;
and GEORGIA THOMPSON-SMITH, Individual,
     Defendant.
_____/

## SUGGESTION OF BANKRUPTCY

The Defendant, GLENVILLE BEVIN SMITH AND GEORGINA CHARMAINE SMITH,
hereby inform this Court and the Plaintiff's counsel that on October 24, 2016, the above-
named Defendants filed for relief under Chapter of the Bankruptcy Code, which cause is
now pending in Case Number 16-24241-BKC-LMI and the Defendants respectfully suggest
that pursuant to Section 362 of the Bankruptcy Code all proceedings in this cause should
be stayed pending further Order of the Bankruptcy Court, Southern District of Florida.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this Suggestion of Bankruptcy was faxed and/or
mailed this 24th day of October, 2016 to: Jason H. Haber, Esquire, Attorney for Plaintiff, 888 South Andrews Ave.,
Ste 201, Ft. Lauderdale, FL 33316.

**\*Pursuant to Fla. R. Jud. Admin. 2.516(b)(1)(A), Defendant's counsel hereby designates its
primary email address for the purposes of email service as: Mfrank@bkclawmiami.com\***

LAW OFFICES OF MICHAEL J. BROOKS, MICHAEL A. FRANK
& RODOLFO H. DE LA GUARDIA, JR.
Attorneys for the Debtor
Suite 620 • Union Planters Bank Building
10 Northwest LeJeune Road
Miami, FL 33126-5431
Telephone (305) 443-4217
Facsimile (305) 443-3219

By: _____s/_____
Michael A. Frank, Esquire
Florida Bar No. 339075

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 16-13974 CACE 03

THOMPSON-SMITH & ASSOCIATES, LLC,
Formerly known as EXCELSIOR TAX
& ACCOUNTING ADVISORS, LLC,

      Plaintiff,

v.

ALEX FELDMAN AKA
ALEXANDER FELDMAN,

      Defendants.

_____/

PLAINTIFF'S VERIFIED MOTION FOR LEAVE TO AMEND TO
ASSERT A CLAIM FOR PUNITIVE DAMAGES AGAINST DEFENDANT

Plaintiff, Thompson Smith & Associates, LLC, pursuant to Fla. R. Civ. P. 1.190(f) and Fla. Stat. § 768.72, moves to amend its Complaint by interlineation to assert a claim for punitive damages and states:

1. Plaintiff sued Defendant Feldman, for Unfair and Deceptive Trade Practice (Count I); Fraud (Count II); and Breach of Fiduciary Duty (Count III). Defendant filed his Answer admitting facts that support Plaintiff's claim for punitive damages. Sufficient evidence exists to permit Plaintiff to amend to assert punitive damages—**evidence demonstrating Defendant Feldman's, intentional actions, deceptive conduct, fraudulent actions, and flagrant breach of fiduciary duty.** [1]

---

[1] **Each member "owes fiduciary duties of loyalty and care** to the limited liability company and members of the limited liability company" and must discharge their duties "with the obligation of good faith and fair dealing." Fla. Stat. § 605.04091.

## PROFERRED EVIDENCE

2.      Feldman, on behalf of his LLC, entered into an operating agreement with Georgia Smith to own and manage an accounting and tax practice: Thompson-Smith under its former name.  Smith and Feldman are the only members and owners and, thus, Feldman owed Plaintiff a fiduciary duty. [2]  He has flagrantly violated that fiduciary duty, as evidenced by the emails below which Defendant admitted in his Answer to have sent.  (Complaint; ¶¶ 17, 18, 20, 21; Answer ¶¶ 18, 20, 21).

3.      Feldman, as a member, induced Smith to pay $450,000 for his live in girlfriend's accounting practice Savetax Financial, Inc.  As is clear by Defendants (admitted) emails, **Defendant explicitly instructed former employees of SaveTax to steal Thompson-Smith clients that had been on the client list sold by SaveTax to Thompson-Smith** and specifically detailed how to dissuade Thompson-Smith's clients from remaining with Thompson-Smith to instead defect to his children's mother's accounting practice.  (Answer ¶¶ 18, 20, 21).

4.      **The emails from Feldman sets out his *step-by-step instructions on how to strip clients away from Thompson-Smith*** (the clients obtained by Thompson-Smith from the accounting firm Feldman induced Smith to purchase for $450,000 in order to enrich his live in girlfriend).  In his September 11, 2014 email, Feldman writes in relevant part (Complaint ¶ 17):

> **I have a list of all the Sunrise clients and will be calling everyone** to introduce myself officially.  **I will then make it a point to call everyone of significance every month** to just check-in and see how they are doing and if they need anything.  **Eventually she will fail and I we need to have an angle to approach these people.**  Mariela can't contact them since most don't know who she is **but I on the other hand am a bona-fide "partner" of the firm** that can call and check on clients any time I feel is necessary.  **This will be done under the guise of**

---

[2] **Violations of the duty of loyalty** include engaging in conduct "on behalf of, a person having an interest adverse to the company"; competing with the company "in the conduct of the company's activities and affairs'"; and appropriating a company opportunity. Fla. Stat. § 605.04091.  **Violations of the duty of care** include intentional misconduct, willful misconduct, grossly negligent or reckless conduct or a knowing violation of the law.  Id.

**protecting our investment…There is nothing she can do to stop me from calling them… I think the next step is to build a rapport with the clients, which I am more than able to do, and await for tax season to be over.** At that point one of 2 things will occur: **She will go under and we can step in without missing a beat We can request to dissolve the company and take 15% of the business that is left after Mariela/Nicotra, Jerry, Terri, etc. are done raiding it. […] Alex Feldman**

    5.    Less than a week later Feldman continued to carry out his plot; in his September

16, 2014 email, he wrote (Answer ¶¶ 18, 20):

Mariela requested I write what should be communicated to clients […] Here are the following points that need to be clearly explained to [Thompson-Smith's] clients:

- **Transition has not gone well at all (work is not getting done, work is done late, work is done inaccurately, calls to clients are not being returned, etc.)**
- Carolyn and Mariela have joined together to continue servicing the Savetax clients with the same quality as before through Tax Advising Partners (TAP).
- Neither Mariela nor Carolyn have any contact with [Thompson-Smith] or ANY OF THEIR EMPLOYEES. The only point of contact should be MARIELA or CAROLYN... NO ONE ELSE
- **EXPLAIN THAT [Thompson-Smith] (Ann in particular) has been calling clients and lying to them […] They are tricking clients into believing Mariela and Carolyn are involved in the preparation of their returns and [Thompson-Smith]. (It is important to use the words in red as it will cause clients to be on guard when such calls come in)**
- Let clients know that if they get any calls from [Thompson-Smith] or their employees, to either not take the call or make [Thompson-Smith] aware that the client has taken their business elsewhere. Do not disclose where and get off the phones ASAP. […] Alex Feldman

    6.    Defendant, Feldman, has admitted to sending the November 13, 2014 email sent

to Nicotra and Arroyo containing a letter to send to the former clients (Answer ¶ 21):

Letter to all the clients that received the email blast from Georgia. Let me know what you think. […] All I can say is that you now have a better understanding of why I had to disassociate myself from Thompson-Smith, formerly Savetax, after 30 years of loyal service. **I had hoped that the clients would have continued to receive the high level of service and attention to detail that they were accustomed to when dealing with Savetax but that does not seem to be the case.** […] Unfortunately, Ann is not the boss and must take orders from the present owner, Georgia Smith. Tax and accounting is a very detail oriented business **that could have enormous consequences if mistakes are**

**made.** Hopefully, someone can explain this to Ann **before she potentially compromises any of her clients** inadvertently. […] Alex Feldman

7.      This was ultimately sent to the clients in nearly the same form.  (November 17, 2014 Email).  Feldman then wrote another email, making it a point to hide his involvement to conceal his involvement: "Copy and paste this … and leave me out of it: **…**" (December 8, 2014 Email).  The other emails reveal step by step how he helped strip the company of its clients. (Complaint Attachments).  The instructions constitute a step-by-step plan to steal Thompson-Smith's clients and discredit Georgia Smith after she put her life savings on the line.  Id. **Defendant breached his fiduciary duties by working to undermine Thompson-Smith by orchestrating a plan to use its client list purchased from Savetax and drafting and ordering the transmission of emails to those clients to try to steal the clients** from Thompson-Smith and divert them to his girlfriend Arroyo's accounting/tax practice (or to Defendant's other accounting/tax practice).  This caused significant damages to Thompson Smith (as well as to Member Manager Georgia Smith).  Plaintiff further verifies all other allegations set forth in its Complaint.

<u>ARGUMENT</u>

8.      The evidence proffered by Plaintiff shows that Defendant maliciously carried out a plan to induce Georgia Smith into paying $450,000 (to his live-in girlfriend) and then to contact every client acquired by Smith to discredit her and attack her character and professional abilities.  This is precisely the type of "intentional violation" or "reckless indifference" to the rights of others that justify punitive damages.  <u>Ballard</u>, 749 So.2d at 486.  Feldman sets forth in his emails the specific method he desires his agents use to persuade the clients to leave the firm he had just convinced Georgia Smith to purchase.  (Answer ¶¶ 18, 20, 21).  This is egregious

conduct and flagrant breach of duties of loyalty and care: [3] precisely the type of conduct that justifies the imposition of punitive damages.

9.     The burden on the Plaintiff to support a claim for punitive damages is that the proffer [4] demonstrate "a reasonable showing" that a "reasonable" basis exists for the recovery of punitive damages.   See Fla. R. Civ. P. 1.190(f), 768.72(1).   The trial court must make a determination that there is a reasonable evidentiary basis for recovery of punitive damages.   Ross Dress for Less Virginia, Inc. v. Castro, 134 So.3d 511, 524 (Fla. 3d DCA 2014); Section 768.72; Fla. R. Civ. P. 1.190(f). [5] Within the framework of this standard, the Court must view the record evidence and the proffer in the light most favorable to the Plaintiff and accept the Plaintiff's proffer as true.   Estate of Despain v. Avante Group, Inc., 900 So.2d 637, 644 (Fla. 5th DCA 2005)("We are of the view that the standard that applies to determine whether a reasonable basis has been shown to plead a claim for punitive damages should be similar to the standard that is applied to determine whether a complaint states a cause of action…We will review the record evidence and the proffer in the light most favorable to Despain and accept it as true."); Wayne

---

[3] Each member "owes fiduciary duties of loyalty and care to the limited liability company and members of the limited liability company" and must discharge their duties "with the obligation of good faith and fair dealing."  Fla. Stat. § 605.04091.  Violations of the duty of loyalty include engaging in conduct "on behalf of, a person having an interest adverse to the company"; competing with the company "in the conduct of the company's activities and affairs"'; and appropriating a company opportunity. Id. Violations of the duty of care include intentional misconduct, willful misconduct, grossly negligent or reckless conduct or a knowing violation of the law.

[4] A proffer is "merely a representation of what evidence the defendant proposes to present and is not actual evidence" and "[an evidentiary hearing where witnesses testify and evidence is offered and scrutinized under the pertinent evidentiary rules, as in a trial, is neither contemplated nor mandated by the statute in order to determine whether a reasonable basis has been established to plead punitive damages." Estate of Despain v. Avante Group, Inc., 900 So.2d 637, 642 (Fla. 5th DCA 2005).

[5] **Section 768.72:** In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.  **Rule 1.190(f):** A motion for leave to amend a pleading to assert a claim for punitive damages shall make a reasonable showing, by evidence in the record or evidence to be proffered by the claimant, that provides a reasonable basis for recovery of such damages.

Frier Home Ctr. Of Pensacola, Inc. v. Cadlerock Joint Venture, 16 So.3d 1006, 1010 (Fla. 1st DCA 2009)("In evaluating the sufficiency of the evidence proffered in support of a punitive damages claim, the evidence is viewed in a light favorable to the moving party. When a claim for punitive damages is made, the trial court must decide, whether there is a legal basis for the recovery of punitive damages shown by any interpretation of the evidence favorable to the plaintiff.")

10. Punitive damages are appropriate for claims of fraud. W.R. Grace & Company--Conn. v. Waters, 638 So.2d 502, 503-04 (Fla. 1994). Punitive damages are also available for intentional misconduct. Royal Caribbean Cruises, Ltd. v. Doe, 44 So.3d 230, 233 (Fla. 3d DCA 2010); Fla. Stat. § 768.72(2)(a). Plaintiff has set forth Feldman's intentional and fraudulent conduct and has exposed (*in his own words*) the step-by-step plan he carried out to mercilessly strip Thompson-Smith of its clients shortly after inducing Georgia Smith to put her life savings on the line to acquire the clients. In his September 11, 2014 email, Feldman explained exactly how he would contact every client **"under the guise of protecting our investment"**; that **"she will fail … [s]he will go under and we can step in without missing a beat"**. (Complaint ¶17) (emphasis supplied). Feldman's emails clearly support Plaintiff's allegations that Feldman had a step-by-step plan to strip clients from Thompson-Smith after inducing Georgia Smith to pay $450,000 for those same clients. (Complaint ¶ 17, 18, 20, 21; Answer ¶¶ 18, 20, 21). Defendant shamelessly instructed the former employees to destroy Thompson-Smith by stripping it of its clients. Id. Based on the aforesaid proffer, it is respectfully requested that this Court allow the amendment of the pleadings to include punitive damages.

WHEREFORE, Plaintiff, Thompson-Smith & Associates, LLC, moves the Court for leave to amend its Complaint by interlineation to include a claim for punitive damages.

<table>
<tr><td colspan="2">

**Fill in this information to identify the case:**

Debtor 1  Glenville Smith

Debtor 2  Georgia Smith
(Spouse, if filing)

United States Bankruptcy Court  **Southern District of Florida**

Case number:  **16–24241**

</td></tr>
</table>

**FILED**

**U.S. Bankruptcy Court**
**Southern District of Florida**

1/20/2017

**Joseph Falzone, Clerk**

## Official Form 410
## Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must **leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| **Part 1:** | **Identify the Claim** |
|---|---|

**1. Who is the current creditor?**

NSA Two Financial, LLC

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

NSA Two Financial, LLC
Name

401 E. Las Olas Blvd.
Suite 1400
Fort Lauderdale, FL 33301

Contact phone          954–332–2380

Contact email          jpollard@pollardllc.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

Where should payments to the creditor be sent? (if different)

Name

Contact phone

Contact email

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) _____  Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing?

**Part 2:**   Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |

**7. How much is the claim?**   $ _____187000.00_____

**Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Funds invested in debtor Georgia Smith's business. _____

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $ _____

**Amount of the claim that is secured:**   $ _____

**Amount of the claim that is unsecured:**   $ _____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $ _____

**Annual Interest Rate** (when case was filed) _____ %

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

| | | |
|---|---|---|
| Official Form 410 | Proof of Claim | page 2 |

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply:* | | Amount entitled to priority |

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $ _____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $ _____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies    $ _____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐  I am the creditor.

☑  I am the creditor's attorney or authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    1/20/2017

                    MM / DD / YYYY

/s/  Jonathan Pollard

Signature

Print the name of the person who is completing and signing this claim:

| Name | Jonathan Pollard |
| | First name   Middle name   Last name |
| Title | Attorney |
| Company | Pollard PLLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | 401 E. Las Olas Blvd., Suite 1400 |
| | Number  Street |
| | Fort Lauderdale, FL 33301 |
| | City  State  ZIP Code |
| Contact phone | 954–332–2380 |  Email | jpollard@pollardllc.com |

| A. | SETTLEMENT STATEMENT | B. | TYPE | OF | LOAN |
|---|---|---|---|---|---|

**Head, Moss, Fulton & Griffin, P.A.**

1530 Business Center Drive, Suite 4
Fleming Island, Florida  32003
904-278-8200  fax: 904-269-8799

| B. | TYPE | OF | LOAN |
|---|---|---|---|
| 1. ☐ FHA | 2. ☐ FMHA | 3. ☐ CONV. UNINS. | |
| 4. ☐ VA | 5. ☐ CONV. INS. | | |
| 6. File Number: | | 7. Loan Number: | |
| EXCELSIOR/WITT | | | |
| 8. Mortgage Ins. Case No.: | | | |

*C. NOTE:  This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked (poc) were paid outside the closing.  They are shown here for informational purposes and are not included in the totals.*

| | |
|---|---|
| D. Borrower: | Excelsior Tax & Accounting Advisors, LLC |
| E. Seller: | Wittlin, Dry & Dry, CPA's, P.A. |
| F. Lender: | CBC National Bank |
| G. Property: | 10835 SW 156th Terrace<br>Miami, Miami-Dade County, Florida  33157 |
| H. Settlement Agent: | Head, Moss, Fulton & Griffin, P.A. |
| Place of Settlement: | 1530 Business Center Drive, Suite 4, Fleming Island, Florida  32003 |
| I. Settlement Date: | January 21, 2014 |

## J.    Summary of Borrower's Transaction

| 100. Gross Amount Due From Borrower: | | 400. Gross Amount Due To Seller: | |
|---|---|---|---|
| 101. Contract Sales Price | 575,000.00 | 401. Contract Sales Price | |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to Borrower (line 1400) | 38,848.28 | 403. | |
| 104. Amount due to purchase Savetax Financial after credit for Seller Note to Buyer | 450,000.00 | 404. | |
| 105. Working Capital | 81,000.00 | 405. | |
| **Adjustments for Items Paid by Seller in Advance:** | | **Adjustments for Items Paid by Seller in Advance:** | |
| 106. City / Town Taxes | | 406. City / Town Taxes | |
| 107. County / Parish Taxes | | 407. County / Parish Taxes | |
| 108. CDD Assessments | | 408. CDD Assessments | |
| 109. Homeowners Association Fees | | 409. Homeowners Association Fees | |
| 110. Waste Fee | | 410. Waste Fee | |
| 111. Solid Waste Collection Fee | | 411. Solid Waste Collection Fee | |
| **120. Gross Amount Due from Borrower:** | **1,144,848.28** | **420. Gross Amount Due to Seller:** | |
| | | | |
| 200. Amounts Paid by or in Behalf of Borrower: | | 500. Reductions in Amount Due to Seller: | |
| 201. Deposit / Earnest Money | 5,000.00 | 501. Excess Deposit (see instructions) | |
| 202. Principal Amount of New Loan | 859,700.00 | 502. Settlement Charges to Seller (Line 1400) | |
| 203. Existing Loan(s) | | 503. Existing Loan(s) | |
| 204. Note with Seller | 57,500.00 | 504. Payoff of First Mortgage | |
| 205. Note with Seller Save Tax | 45,000.00 | 505. Payoff of Second Mortgage | |
| 206. Remainder of Good faith Deposit held by CBC | 4,820.00 | 506. Note between Seller and Buyer | |
| **Adjustments for Items Unpaid by Seller:** | | **Adjustments for Items Unpaid by Seller:** | |
| 210. City / Town Taxes | | 510. City / Town Taxes | |
| 211. County / Parish Taxes | | 511. County / Parish Taxes | |
| 212. CDD Assessments | | 512. CDD Assessments | |
| 213. Homeowners Association Fees | | 513. Homeowners Association Fees | |
| 214. Waste Fee | | 514. Waste Fee | |
| **220. Total Paid by / for Borrower:** | **972,020.00** | **520. Total Reductions in Amount Due Seller:** | |
| | | | |
| 300. Cash at Settlement from / to Borrower: | | 600. Cash at Settlement to / from Seller: | |
| 301. Gross Amount due from Borrower (line 120) | 1,144,848.28 | 601. Gross Amount due to Seller (line 420) | |
| 302. Less Amount Paid by/for Borrower (line 220) | 972,020.00 | 602. Less Reductions Amount due Seller (line 520) | |
| | | | |
| **303.   Cash From Borrower:** | **$172,828.28** | **603.   Cash To Seller:** | |

| L. | Settlement Charges | Paid from Borrower's Funds at Settlement | |
|---|---|---|---|
| **700.** | **Total Sales / Broker's Commission:** | | |
| | **Based on Price $575,000.00 is $40,000.00** | | |
| | **Division of Commission as follows** | | |
| 701. | 40,000.00 to PAS Affiliates of Florida, Inc. (g to Sale) | | |
| 702. | | | |
| 703. | Commission Paid at Settlement | | |
| 704. | Listing Broker Transaction Fee | | |
| 705. | Selling Broker Transaction Fee | | |
| **800.** | **Items Payable in Connection with Loan:** | | |
| 801. | SBA Packaging Fee to CBC National Bank | 1,750.00 | |
| 802. | SBA Guaranty Fee to CBC National Bank | 22,567.13 | |
| 803. | Appraisal Fee to Triserv Appraisal Management Solutions (poc $1,180.00 by Borrower) | | |
| 804. | Credit Report to CBC National Bank | 10.00 | |
| 805. | Tax Verification to CBC National Bank | 57.00 | |
| 806. | Flood Determination Fee to CBC National Bank | 80.00 | |
| 807. | Real Estate Tax Service to CBC National Bank | 95.00 | |
| 808. | Business Evaluation to GCF Valuation (poc $4,000.00 by Borrower) | | |
| 809. | | | |
| **900.** | **Items Required by Lender to be Paid in Advance:** | | |
| 901. | Daily interest charge from Jan 21, 2014 to Feb 10, 2014 @ 143.2900 / day to CBC National Bank | 2,865.80 | |
| 902. | Mortgage Insurance Premium | | |
| 903. | Hazard Insurance Premium | | |
| 904. | Flood Insurance Premium | | |
| **1000.** | **Reserves Deposited with Lender:** | | |
| 1001. | Hazard Insurance | | |
| 1002. | Mortgage Insurance | | |
| 1003. | City Property Taxes | | |
| 1004. | County Property Taxes | | |
| 1005. | Annual Assessments | | |
| 1006. | Flood Insurance | | |
| **1100.** | **Title Charges:** | | |
| 1101. | Closing Services Fee | | |
| 1102. | Abstract or Title Search to Head, Moss, Fulton & Griffin, P.A. | 250.00 | |
| 1103. | | | |
| 1104. | Release Processing Fee | | |
| 1105. | | | |
| 1106. | Closing Services for Simultaneous Issue | | |
| 1107. | Attorney Fees to Head, Moss, Fulton & Griffin, P.A. (includes above item numbers: | 4,875.00 | |
| 1108. | Title Insurance to First American Title Insurance Company (includes above item numbers: | 1,078.00 | |
| 1109. | Lender's Coverage          200,600.00 | | |
| 1110. | Owner's Coverage          0.00 | | |
| 1111. | Endorsement 4.1 to First American Title Insurance Company | 100.00 | |
| 1112. | Endorsement 8.1 to First American Title Insurance Company | 100.00 | |
| 1113. | Endorsement Fl Form 9 to First American Title Insurance Company | 107.80 | |
| **1200.** | **Government Recording and Transfer Charges:** | | |
| 1201. | Recording Fees:       Deed       0.00   Mortgage       129.00   Releases       0.00 | 129.00 | |
| 1202. | City/County Tax/Stamps:       Deed       0.00   Mortgage       0.00 | | |
| 1203. | State Tax/Stamps:       Deed       0.00   Mortgage       702.10 | 702.10 | |
| 1204. | Intangible Tax to Head, Moss, Fulton & Griffin, P.A. E-Recording Account | 401.20 | |
| 1205. | Doc Stamps on Note with Seller Savetax Financial to Department of Revenue | 157.50 | |
| 1206. | Doc Stamps on Note with Seller Wittlin to Department of Revenue | 201.25 | |
| 1207. | Doc Stamps on Note with CBC National to Department of Revenue | 2,450.00 | |
| 1208. | Record Assignment of Rents & Leases  - MIAMI Dade to Head, Moss, Fulton & Griffin, P.A. E-Recording Account | 57.00 | |
| 1209. | Record UCC Broward County to Clerk of Court | 14.50 | |
| 1210. | File UCC to Florida UCC | 35.00 | |
| **1300.** | **Additional Settlement Charges:** | | |
| 1301. | Overnight Payoffs to UPS | | |
| 1302. | Lien Search to NRAI | 495.00 | |
| 1303. | Courtesy Closing to Palm Title Services | 250.00 | |
| 1304. | Overnight documents back to UPS | 20.00 | |
| | | | |
| **1400.** | **Total Settlement Charges (Enter on line 103, Section J and line 502, Section K)** | **$38,848.28** | |

**A.**                                       **SETTLEMENT STATEMENT**

## Head, Moss, Fulton & Griffin, P.A.

1530 Business Center Drive, Suite 4
Fleming Island, Florida  32003
904-278-8200  fax: 904-269-8799

 

   I have carefully reviewed the Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction.  I further certify that I have received a copy of Settlement Statement.

Borrower:    _____

      Excelsior Tax & Accounting Advisors, LLC

The Settlement Statement which I have prepared is a true and accurate account of this transaction.  I have caused or will cause the funds to be disbursed in accordance with this statement.

  Settlement Agent:   _____          Date:   January 21, 2014

Case 0:17-cv-60155-JAL Document 1-5 Entered on FLSD Docket 01/20/2017 Page 1 of 2

**IN THE CIRCUIT COURT OF THE**
**17TH JUDICIAL CIRCUIT IN AND FOR**
**BROWARD COUNTY, FLORIDA**

| | |
|---|---|
| **NSA TWO FINANCIAL, LLC**, a Florida limited liability company | **CASE NO: CACE-14-023998** |

*Plaintiff,*

*Counter-Defendant*

v.

**THOMPSON-SMITH & ASSOCIATES, LLC,** a Florida limited liability company; and **GEORGIA THOMPSON-SMITH,** individually**,**

*Defendants,*

*Counter-Plaintiffs.*

_____

**<u>NOTICE OF FILING NOTICE OF REMOVAL</u>**

Please take notice that Plaintiff, NSA TWO FINANCIAL, LLC, on this 20th day of January 2017, filed its Notice of Removal of this case, in the United States District Court for the Southern District of Florida. This case has now been removed to federal court. A copy of Plaintiff's Notice of Removal is attached as Exhibit A.

Dated: January 20, 2017

Respectfully submitted,

By: s/ *Jonathan Pollard*

Jonathan E. Pollard
Florida Bar No. 83613
jpollard@pollardllc.com

Pollard PLLC
401 E. Las Olas Blvd.
#1400 Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731

*Attorney for Plaintiff/Counter-Defendant*

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been furnished to Mark Goldstein, Esq., 1380 NE Miami Gardens Drive, Suite 205, Miami, FL 33179,  markgoldsteinattorney@gmail.com via e-mail on January 20, 2017.

By: s/ *Jonathan Pollard*